B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|

| PLAINTIFFS<br>**John Martin Mata**<br>**Livier Mata**<br>**426 1/2 West B Street**<br>**Ontario, CA 91762** | DEFENDANTS<br>**NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1** |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>**M. Erik Clark 188693**<br>**Borowitz & Clark, LLP**<br>**100 N. Barranca Street, Suite 250**<br>**West Covina, CA 91791-1600**<br>**(626) 332-8600 Fax: (626) 332-8644** | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
**DETERMINATION OF DISCHARGE UNDER 11 U.S.C. SECTION 523(a)(8)**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ]  11-Recovery of money/property - §542 turnover of property
[ ]  12-Recovery of money/property -§547 preference
[ ]  13-Recovery of money/property -§548 fraudulent transfer
[ ]  14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ]  21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ]  31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ]  41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ]  51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ]  66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ]  62-Dischargeability - §523(a)(2), false pretenses,
         false representation, actual fraud
[ ]  67-Dischargeability - §523(a)(4), fraud as fiduciary,
         embezzlement, larceny

         **(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ]  61-Dischargeability - §523(a)(5), domestic support
[ ]  68-Dischargeability - §523(a)(6), willful and malicious injury
[ 1 ]  63-Dischargeability - §523(a)(8), student loan
[ ]  64-Dischargeability - §523(a)(15), divorce or separation obligation
         (other than domestic support)
[ ]  65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ]  71-Injunctive relief - imposition of stay
[ ]  72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ]  81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ 2 ]  91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ]  01-Determination of removed claim or cause

**Other**
[ ]  SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ]  02-Other (e.g. other actions that would have been brought in state
         court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
         **Declaratory Judgment**

B104 (FORM 104) (08/07), Page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>John Martin Mata<br>Livier Mata | BANKRUPTCY CASE NO.<br>6:13-bk-30625-MH |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Mark Houle |
|---|---|---|

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

M. Erik Clark 188693

| DATE<br>4-18-18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>M. Erik Clark 188693 |
|---|---|

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| M. Erik Clark 188693<br>100 N. Barranca Street, Suite 250<br>West Covina, CA 91791-1600<br>(626) 332-8600<br> Fax:<br>188693<br>ecf@blclaw.com<br><br><br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
### Central District of California

| In re:<br><br>    **John Martin Mata**<br>    **Livier Mata**<br><br>Debtor(s). | CASE NO.: **6:13-bk-30625-MH**<br><br>CHAPTER: **7**<br><br>ADVERSARY NO.: |
|---|---|
|     **John Martin Mata**<br>    **Livier Mata**<br><br>                    Plaintiff(s)<br><br>      Versus<br><br>**National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1**<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _<br>Time: _<br>Courtroom: _ | **Address:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☑ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2016*           Page 1           **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. The court may fine you or impose other sanctions if you do not file a status report. **The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary
Proceeding:

By: _____
                    Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                   Page 2                          F 7004-1.SUMMONS.ADV.PROC

1  M. Erik Clark, #188693
   **Law Offices of Borowitz & Clark, LLP**
2  100 N. Barranca Street, Suite 250
   West Covina, CA  91791
3  Tel: (626) 332-8600
   Fax: (626) 332-8644
4
5  Attorney for Debtor

6              **UNITED STATES BANKRUPTCY COURT**

7              **CENTRAL DISTRICT OF CALIFORNIA**

8                   **RIVERSIDE DIVISION**

9

10 In re:                                    **Case No. 6:13-bk-30625-MH**

11 JOHN M. MATA,                             **Chapter 7**

12          Debtor.                          **AP No.**

13 _____

14
                                             **COMPLAINT FOR:**
15                                               **(1) DETERMINATION OF DISCHARGE**
   JOHN M. MATA,
16
                   Plaintiff,
17 v.

18 NATIONAL COLLEGIATE STUDENT LOAN
19 TRUST 2006-1, NATIONAL COLLEGIATE
   STUDENT LOAN TRUST 2006-4, NATIONAL
20 COLLEGIATE STUDENT LOAN TRUST 2007-1.

21          Defendants
22
   _____
23 **Introduction**

24 Plaintiff John M. Mata ("Mata" or "Plaintiff"), by and through his undersigned counsel, hereby files this

25 complaint against the National Collegiate Student Loan Trusts 2006-1, 2006-4, 2007-1 (hereinafter

26

27

28

                              -1-

referred to collectively as "Defendants") upon personal knowledge as to those matters within his knowledge, and upon information and belief as to all other matters, as follows.[1]

# I.
## PRELIMINARY STATEMENT

Not all loans made to students are non-dischargeable student loans, including the loans at issue in this action. In fact, only three types of educational debts are excepted from discharge under 11 U.S.C. § 523(a)(8): (1) federal educational loans or non-profit loans made by a college or university; (2) conditional educational grants; and (3) qualified education loans made by private lenders. Defendants, in full knowledge of the scope and application of section 523(a)(8), have exploited the statutory framework protecting qualified education loans from discharge in bankruptcy in an attempt to appropriate bankruptcy protection for a large universe of dischargeable consumer debt. Specifically, Charter One Bank, N.A. and the Defendants have originated and serviced dischargeable consumer loans in order to finance a variety of educational endeavors, including but not limited to: bar exam study courses, medical residency programs, for-profit flight schools, unaccredited trade schools, secondary schools, and living expenses beyond the published "cost of attendance" at Title IV accredited schools. However, debts incurred to pay for expenses at educational institutions that are not recognized by the Department of Education under Title IV of the Higher Education Act and/or debts incurred by ineligible

---

[1] Because this action concerns the dischargeability of a debt, there is no jurisdictional requirement to reopen the bankruptcy case prior to initiating this complaint. *In re Lakhany*, 538 B.R. 555, 560 (9th Cir.BAP 2015) ("Further, while reopening a case for the purpose of filing a nondischargeability complaint is good practice, it is not necessary."); *In re Staffer*, 306 F.3d 967, 972 (9th Cir. 2002) ("As the dissenting member of the BAP panel in this case accurately noted, a separate motion to reopen is not a jurisdictional requirement, or even a prerequisite for commencing an action for nondischargeability of a debt.").

students are not "qualified education loans" as that term is defined in the Higher Education Act, the Internal Revenue Code, and the Bankruptcy Code. Such loans have no protection under section 523(a)(8) and are automatically discharged upon entry of a discharge injunction.

## II.
## PARTIES

1.    JOHN M. MATA is an individual and a resident of this district who filed for relief under Title 11 in this Court in 2013.

2.    Defendant National Collegiate Student Loan Trust 2006-1, is a business that regularly conducts commercial activity in this district and can be served at c/o Wilmington Trust Company, Rodney Square North, 1100 N. Market Street, Wilmington, DE 19890. At all relevant times, Defendant engaged in lending/servicing activities to individual consumers like the Plaintiff throughout the State of California.

3.    Defendant National Collegiate Student Loan Trust 2006-4, is a business that regularly conducts commercial activity in this district and can be served at c/o Wilmington Trust Company, Rodney Square North, 1100 N. Market Street, Wilmington, DE 19890. At all relevant times, Defendant engaged in lending/servicing activities to individual consumers like the Plaintiff throughout the State of California.

4.    Defendant National Collegiate Student Loan Trust 2007-1, is a business that regularly conducts commercial activity in this district and can be served at c/o Wilmington Trust Company, Rodney Square North, 1100 N. Market Street, Wilmington, DE 19890. At all relevant times, Defendant engaged in lending/servicing activities to individual consumers like the Plaintiff throughout the State of California

///

///

### III.
### JURISDICTION AND VENUE

5.       This Adversary Proceeding is brought under Case Number 6:13-bk-30625-MH.

6.       This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b) and 1332. This is a core proceeding under Title 11 because it concerns a determination as to the dischargeability of a debt.

7.       This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 105 and Federal Rules of Bankruptcy Procedure Rule 7001(6).

8.       Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

### IV.
### STATEMENT OF FACTS

#### A.       The Distinction Between Non-Dischargeable And Dischargeable Educational Debt

Private education loans have limited protection from discharge under section 523(a)(8)(B). Section 523(a)(8)(B) of the Bankruptcy Code excepts from discharge a "qualified education loan" as defined in section 221(d)(1) of the Internal Revenue Code.  Section 221(d)(1) defines a "qualified education loan" as any indebtedness incurred solely to pay for "qualified higher education expenses." "Qualified higher education expenses" are in turn defined in section 221(d)(1) as expenses incurred to cover the "cost of attendance" at a Title IV eligible institution by an "eligible student." A Title IV eligible institution is one recognized by the Department of Education under Title IV of the Higher Education Act. "Cost of attendance" is term of art found in section 472 of the Higher Education Act at 20 U.S.C. § 1087ll that includes tuition, fees, room, board, books, and living expenses (hereinafter referred to as "Qualified Student Loans").

Consumer loans made to persons to cover expenses at non-eligible institutions, expenses in excess of the "cost of attendance" or to ineligible students are not Qualified Education Loans. These educational loans remain dischargeable under the Bankruptcy Code and the interest payments are not tax deductible. Such expenses include: (i) living expenses in excess of the amount determined necessary by the accredited college or university; (ii) money to pay for bar review classes for recent law school graduates; (iii) money to pay for expenses related to residency for recent medical school graduates; (iv) money to pay for a child's K-12 education; (v) money to pay for unaccredited for-profit schools; and (vi) money lent to ineligible students. The interest on these debts is not tax deductible pursuant to 26 U.S.C. § 221(d), and they are dischargeable in bankruptcy (hereinafter referred to as "Consumer Education Loans").

Where confusion exists in determining whether an educational debt is a Qualified Education Loan or a Consumer Education Loan, the Bankruptcy Code places to burden on the creditor to establish by a preponderance of the evidence that the educational debt in question is excepted from discharge.[2]

**B.    Plaintiff's Background and Procedural History**

9.    John Mata attended Loma Linda University from 2005-2007 as a graduate student pursuing a master's degree in counseling.

10.    The "Cost of Attendance" ("COA") for qualified tuition and related expenses at Loma Linda University for a graduate student living off campus with family for each year was as follows:

      a.    2005-2006, the COA was $15,672;

      b.    2006-2007, the COA was $18,520;

---

[2] *See In re Bronsdon,* 435 B.R. 791, 796 (B.A.P. 1st Cir. 2010) ("The creditor bears the initial burden of establishing that the debt is of the type excepted from discharge under § 523(a)(8). Once the showing is made, the burden shifts to the debtor to prove that excepting the student loan debt from discharge will cause the debtor and her dependents 'undue hardship.'").

c. 2007-2008, the COA was $19,640.

11.    During this time, Mata borrowed federal loans to cover his full "Cost of Attendance."

12.    In addition, between September 2005 and August 2007, Mata borrowed another $90,000 in three (3) "direct to consumer" loans that were made outside the financial aid office and were not made for qualified education expenses (the "NCT Loans"). The three NCT Loans were originated as follows:

a)  Loan originated on or about September 29, 2006 in the amount of $30,000 with an interest rate of 12.149%;
b)  Loan originated on or about January 6, 2006 in the amount of $30,000 with an interest rate of 9.938%;
c)  Loan originated on or about August 21, 2007 in the amount of $30,000 with an interest rate of 14.03%.

13.    These NCT Loans were not made solely for the "cost of attendance" and accordingly were not "qualified education loans" as that term is defined in 11 U.S.C. § 523(a)(8)(B).   In fact, the NCT Loans were by themselves more than the "Cost of Attendance" and thus even without any additional federal funding would have exceeded the COA.

14.    These NCT Loans were not made, insured or guaranteed by a governmental unit, or under any program funded in whole or in part by a nonprofit institution.

15.    Furthermore, these NCT Loans were marketed and distributed as "Direct-to-Consumer" loans based on Plaintiff's credit rating and income and thus do not qualify as "educational loans" at all under section 523(a)(8) as that term has been defined by several circuit courts.[3]

16.    On December 31, 2013, Mata sought relief under Title 11 in this Court in Case No. 6:13-bk-30625-MH, In re Mata.  Plaintiff properly scheduled the NCT Loans on Schedule F of the petition.

_____

[3] *See, e.g., In re Merchant*, 958 F.2d 738, 740 (6th Cir. 1992) ("[U]nlike commercial transactions where credit is extended based on the debtor's collateral, income, and credit rating, student loans are generally unsecured and based solely upon the belief that the student-debtor will have sufficient income to service the debt following graduation.")

17.    On April 14, 2014, this Court ordered discharge of all Plaintiff's properly scheduled pre-petition debt.

18.    Defendants were duly notified of discharge.

19.    Despite their legal burden, Defendants did not file an adversary proceeding to contest the dischargeability of the NCT Loans.

20.    Instead of charging off the NCT Loans, Defendants demanded payments on these discharged debt in violation of this Court's Order and the Bankruptcy Code.

21.    Indeed, in October 2015, Defendants filed suit in the Superior Court of California seeking to reduce these discharged debts to judgment.

22.    Defendants' abusive, deceptive and harassing collection efforts after the Plaintiff's bankruptcy discharge was made knowingly and willfully in violation of this Court's discharge orders and must be sanctioned.

## VI.
## CLAIMS FOR RELIEF

### Count One: Declaratory Judgment

23.    Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

24.    Plaintiff requests a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9) that Plaintiff's NCT Loans are not non-dischargeable student loans or qualified education loans under section 523(a)(8), and were therefore discharged upon entry of the Plaintiffs' discharge order.

**WHEREFORE,** the Plaintiff respectfully prays of the Court as follows:

A.    That the Court render a declaratory judgment declaring that the NCT Loans were discharged upon entry of the applicable discharge order;

B.    That the Court enter such other and further relief as it may deem just and proper.

Dated this the _18th_ day of _April_ _____.

_____
M. Erik Clark
Attorney for Debtor/Plaintiff