Austin C. Smith
SMITH LAW GROUP
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

Attorney for Debtor

FILED
AUG 09 2018
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JOHN M. MATA<br><br>Debtor(s) | CASE NO.: 13-bk-30625-MH<br>CHAPTER: 7<br>ADVERSARY NO.: 18-AP-01089-MH |
| JOHN M. MATA<br><br>Plaintiff(s)<br><br>vs.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1<br><br>Defendant(s) | **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1** |

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2007-1**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34, Plaintiff John Mata requests that each of the Defendant respond to these requests for production of documents (each, a "Request" collectively, "Requests"), separately and fully, subject to the Instructions and Definitions set forth herein,

and pursuant to the Federal Rules of Civil Procedure. Defendants shall serve their responses and produce for inspection and copying, the documents requested herein at the offices of the counsel listed below.

## INSTRUCTIONS

To the extent provided by the Federal Rules of Civil Procedure, these document requests are intended to be continuing in nature. You are requested and required to supplement your responses when appropriate or necessary to make correct and complete responses to the full extent provided by the Federal Rules of Civil Procedure, the Local Rules, and any Order of this Court.

To the extent that the responding party believes that any of the following requests are vague or ambiguous, the responding party is requested to notify Plaintiff immediately and a clarification will be provided.

These Requests are intended to include all documents in your possession, or subject to your custody or control, whether directly or indirectly. A document is deemed to be within your possession, custody, or control if: (1) it is within your actual possession, custody or control; or (2) it is within the possession of any other person or entity and you have the right to obtain the document from such person or entity, and you: (a) own the document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any term; or (c) as a practical matter, have been able to use, inspect, examine or copy such document when you have sought to do so. For the avoidance of doubt, these Requests are intended to include, but are not limited to, all documents subject to your control that are stored on any computers, Personal Digital Assistants (PDA), Blackberries, iPhones, or other smart phones.

Unless otherwise indicated, the use in these Requests of your name or the name of any party, individual, business organization, or other legal entity, shall specifically include all of that individual's or

entity's present or former employees, officers, directors, agents, representatives, members, departments, sections, affiliates, subsidiaries, parents, attorneys, and all other persons acting on his/her or its behalf.

These Requests seek production of responsive documents in their entirety, without abbreviation, deletion, or redaction. For the avoidance of doubt, each responsive e-mail message should be produced with all of its respective e-mail attachments, and each responsive e-mail attachment should be produced with its respective parent e-mail message and with all e-mail attachments to that respective parent e-mail message. To the extent that you consider an e-mail message and its corresponding e-mail attachment(s) to constitute separate documents, Plaintiff requests the production of all documents attached to each responsive e-mail message, as well as all e-mail messages for which a responsive document is attached and all other documents attached to said e-mail messages. For the further avoidance of doubt, all responsive electronic documents should be produced with all their corresponding metadata. To the extent that you consider an electronic document's metadata to constitute a separate document, Plaintiff requests the production of all metadata that correspond to each responsive electronic document and all electronic documents that correspond to each responsive piece of metadata.

In the event you interpose an objection to a request or requests, you should clearly indicate to which part or portion of the request or requests the objection is directed and provide all documents to which objection is not made as if such part or portion were propounded as a separate request.

In the event that you seek to withhold any document, thing or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you are instructed to supply counsel for Plaintiff with a numerical list of document(s) and thing(s) for which privilege or limitation of discovery is claimed, indicating:

    a.    the name of each author, writer, sender, creator or initiator of such document or thing, if any;

    b.    the name of each recipient, addressee, or party for whom such document or thing was intended, if any;

**PLAINTIFF'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT**    Page 3

c.  the date of each such document, if any, or an estimate thereof and so indicated as an estimate if no date appears on said document;

d.  the general subject matter as described in the document; and

e.  the claimed grounds for privilege or limitation of discovery.

You are to produce the documents as they are kept in the ordinary course of business, with appropriate markings or designations, so that it may be determined to what request they are intended to be responsive.

## DEFINITIONS

1.  All words defined in **Local Rule 26** shall have their defined meaning.

2.  The term **"Action"** refers to the above entitled and numbered cause.

3.  The term **"Bankruptcy"** shall mean any proceeding initiated under Title 11 of the United States Code.

4.  The terms **"communication,"** **"communicate,"** and **"communicated"** shall mean any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, e-mails, text messages, conversations, facsimiles, letters, telegrams, cables, telexes, dialogues, discussions, negotiations, interviews, consultations, telephone calls, agreements, and other understandings, among two or more persons. The term **"communication"** includes written summaries of any of the foregoing communications.

5.  The term **"document"** shall mean all writings of any sort and should be construed in its broadest sense to include, but not be limited to, all original and non-identical copies, whether by reason of marginalia or other notes or alterations, and all preliminary or subsequent drafts (each draft, non-identical copy, or marked version being a separate document) of the following items, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, including intercompany and intracompany communications,

correspondence, emails, facsimiles, letters, telegrams, cables, telexes, memoranda, records, books, journals, summaries of records or papers, graphs, charts, maps, sketches, plans, drawings, blueprints, diagrams, tables, indices, pictures, recordings, tapes, accounts, analytical records, memoranda of telephone calls, minutes or records of meetings or conferences, reports, notes, minutes or summaries of interviews, conversations, telephone calls, conferences, negotiations, meetings, investigations, opinions or reports of consultants, appraisals, reports or summaries of negotiations, brochures, bulletins, pamphlets, circulars, advertising literature, trade letters, press releases, contracts, notes, codes as well as other devices to decipher abbreviations or other notations, computer printouts, analytical records, diaries, forecasts, photographs, photocopies, recordings, tape recordings, motion picture films, graphs, note charts, notebooks, documents generated for or as a result of meetings, lists of persons attending meetings, newspaper articles, mailing lists, contracts, drafts, notes, marginal comments appearing on or affixed to any document, calendars, day timers, date books, messages, letters of credit, financial statements, invoices, statements of account, receipts, promissory notes, security agreements, deeds of trust, instruments purporting to grant or evidencing any security interest or lien, loan agreements, credit and debit memoranda, drafts, projections, working papers, securities ledgers, canceled checks and drafts (front and back), check stubs, receipts, and other documents, papers or writings of whatever description including, but not limited to, any information contained in any computer or information retrieval device.

If any such document was, but no longer is, in your possession or subject to your control, state:

    a.    the disposition made of the document, including the identity of the person who received the document;

the reasons for the disposition; and

the date thereof.

6.    The term "**Complaint**" means Plaintiff's Complaint filed in this Action.

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**    Page 5

7. The term "**Cost of Attendance**" shall have the same meaning as found in IRC 221(d) and 20 U.S.C. 1087*ll*.

8. The term "**Loan(s)**" shall mean the Private Education Loan(s) owned and/or serviced by You identified in the Complaint as the subject of this lawsuit.

9. The term "**Private Education Loan**" shall mean any loan product made by You to any natural person for educational purposes that is not insured or guaranteed by the federal government or any non-profit organization.

10. The term "**Plaintiff**" means John Mata.

11. The term "**Qualified Education Loan**" shall have the same meaning as found in Internal Revenue Code 221(d), as incorporated into the Bankruptcy Code in 11 U.S.C. 523(A)(8)(B).

12. The term "**Truth In Lending Disclosure Statement**" shall mean those forms required to be provided to consumers under the Truth In Lending Act, 15 U.S.C. § 1631 *et. al.*

13. The term "**TERI**" shall mean The Education Resources Institute.

14. The term "**Guaranty Agreement**" shall have the same meaning as that term is given in the public disclosures issued by You concerning those agreements between TERI and any issuer of a Loan which has subsequently been securitized into the NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1.

15. The terms "**You**," "**Your**," or "**Defendant**" shall mean Defendant NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1 in this action including all subsidiaries, or parent corporation, present and former agents, employees, representatives, servants, officers, task force officers, attorneys, consultants, investigators, individuals, and entities acting on behalf or pursuant to your direction.

16. The term "**Write-off**" shall mean the process by which a financial institution removes an asset from its ledger after determining that it is valueless or uncollectable.

## PRIVILEGED OR PROPRIETARY DOCUMENTS

If any document requested is withheld on the basis of any claim of privilege or work product, or otherwise, you are requested to submit a description of the withheld material or information pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure.

## LOST OR DESTROYED DOCUMENTS

If any document requested has been lost, discarded, or destroyed, you are requested to submit a written statement no later than the date of the commencement of the document production, identifying as completely as possible each such document so lost, discarded, or destroyed. Identification of each such document shall include the date of disposal, manner of disposal, reason for disposal, persons authorizing the disposal, persons having knowledge of the disposal, and persons disposing of the document.

## RELEVANT TIME PERIOD

Unless otherwise indicated, the relevant time period for all requests is from January 1, 2004 to the present (the "Relevant Period"). Documents created prior to January 1, 2004 that are otherwise responsive and that have been examined, consulted, or used in any way in relation to the subject matter of this Action shall be deemed responsive to these Requests and shall be produced.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**

All communications including invoices and monthly statements between You and Plaintiff regarding the Loan after the entry of discharge in the above captioned bankruptcy proceeding.

PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT                                    Page 7

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

All applications, promissory notes, and Truth in Lending Disclosure Statements, for the Loans.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning any "write-off" of the Loans, including any documents filed with the Internal Revenue Service concerning a "write-off" of the Loans that resulted in tax benefits to You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All communications concerning the assignment or transfer of the Loan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

All documents You provided to Plaintiff after the origination of the Loan, including 1098s, for the Plaintiff to deduct any interest payments from their income tax.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All documents including, but not limited to, contracts, assignments, bills of sale, invoices, and other similar documents that establish that You are the servicer for or owner of the Loan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All documents demonstrating that TERI guaranteed the Loans, including any Guaranty Agreements between TERI and the originator of the Loans, the Program Guidelines incorporated by reference into the Guaranty Agreements, and any copies of checks made payable by the originator of the Loans to TERI for the guarantee fee.

**REQUEST FOR PRODUCTION NO. 8:**

All documents establishing that You are authorized to act as a debt collector pursuant to STATE OF CALIFORNIA LAW.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All documents that You intend to introduce as an exhibit at the trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

All documents that You intend to rely on in meeting your initial legal burden to prove by a preponderance of the evidence that the Loans are encompassed by section 523(a)(8).

**RESPONSE**

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**                                                                 Page 9

**REQUEST FOR PRODUCTION NO. 11:**

Any and all tape recordings of any conversations between of Your employees or agents and the Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning your determination that Plaintiff's applications for the Loans did not exceed the Plaintiff's published "Cost of Attendance" during the applicable academic terms.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

All documents that you intended to introduce at trial to prove that Plaintiff's Loan is a Qualified Education Loan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

All documents that you intended to introduce at trial to prove that Plaintiff's Loans were made under a program funded in whole or part by a non-profit institution

**RESPONSE:**

Dated this 2nd of August, 2018

Respectfully submitted,

**Austin C. Smith**
SMITH LAW GROUP
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

**ATTORNEY FOR PLAINTIFF**