1  Austin C. Smith
   SMITH LAW GROUP
   3 Mitchell Place
2  New York, NY 10017
   917-992-2121
3  austin@acsmithlawgroup.com

4  Attorney for Debtor



5

6              UNITED STATES BANKRUPTCY COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8                   RIVERSIDE DIVISION

9

10 In re:                              CASE NO.: 13-bk-30625-MH

11 JOHN M. MATA                        CHAPTER: 7
                                       ADVERSARY NO.: 18-AP-01089-MH
12
                            Debtor(s)
13

14                                     PLAINTIFF'S FIRST REQUESTS FOR
                                       ADMISSION TO DEFENDANT NATIONAL
   JOHN M. MATA                        COLLEGIATE STUDENT LOAN TRUST
15                                     2007-1
                           Plaintiff(s)
16              vs.

17 NATIONAL COLLEGIATE STUDENT LOAN
   TRUST 2006-1, NATIONAL COLLEGIATE
18 STUDENT LOAN TRUST 2006-4, NATIONAL
   COLLEGIATE STUDENT LOAN TRUST 2007-1
19

20
                           Defendant(s)
21

22              PLAINTIFF'S FIRST REQUESTS FOR
   ADMISSION TO DEFENDANT NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1

23
           Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 36, Plaintiff John Mata requests
24
   that each of the Defendant respond to these requests for admission (each, a "Request" collectively,
25
   "Requests"), separately and fully, subject to the Instructions and Definitions set forth herein, and pursuant
26
   to the Federal Rules of Civil Procedure.  Defendant shall serve their responses as requested herein within
27
   thirty (30) days of service of these Requests to the offices of Plaintiff's counsel.
28

   PLAINTIFF'S FIRST REQUESTS FOR
   ADMISSION TO DEFENDANT            Page 1

## DEFINITIONS

1. All words defined in **Local Rule 26** shall have their defined meaning.

2. The term **"Action"** refers to the above entitled and numbered cause.

3. The term **"Bankruptcy"** shall mean any proceeding initiated under Title 11 of the United States Code.

4. The terms **"communication," "communicate,"** and **"communicated"** shall mean any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, e-mails, text messages, conversations, facsimiles, letters, telegrams, cables, telexes, dialogues, discussions, negotiations, interviews, consultations, telephone calls, agreements, and other understandings, among two or more persons. The term **"communication"** includes written summaries of any of the foregoing communications.

5. The term **"Cost of Attendance"** shall have the same meaning as given in 20 U.S.C. 1087*ll*.

6. The term **"Loans"** shall mean the Private Education Loans issued to Plaintiff that are the subject of this action.

7. The term **"Eligible Student"** shall have the same meaning as given that term in 20 U.S.C. 1091, incorporated into the Bankruptcy Code at 11 U.S.C. 523(a)(8)(B).

8. The term **"Private Education Loan"** shall mean any loan product owned or held by Defendants and owed by any natural person for educational purposes that is not insured or guaranteed by the federal government.

9. The term **"Plaintiff"** means John Mata.

10. The term **"Qualified Education Loan"** shall have the same meaning as found in 26 U.S.C. 221(d), as incorporated into the Bankruptcy Code in 11 U.S.C. 523(A)(8)(B).

PLAINTIFF'S FIRST REQUESTS FOR
ADMISSION TO DEFENDANT,                    Page 2

11.    The term "**Qualified Higher Education Expenses**" shall have the same meaning as found in 26 U.S.C. 221(d).

12.    The term "**TERI**" shall mean The Education Resources Institute.

13.    The term "**Guaranty Agreement**" shall have the same meaning as that term is given in the public disclosures issued by You concerning those agreements between TERI and any issuer of a Loan which has subsequently been securitized into the NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1. .

14.    The terms "**You**," "**Your**," or "**Defendant**" shall mean the Defendant NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1 in this action including all predecessors-in-interest, subsidiaries, or parent corporation, present and former agents, employees, representatives, servants, officers, task force officers, attorneys, consultants, investigators, individuals, and entities acting on behalf or pursuant to your direction.

## REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff requests Defendant admit or deny the truth of the following: ·

1.  You bear the burden to prove the Loans are entitled to a presumption of non-dischargeablity under section 523(a)(8).

2.  The Loans were not guaranteed by any non-profit institution.

3.  The Loans were not made under any program funded in whole or part by a non-profit institution.

4.  The Loans were not made in compliance with the Program Guidelines incorporated by reference into the Guaranty Agreement between TERI and the originator of the Loans.

5.  TERI is a bankrupt entity.

PLAINTIFF'S FIRST REQUESTS FOR
**ADMISSION TO DEFENDANT**                    Page 3

6. You did not verify that Plaintiff's school was an eligible Title IV institution before originating the Loans.

7. You did not verify Plaintiff's "Cost of Attendance" prior to originating any of the Loans.

8. You did not verify that Plaintiff was an "Eligible Student" as defined in 20 U.S.C. 1091(a) prior to originating any of the Loans.

9. You did not verify that Plaintiff was a "Taxpayer" as that term is defined in 26 U.S.C. 7701 prior to originating any of the Loans.

10. You did not verify whether the Loans were Qualified Education Loans prior to originating the Loans.

11. You believe that Plaintiff has made a "good faith" effort to repay the Loans.

Dated this 2nd of August, 2018

Respectfully submitted,

**Austin C. Smith**
SMITH LAW GROUP
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

**ATTORNEY FOR PLAINTIFF**