# Schedule D
## NextStudent K-12 LOAN PROGRAM DEFINITIONS

### ELIGIBILITY:

- Parents of students enrolled full time at elementary or secondary schools that are Participating Schools.
- Primary applicant must meet creditworthy guidelines;
  **OR**
  primary applicant must have good credit and co-applicant must meet creditworthy guidelines.

    Credit score for each creditworthy applicant: see Schedule 3.3 to the Guaranty Agreement, attached hereto and incorporated herein by reference.

- Judgmental signoff required if rating is:  D1 or worse for returning borrowers
                                             E1 or worse for new borrowers.
  [See Creditworthiness Criteria for definition of "D1" and "E1" ratings.]

### PARTICIPATING SCHOOLS:

For the NextStudent K-12 Loan Program during any calendar year, an eligible school is any accredited primary or secondary school approved by TERI.  Lenders will receive periodic listings of approved schools.  Upon the Lender's request, TERI will review other institutions for approval and provide written confirmation to the Lender.

In order to receive TERI approval, a school must submit three years audited Financial Statements, as well as such other documentation as TERI may require, based on the circumstances of the request (e.g., school catalog, proof of accreditation, proof that the school is operating legally in the state in which it is located, certification that it is in compliance with all laws of that state concerning its education curriculum, etc.),

Further, TERI reserves the right to require additional financial information if the school has been in existence less than five years.

Also, the Lender will be advised, in writing, of any school for which TERI has revoked its approval.  The revocation has no retroactive effect.

### LIMITS:

- Minimum loan amount:  $1,500
- Maximum loan amount:  25,000 annually for education related expenses
                      + 5,000 for personal computer to use for school
                      $30,000 TOTAL
- Aggregate NextStudent Loan maximum:  $130,000

### REPAYMENT:
- Repayment of principal and interest begins 45 days after the loan disbursement.
- Minimum monthly payment— $25
- Up to 20 years to repay for all loan amounts.

### DEFERMENT OPTIONS:

    Not applicable.

### INTEREST RATE:

    Interest rate is set forth in Schedule 3.3 to the Guaranty Agreement.

CONFIDENTIAL NCSLT0331

{W0010681.3}

**FEES**:

Guaranty fees are set forth in Schedule 3.3 to the Guaranty Agreement.

**PROGRAM CODE**:

CONFIDENTIAL NCSLT0332

{W0010683.3}

# 4. Servicing Guidelines

CONFIDENTIAL NCSLT0333

{W0010651.3}

## SERVICING GUIDELINES FOR TERI
## LOAN PROGRAMS SERVICED AT SLSC/GLC

## INTEREST RATE

The interest rate calculation for each TERI program may vary based on the year of the application, the lender, and the program. The interest rates are fixed or variable on either a monthly or a quarterly basis determined by the lender and TERI. See the Program Specific Requirements for lender and loan program detail.

## INTEREST NOTICES/CAPITALIZATION

Interest notices may be sent during the enrollment, deferment, and forbearance period(s). These interest notices may be sent to the primary borrower on a monthly/quarterly basis. Interest will capitalize at the end of the grace period, deferment period, and forbearance period, unless otherwise notated on the program guidelines.

ALP borrowers who selected to pay the interest during the in-school period may switch to deferred principal and interest for an additional guarantee fee. The borrower/co-borrowers must contact the SERVICER and sign an amendment to their promissory note agreeing to have the additional guarantee fee added to their principal balance. The SERVICER will make the adjustment and notify TERI and the lender of the amount. The lender will forward the additional guarantee fee to TERI. (will be implemented after all the legal issues with the amendment to the promissory note are resolved)

## GUARANTEE FEE

The guarantee fee for each TERI program may vary based on the year of the application, the lender and the program. These rates may be tied to the loan program's repayment option(s) and status. The guarantee fee may periodically be adjusted by TERI. In these instances, the lenders and the SERVICER will be notified 90 days prior to the change in the guarantee fee.

## REFUNDS/CANCELLATIONS

Any disbursements returned by the school within 182 days will result in a full cancellation of the disbursement and/or loan including fees and interest. If TERI receives the funds they will return the check amount plus the fees to the lender and send a transmittal to the SERVICER to post the cancellation with an advice transaction on the borrower's account.

A borrower who repays a loan in full (principal and interest) within 182 days after disbursement will receive, based on lender parameters, TERI's policies, and state banking regulations, a 100% refund of the guarantee fee. See Appendix A for Guaranty Fee Rebate Calculations.

If the disbursement is returned after 182 days, the borrower is responsible for any accrued interest and the fees.

CONFIDENTIAL NCSLT0334

## DEFERMENT ELIGIBILITY

The TERI loan programs vary on deferment eligibility. The amount of deferment time differs based on the loan program requirements. See the Program Specific Requirements for lender and loan program detail. Deferments may be applied to a loan anytime prior to the claim being paid as long as a call is placed to TERI for approval to recall the claim.

## IN-SCHOOL/GRACE PERIOD ELIGIBILITY

Students must maintain an enrolled status of at least half-time in a degree program to be eligible for an in-school status on their loan(s). TERI loan programs vary on the in-school period eligibility. The length and status of the grace and in-school period(s) differ based on the loan program requirements.

For loans in an in-school status, the SERVICER will receive updated enrollment information through certification from applications, deferment forms, letters from a school official, the Clearinghouse or the NSLDS/SSCR process, and/or by direct communication from the school.

If a student leaves school and does not immediately transfer to another school (except for summers), then the account must be placed into a principal and interest repayment plan after the grace period expires. When a student transfers to a different school to complete a degree program, TERI will allow the student to continue in an in-school status. Further, TERI will allow the student to continue in an in-school status if the school grants him/her an authorized leave of absence. The school must provide a letter certifying that the leave of absence has been granted to the student. Such leave of absence may not exceed six months in length.

## REPAYMENT TERMS

Repayment terms vary based on the lender and loan program specifics. The term begins at the start of the repayment of principal and interest.

Any change in the interest rate may cause the repayment schedule to be lengthened or shortened. The term may be extended by an additional 2 1/2 years beyond the maximum if necessary to accommodate an increase in the interest rate.

The minimum monthly payment amount is $50.00*.

Maximum repayment terms for loans serviced in Professional Account Services (PAS) is 20 years for loans less than $40,000 and 25 years for loans over $40,000*.

The maximum repayment terms for loans serviced in the Graduate Loan Center (GLC) is 20 years*.

If the borrower requests his or her payment amount be revised, the loan must be less than 30 days delinquent. Additionally, if the borrower requests that the day of the month in which his or her payment is due be changed the payment due date may not be advanced more than one calendar month.

A graduated repayment schedule can occur at the discretion of the lender. This schedule must meet the minimum payment requirements and not exceed the maximum term of the loan.

*The above repayment terms are applicable, unless otherwise notated on the Loan Program Specific Requirements.

## REPAYMENT OPTIONS

TERI loan programs vary on the repayment options. During the in-school and grace period, loan programs allow for one or all of the following repayment options listed below. The selection of immediate or deferred repayment is made by the borrower on the loan application.

1. Immediate repayment of principal and interest – the first payment of principal and interest is due within 45 days of the date of disbursement.
2. Full deferral of principal and interest – while the student is continuously enrolled at least half-time.
3. Deferral of principal, borrower makes interest only payments. (ALP loans only)

For the loan programs that allow for full deferral of principal and interest, the interest accrues from the date the loan is disbursed. The interest is then added to the principal amount (i.e., capitalized) at the end of the grace period, unless otherwise notated in the Program Specific Requirements. See the Program Specific Requirements for lender and loan program detail.

## MODIFIED GRADUATED REPAYMENT SCHEDULE (MGRS)

In an effort to assist borrowers who are experiencing difficulty meeting their monthly payments, TERI has approved the use of MGRS as an alternative to making full monthly payments prior to using forbearance. MGRS can be applied if an account is current or up to 60 days delinquent. If the account is more than 60 days past due, the SERVICER will use the borrower's hardship forbearance time to bring the account current. If the borrower has already used their 12 months of hardship forbearance, TERI has authorized the SERVICER to use up to 60 days of administrative forbearance to apply MGRS. The borrower must complete and return to the SERVICER an amendment to their promissory note to apply for MGRS. Borrowers can only have MGRS one time over the life of the loan.

MGRS 1: (will be replaced by MGRS2. Borrowers currently on MGRS1 will finish this repayment schedule and return to level repayment)
    Six months @ 50% of the regular monthly principal and interest payment amount
    Six months @ 75% of the regular monthly principal and interest payment amount
    Twelve months @ interest only
    Remaining term at full principal and interest

MGRS 2: (will be implemented as soon as programming is completed by the servicer)
    Twelve months @ 50% of the regular monthly principal and interest payment amount
    Twelve months @ interest only
    Remaining term at full principal and interest

CONFIDENTIAL NCSLT0336

PREPARATION FOR REPAYMENT (will be implemented as soon as programming is completed by the servicer)
The SERVICER will make a courtesy call to the primary borrower prior to the loan(s) entering repayment for
the first time.  The SERVICER will introduce the borrower to the Servicing Center, confirm that they have
received their repayment schedule, and understand when and where they need to make their first payment. If the
borrower has questions or concerns about entering repayment the SERVICER will be able to assist the borrower
before the borrower is due for their first payment.  This will be used as a default prevention tool.  The SERVICER
will make one contact or two attempts at reaching the primary borrower between the repayment start date and
the borrower's first due date. A contact is defined as a right party contact or a left message. Loans due for
immediate repayment may be by-passed. Failure to comply with these preparation for repayment guidelines will
be cause for one due diligence violation.


FORBEARANCE ELIGIBILITY
If a loan is eligible for hardship forbearance, the primary borrower must complete and sign the forbearance form.
The hardship forbearance is normally granted in increments of six months for a maximum of 12 monthly
installments during the life of the loan. The forbearance period may be backdated to include periods of
delinquency so that any one forbearance period may exceed six months, but may not surpass the maximum
eligibility of 12 months.  During the forbearance period, the borrower's principal and interest payments are
deferred and the interest that accrues during the period will be capitalized at the expiration of the forbearance.
The SERVICER is not required to obtain additional documents from the borrower or the signatures of the co-
borrowers on the forbearance form.  Forbearance may be granted based on the SERVICER's discretion.
Forbearances may be applied to a loan anytime prior to the claim being paid as long as a call is placed to TERI
for approval to recall the claim.

If a borrower needs additional hardship forbearance time in excess of twelve months, TERI must review and
approve the extension of hardship forbearance in writing.  The borrower/co-borrower(s) need to include the
following documents; detailed list of income vs. expenses, most recent 1040 tax return, most recent copy of W-2
forms. They also must provide a letter explaining their current financial hardship, how that status will change to
enable monthly payments at the expiration of the forbearance, and how much additional forbearance time is
needed.

Late School Notification Forbearance may be granted in the event the SERVICER is notified late that the
borrower has entered repayment. This forbearance period will cover the date the borrower left school until the
date the SERVICER was notified.  This period of forbearance does not require a written request from the
borrower and is NOT counted as part of the 12 month hardship forbearance period allowed during the life of the
loan.  Any accrued and outstanding interest remaining on the account at the time the forbearance ends will be
capitalized.

Administrative forbearance may also be used on immediate repayment loans, when there is a delay in file
shipments to the SERVICER.  This will prevent the loan from releasing and going into an immediate delinquency.


LATE CHARGES
Late Charges are assessed at the lender's discretion and in accordance with the provisions on the promissory note.

## SKIP TRACING

If the SERVICER receives notification or becomes aware that a borrower or co-borrower's address is invalid, skip tracing activities as listed below must begin within 30 days, provided that such notification occurs on or before the 89th day of delinquency and must be completed prior to claim filing. The SERVICER must attempt to locate the borrower or co-borrower through the following skip tracing techniques:

- Calling directory assistance
- One attempt to reach each reference on the application*
- One attempt to reach each borrower and co-borrower on the application
- Contacting the school by phone or written notice*
- Calling the borrower's or co-borrower's place of employment, when known
- Conducting a ssn search through the credit bureau(s)

* This is required activity for the borrower only
* Failure to adhere to the above requirements will constitute cause for TERI to cite a violation for each occurrence.

The SERVICER may cease skip tracing efforts if its attempts to locate the borrower or co-borrower through above referenced techniques fail. In the case of an invalid telephone number, the SERVICER must continue to contact the borrower by mail unless the address is also determined to be invalid.

The SERVICER may reperform skip tracing activities which may have been inadvertently omitted during the skip tracing period if such reperformance is completed by the date the claim is filed. Such reperformance of omitted skip tracing activities will thereby preclude the assessment of any penalty to the SERVICER by the guarantor.

## CREDIT BUREAU REPORTING

The SERVICER must report the borrower and all co-borrowers to at least one national credit agency on a monthly basis. Reporting must occur for all loans more than 45 days delinquent. Tolerance for delayed reporting is plus or minus 30 days. The SERVICER must continue to report account delinquency up to claim payment date. After receipt of the claim payment, TERI will report the loan as a default to the credit bureaus. Failure to comply with these credit bureau reporting guidelines will be cause for a rejected claim.

## PRE-CLAIM ASSISTANCE

The SERVICER must submit a request for pre-claim assistance to TERI between the 75th and 90th day of delinquency. The SERVICER must notify TERI to cancel the pre-claim if the account becomes less than 75 days delinquent. The tolerance for error is ten (10) calendar days. Once a request for assistance is filed and the loan is over 90 days delinquent, the loan will be under the direct supervision of TERI and TERI will assume all responsibility for the performance of all telephone due diligence activities. If the loan becomes less than 75 days delinquent, the SERVICER will resume the performance of telephone due diligence activities. The SERVICER can continue telephone due diligence after day 90 for reperformance activities. Failure to comply with these pre-claim assistance guidelines will be cause for a rejected claim.

CONFIDENTIAL NCSLT0338

## DUE DILIGENCE and DEFAULT

For the purpose of these Servicing Guidelines the term "default" means a failure to make monthly principal and/or interest payments on a loan, and only if this failure persists until the loan is 120 days past due, the customer declares bankruptcy, dies, or becomes permanently disabled. For the purpose of Due Diligence, only the most current period of delinquency will be reviewed for Due Diligence violations as enumerated in these Servicing Guidelines.

Before a claim can be filed with TERI, The SERVICER must attempt to collect the loan from the borrower and co-borrower as applicable in accordance with the due diligence guidelines outlined below:

Telephone and Letter Contact Requirements:
Note: Two (2) attempts equal one (1) contact.

On a given day, only one attempt to each individual at a specific telephone number will be counted toward satisfying the due diligence requirement.

### 1-30 Days Past Due
➢ Complete two telephone contacts or four attempts to each borrower and co-borrower(s). (A contact in this bucket is defined as a right party contact or a left message.)

➢ Send a late notice to the borrower and co-borrower(s).

### 31-60 Days Past Due
➢ Complete two telephone contacts or four attempts to each borrower and co-borrower(s). (A contact in this bucket is defined as a right party contact only.)

➢ Send a late notice to the borrower and co-borrower(s).

### 61-90 Days Past Due
➢ Complete two telephone contacts or four attempts to each borrower and co-borrower(s). (A contact in this bucket is defined as a right party contact only.)

➢ Send a late notice to the borrower and co-borrower(s).

### 91-180 Days Past Due
➢ A Final Demand must be sent to the borrower and co-borrower(s) on the 120th day of delinquency, plus or minus 10 days. Until the 120th day, letters addressed and sent to two or more co-borrowers jointly satisfy the letter contact requirements when co-borrower(s) are residing at the same address. However, the Final Demand letter must be forwarded to each borrower or co-borrower separately at his or her address even if two or more borrowers or co-borrowers reside at the same address.

➢ The SERVICER will cease telephone collection activities by the 90th day of delinquency. Any calls made by the SERVICER during this time would be the re-performance of previously missed calls.

\* Failure to adhere to the above requirements will constitute cause for TERI to cite a violation for each occurrence.

CONFIDENTIAL NCSLT0339

In the event of a rolling delinquency, the SERVICER will resume scheduled due diligence activities at the point in which the delinquency rolls in the next bucket. The SERVICER will not be required to make up missed due diligence activities in the bucket the delinquency rolls into if the day delinquent in which servicing resumes is after a scheduled activity.

The SERVICER may perform due diligence activities that may have been inadvertently omitted during the 1-120 day delinquency range if completed no later than the date the claim is filed. TERI will not require collection notices to be sent if the borrower's address is unknown to the SERVICER. Such performance of omitted due diligence activities will thereby preclude the assessment of any penalty to the SERVICER by the guarantor. No collection activity is to be performed in contravention of any applicable federal or state debt collection laws and regulations.

## VIOLATIONS OF DUE DILIGENCE

The SERVICER may be assessed up to two (2) violations before TERI will formally reject the loan for cure procedures to be initiated, except in cases of origination violations. Any origination violations are cause for immediate reject and cannot be cured. If violations occur, the following interest penalties will be assessed:

- If due diligence activities are missed (not performed), interest will be limited to ninety (90) days.
- If due diligence activities are performed late (made up), interest will be limited to one hundred eighty (180) days.
- TERI will deduct the interest penalty of ninety (90) or one hundred eighty (180) days from the payoff calculation provided by the SERVICER.
- TERI will identify loans that have been assessed interest penalties on their payoff roster to the SERVICER.

## DEFAULT CLAIMS

Default claims must be submitted to TERI between the 180th and 210th day of delinquency. TERI allows a five (5) business day tolerance for submission of default claims. Required claim documentation includes:

- Application, Promissory Note and Disclosure Statement (these are the only required documents for REHAB claims)
- Forbearance Form(s) and supporting documentation where required and/or system generated history reflecting the forbearance period
- Credit Bureau Report
- Due Diligence History for the most recent 120 day delinquency period
- Payment History
- Assignment of Rights
- Immigrant Naturalization Services (INS) card (if applicable)
- Bankruptcy, Death, and/or Disability information as appropriate*
- Preparation for Repayment call verification
- School Certification (non TERI originated loans only)
- Income/Employment Documentation (non TERI originated/non law loans only)

*If TERI requires a claim to be filed, some additional documentation may be required to support the claim; e.g., letter from the SERVICER stating it could not obtain a Death Certificate, a Physician's Statement to support a permanent disability claim, etc.

CONFIDENTIAL NCSLT0340

In the event of a rolling delinquency, the SERVICER will submit the history for the most recent 120 days of due diligence. This may not include all due diligence activities for the loan (e.g., activities performed in the early states of delinquency due to the fact the borrower rolled several times during the delinquency period).

TERI will accept microfilm or laser copies of all original documents with the claim package. In the event that the SERVICER is unable to secure the original Promissory Note, TERI will accept a copy of such Note if it is accompanied by a notarized affidavit certifying that the original has been misplaced and that the copy is a true one. Further, the complete copy of the Note must contain the signatures of all obligors of the note. TERI will make their best effort to send claim payments to the SERVICER 90-120 days after the claim has been submitted. Accrued interest is included through the payoff date. If a court of competent jurisdiction refuses to accept the submitted copy of a note in the event that TERI must litigate a case, and TERI loses the case for that reason, TERI will be reimbursed by the LENDER for the amount that TERI paid to the LENDER on the claim. TERI, the LENDER and the SERVICER acknowledge there may be contractual agreements between LENDER and SERVICER governing the entity responsible for reimbursing TERI the amount of the claim if a court of competent jurisdiction refuses to accept such a copy of a Note.

## CLAIM RECALL
If the SERVICER files a claim and the borrower or co-borrower makes a payment which brings his or her loan less than 60 days delinquent, or qualifies for a deferment or forbearance, the claim can be recalled. A loan rejected for non-origination errors can be recalled, and the rejected claim will be removed if the recall is submitted to TERI within 60 days of the claim filing date.

## BANKRUPTCY CLAIMS
If the SERVICER is notified that a borrower or co-borrower has filed for bankruptcy, the SERVICER must forward to TERI copies of all documentation relating to the bankruptcy within ten (10) calendar days, with a tolerance of five business days. The SERVICER must file a claim with TERI within sixty (60) calendar days after it is notified of the bankruptcy action for Chapter 13, Chapter 11, and Chapter 7 bankruptcy with an adversary action noted in the filing.

### Chapter 7 Bankruptcy Claim Filing Procedures
In the event that the primary borrower files Chapter 7 bankruptcy and has not been claim submitted for delinquency, the SERVICER must place the account on an Administrative Forbearance to cover all delinquency and the period of the bankruptcy proceeding on the account. All activities on the account with regard to due diligence must cease until such time a determination is made as to the dismissal, discharge or the close of the case(s). If the loan(s) are discharged TERI will contact the SERVICER, and the SERVICER must file the claim with TERI accordingly. If a co-borrower files Chapter 7 bankruptcy, the SERVICER must place a "stay" on the co-borrower's account. All activities on the account with regard to due diligence must cease for the co-borrower until the bankruptcy proceeding is dismissed, discharged, or the close of the case(s). The SERVICER must continue collection activities for the other signatories on the Note up to the time that TERI pays the claim or the account reaches 120 days delinquent, whichever occurs first.

If the SERVICER receives a Bankruptcy filing for Chapter 13, 11, or Chapter 7 with either an adversary action noted in the filing, dismissal, discharge, or close of the case(s), TERI may request a claim recall on the account. Upon receipt of the recall request from TERI, the loan must be brought current by the use of an administrative forbearance and repayment activities must commence.

CONFIDENTIAL NCSLT0341

<u>Errors and Omissions:</u> Errors or omissions related to bankruptcy will consist of the following penalties:
1. If the notification is received by TERI on or after the eleventh (11th) business day, but no later than the twentieth (20th) business day, TERI will pay 90% of the total claim amount.
2. If the notification is received by TERI on or after the twenty-first (21st) business day, but no later than the thirtieth (30th) business day, TERI will pay 80% of the total claim amount.
3. If the notification is received by TERI on or after the thirty-first (31st) business day, TERI will reject the entire claim amount.

## DEATH CLAIMS

Upon receipt of acceptable written notification* indicating that the borrower/co-borrower has died, the SERVICER must suspend any/all collection activity against that person. If there is more than one signatory on the note, the SERVICER must continue to invoice the surviving obligees. If the primary borrower has died the SERVICER will deconvert and reconvert the loan under the co-borrowers name.

### *Acceptable Written Notification of Death
- Certified copy of the death certificate
- Letters of testamentary or appointment of the executor/executrix of the estate with raised seal attached.
- Obituary from a local paper

All written notification must be received by TERI within sixty (60) calendar days of receipt by the SERVICER. If the SERVICER receives verbal or written notification that is not considered acceptable, the SERVICER will still provide TERI, within sixty (60) calendar days, with the written notification. In instances where unacceptable information is received, the SERVICER will continue all collection activity as well as pursue all avenues to obtain acceptable written notification.

The SERVICER will file a claim to TERI within sixty (60) days of receipt of the acceptable notification provided the loan(s) are single signatory. In instances where there is more than one signatory, a claim will not be filed to TERI, as the surviving signatory(s) is still obligated to the debt.

Any payments that TERI receives from the deceased's Estate will be forwarded to the SERVICER to be applied to all applicable loan(s), provided the SERVICER has retained servicing of the loan(s).

## DISABILITY CLAIMS

TERI does not offer disability claims. The SERVICER will continue normal servicing functions in accordance with TERI's servicing guidelines.

CONFIDENTIAL NCSLT0342

## APPEAL PERIOD FOR CLAIM REJECTS

The SERVICER will have 60 days to appeal a decision by TERI to reject a claim or cite an interest penalty for either origination error(s) or omissions in the servicing of the loan as specified in these Servicing Guidelines. TERI will not reconsider a decision to deny a claim if the SERVICER fails to appeal the reject within the allotted time. A new 60 Day Appeal Period is started for each subsequent reject if the reject reason differs from the initial reject reason(s); however, if the initial reject reasons(s) has (have) not been addressed, the claim will be rejected without regard to subsequent reject reasons. The SERVICER will not be held liable for the time TERI holds the appeal during the appeal period. The 60 Day Appeal Period begins four (4) calendar days after the date TERI sends the decision to the SERVICER, also known as the "date shipped."

If a missing document is located from an outside entity within the 60 days following the appeal period, the loan will be eligible for reinstatement of guarantee by using the established Cure Procedures.

## CURE PROCEDURES

If a claim has been rejected due to due diligence violations, the guarantee will be reinstated if the SERVICER is successful in collecting payments from the borrower in one of three ways. Either, a lump sum payment to bring the account current, by collecting four (4) consecutive on-time payments, or by completing the first twelve (12) months of MGRS. A payment is considered on time, if the payment is received within ten (10) days of the agreed upon due date. In addition, the payment amount must be within $5.00 of the agreed payment amount

In the case that a loan is eligible for claim filing but the SERVICER can identify an error that would result in a rejected claim, the SERVICER may begin cure activities and avoid filing the claim with TERI. The SERVICER will provide TERI with notification of the start of cure activities for these loans.

If, on a rejected claim, it is later determined that a processing error that caused an incorrect delinquency was made prior to the claim filing, and if correcting the error reduces the delinquency to less than *60 days*, the loan can be recalled and rejected claim status will be removed.

The SERVICER may capitalize all accrued interest that covers the delinquent payments up to the date of the cure. If a loan is cured and subsequently defaults, TERI will not pay capitalized interest that accrued between the reject date and the date the guarantee was reinstated. A loan may be cured only once.

A loan can be cured for any servicing errors except for an error in the Origination of the loan.

After the loan is cured, the borrower is eligible for any remaining in-school, deferment and/or forbearance time that he or she may qualify to use.

When the SERVICER has completed the Cure process, the loan can be placed back into repayment. If the loan becomes more than 60 days delinquent then the SERVICER will provide TERI with the reinstatement paperwork listed below.

1. Reinstatement form
2. Copy of the new repayment schedule summary showing the disclosure
3. Payment history showing the payments made to Cure the loan

CONFIDENTIAL NCSLT0343

## CONSOLIDATION POLICY

Although TERI does not require lenders to offer borrowers the option to consolidate their loans, TERI strongly encourages it. Consolidation of loans usually results in lower payments, thus making it easier for borrowers to meet their obligations.

If a lender chooses to offer the borrower the opportunity to consolidate his/her loans, the following Servicing Guidelines must be followed.

a. The loans must be of the same type; i.e., one cannot consolidate TERI Alternative loans with Professional Education Plan (PEP) loans.

b. Every person who signed an original note must sign the new Note and Disclosure Statement. If the borrower and co-borrower(s) are not the same on the original notes, all parties must sign the new Note and Disclosure Statement to consolidate all of the underlying loans.

c. A new TERI loan application must be completed and submitted with the request to consolidate outstanding loan. This allows TERI to receive updated information. The borrower must place the following notation in the School Section – "Application to consolidate outstanding Education Loans".

d. A lender may consolidate one or more loans that are 60 or less days delinquent without endangering TERI's guarantee of the loan.

e. The first payment due date for the consolidated loan must be within 45 days of the disbursement date.

f. All accrued interest on the underlying loans will be included in the Consolidation Loan.

g. The underwriting criteria will be that enumerated in the most recent Underwriting and Origination Guidelines. The exception will be that, if all loans being consolidated were underwritten on behalf of the lender by TERI, then the request to consolidate the loans will automatically be granted by TERI as long as the loans are 60 or less days delinquent.

h. All underlying loans will be considered to be paid in full with the loan consolidation proceeds once the funds have been credited to the respective accounts. Therefore, once the underlying loans have been paid in full, there will be no need for the SERVICER to keep any documentation from those loan files unless law requires it.

i. Any over payment received by the SERVICER will be applied to the consolidation loan. If an under payment is received by the SERVICER the borrower will be responsible to pay the remaining principal and interest on the underlying loans.

CONFIDENTIAL NCSLT0344

## ADDITIONAL TERMS

The term of this agreement shall be for an initial term of one (1) year. However, this agreement shall extend for successive one (1) year periods unless any one of the parties makes a request in writing, at least one hundred and eighty (180) days prior to the anniversary date, for additions, changes, or deletions.

Any amendments, changes or revisions to these guidelines must be agreed to by TERI, the LENDER and the SERVICER prior to implementation. Further, unless required by either state or federal regulatory requirements, TERI agrees that the introduction of any amendments, changes or revisions to these guidelines should generally take place in the spring of each year so that they will be in place for the upcoming academic year. In general, the effective dates for the changes will be June 1, 2000. This will be considered the loan program academic year.

TERI agrees to provide LENDER and SERVICER with at least sixty (60) days written notice of proposed "Program Guidelines" changes so as to allow both LENDER and SERVICER time to review them. TERI agrees to meet with LENDER and SERVICER shortly after the expiration of the sixty (60) day review period in order to discuss the suggested "Program Guidelines" changes with them. LENDER and SERVICER comments concerning modifications or changes to the suggested "Program Guidelines" may be accepted by TERI at its sole discretion. LENDER and SERVICER will have sixty (60) days from the date that they receive the "final," revised "Program Guidelines" from TERI to either reject or accept the revision. All notifications to TERI must be in writing and consent will be deemed given unless TERI receives notification within the specified time period as described above.

If either LENDER or SERVICER rejects the revised "Program Guidelines", all parties will adhere to the previously adopted "Program Guidelines." If all parties agree to adopt the new, revised "Program Guidelines," SERVICER shall have at least sixty (60) days to implement new changes. If the SERVICER needs additional time to implement the agreed upon changes, SERVICER shall notify both TERI and LENDER of the need for additional time setting forth the reasons for such request. TERI and LENDER will not unreasonably deny SERVICER'S request for additional time unless the request is due to SERVICER'S negligence in the implementation of the agreed upon changes. Any change that affects only one Lender will be handled as an addendum to these Servicing Guidelines.

Concur: _____       _____
                      TERI                                              Date

Concur: _____       _____
               PHEAA (SERVICER)                          Date

APPENDIX A

CONFIDENTIAL NCSLT0345

## GUARANTY FEE REBATE CALCULATIONS

A borrower who prepays a TERI loan in full within 182 days after disbursement will receive, as a matter of TERI policy, a 100 percent refund of the guaranty fee. In addition, Massachusetts law requires that if a loan with an original principal balance equal to or less than $6,000 (exclusive of fees such as guarantee fees, origination fees or application fees), was made in Massachusetts and prepaid in full, then there must be a rebate of all "pre-computed charges," a term which includes the guaranty fee. Refinancing a loan through consolidation with a new loan is not considered prepayment for these purposes.

If the loan has been open for more than 182 days from the date of disbursement, and it was made in Massachusetts with an original principal balance equal to or less than $6,000, use the Actuarial Refund Chart and worksheet to calculate the amount of refund due. The maximum period a loan is eligible for a refund is 120 months.

There will be no rebate where the original NET amount of the loan (the amount of the loan actually received by the student exclusive of guarantee fees, origination fees or application fees) was in excess of $6,000.00.

TERI will not issue a rebate of the guaranty fee for any loan that was made by a lender based outside of the Commonwealth of Massachusetts.

Lastly, if a Promissory Note requires a rebate of the guaranty fee, TERI will honor that requirement upon presentation of the request accompanied by a copy of the promissory note.


Please direct all refund requests to:

The Education Resources Institute
330 Stuart Street, Suite 300
Boston, MA  02116
ATTN.:  REBATE DEPARTMENT

CONFIDENTIAL NCSLT0346

## HOW TO CALCULATE THE GUARANTY FEE REFUND

1.  The worksheet is divided into two sections, one for general information and the other to calculate the refund. It is designed to accommodate up to four loans for a single borrower. The refund for each loan must be calculated individually since the different disbursement dates alter the parameters used to determine the amount of refund due. The total amount refunded is the sum of the amounts refunded for each loan.

    Please consider the following information when referring to the specified items on the worksheet:

    You should refer to the promissory note or initial disclosure statement to determine the correct guaranty fee percentage. If these do not list the guaranty fee percent, simply divide the amount of the guaranty fee paid to TERI by the total amount financed. This figure will yield the fee percentage.

    The number of months refers to the elapsed time from the date of disbursement through the date the account was paid in full. Any partial month should be considered a whole month. Example, a loan disbursed on February 3, 1987 and paid in full on June 17, 1987 is outstanding for five months.

2.  The Actuarial Refund Table accommodates an original term up to 120 months. If the original repayment term is greater than 120 months, calculate the refund due based on a 120-month term.

3.  To determine the Annual Percentage Rate (APR) at the inception of the loan refer to the appropriate promissory note or disclosure statement. The APR is used as the interest rate when referring to the Actuarial Refund Table. Round to the nearest 1/4 of 1 percent.

4.  Based on the APR, the number of months remaining in repayment and the original term of the loan (or 120 months, whichever is less) use the Actuarial Refund Table to determine the correct factor. These items are starred on the worksheet.

    The word "original term" includes periods of "in-school" deferment and it shall not be interpreted to include only the principal and interest repayment period; e.g., the "original term" begins on the date of disbursement.

5.  To determine the amount to be refunded, multiply the factor just determined by the guaranty fee amount calculation.

CONFIDENTIAL NCSLT0347



*PHEAA*
*Creating Access to Education*

September 12, 2001

<u>Via Facsimile and Overnight Delivery</u>

Mr. Rick Neeley
CFO
The Education Resources Institute
330 Stuart Street, Suite 500
Boston, MA 02116-5237

Dear Mr. Neeley:

As a follow-up to our recent conference calls regarding The Education Resource Institute (TERI) guaranteed loans, the following changes in processing and servicing have been mutually agreed upon by both TERI and the Student Loan Servicing Center (SLSC) and the Graduate Loan Centers (GLC):

This letter is to amend the current TERI Servicing Guidelines at SLSC/GLC with a revision date of 9-27-00. The section being amended is located on page 1 of the document, and is titled Refunds/Cancellations. Schools will be notified by TERI's Ontrack publication and lenders will be notified by the Servicer, that effective October 1, 2001 all cancellations must be received within 90 days of the disbursement date, instead of the previous 182 days. Appendix A of the servicing guidelines will also be amended from 182 days to 90 days after disbursement for a borrower to be eligible to receive a guarantee fee rebate on a paid in full account.

- <u>SCHOOL/BORROWER CANCELLATIONS</u>

Any disbursement returned to TERI within 90 days will result in the Servicer posting a full cancellation of the disbursement including fees and interest. A full cancellation is a refund received in the amount equal to the disbursement and/or loan amount.

If the school returns funds directly to the Servicer, the funds will be posted effective the date the funds are received. If the full loan amount is received from the school within the 90-day window, the Servicer will automatically reverse the fees and the outstanding interest will be written off. The Servicer will then send a request to TERI for the outstanding guarantee fee credit. This cash credit will be returned to the Servicer on the lender's behalf via their customer account. **Partial** cancellations received at any time will be posted as a principal only payment and no fees or interest will be waived on the borrower's account. Any cancellation received outside of the 90-days will be posted as a principal-only payment and no fees or accrued interest will be waived or returned. However, on a case by case basis TERI will allow exceptions beyond the 90 days for unusual circumstances such as mail delays and escalated customer service issues.

If the borrower sends in a payment that equals the amount of the disbursement, the payment will be posted as a borrower payment and no fees or interest will be waived. If the lender and TERI agree the payment should be treated as a cancellation within the 90-days, the payment can be reversed and posted as a cancellation.

CONFIDENTIAL NCSLT0348

*Mr. Rick Neeley, TERI*                                                                                  *Page // 2 //*
*September 12, 2001*

- ## CANCELLATION PROCESSING

Beginning on October 1, 2001, TERI will send the borrower's full cancellation amount including Guaranty Fees to the Servicer along with a completed detailed Transmittal form on a daily or weekly basis. This process will provide both the client and borrower satisfaction in that the borrower's account will have a zero balance and the client will receive the Guaranty Fees within the same month as the borrower's full cancellation. To ensure that the Servicer can complete all postings within the same month, please have all funds and documentation to the Servicer on or before the 25th of each month.

Please send the Transmittal forms and checks to:    Steve Hornbaker, SLSC, P. O. Box 1465, Harrisburg, PA 17105-1465. Telephone (717) 720-2811.

*The Servicer will process the full cancellation as listed in the example below:*

| | | |
|---|---|---|
| *Example:* | *Borrower Loan Amount* | *$5,000.00* |
| *$4,700.00* | *posted with a 1045 cash transaction code (returned disbursement amount)* | |
| *($300.00)* | *posted with a 1401 non-cash transaction code (guarantee fee amount)* | |
| *$300.00* | *cash posting to the client's Customer Account (guarantee fee amount)* | |
| *$5,000.00* | | |

Please sign the READ and AGREED section below and return one completed copy to our attention. Should you have any questions or if I may be of further assistance, please telephone me immediately at (717) 720-3801.

Sincerely,

Wendy Witmer,
Portfolio Manager

cc:    Mr. Paul McCarty, TERI
         Mr. Daniel Zellers, PHEAA
         Mr. Kenneth Shutter, PHEAA

Pennsylvania Higher Education Assistance Agency          The Education Resource Institute
READ and AGREED:                                                         READ and AGREED:

_____                        _____
                    (Name)                                                                    (Name)
S. R. V. P.                                                               Senior V.P. Finance, Chief Financial Officer
_____                        _____
                    (Title)                                                                     (Title)
9 - 20 - 01                                                              September 12, 2001
_____                        _____
                    (Date)                                                                     (Date)

Pennsylvania Higher Education Assistance Agency
*1200 North Seventh Street · Harrisburg, Pennsylvania 17102-1444*

CONFIDENTIAL NCSLT0349

## Charter One Bank Loan Application/Promissory Note Instructions

You have been conditionally approved for a Private Education Loan. Attached is your Application/Promissory Note. Please review it carefully and follow the steps listed below for final loan approval and disbursement of your funds.

> Student's Mailing Address

**This is a Legal Document**
**Urgent Reply Requested**

## Follow these 4 Steps to receive your loan funds quickly:

_____ 1.  REVIEW all pre-printed information, complete and SIGN the Loan Application/Promissory Note

- Please complete the required **Citizenship and Reference information items.**
- If you find any incorrect information, put one line through the item that needs to be corrected, make the appropriate change directly above the item and initial the change. Please do not use correction fluid ("white out").
- Be sure to legibly sign the bottom of the first page of the Application/Promissory Note. Signatures of the borrower and cosigner must match the name pre-printed on the Application/Promissory Note.
- Do not cross out anything in the date or signature fields. If you have made an error on the signature or date lines, please contact us as you will need to complete a new promissory note.

_____ 2.  ATTACH proof of income
- For regular wage earners: provide a copy of the cosigner's **current paycheck stub** with year-to-date earnings or a letter from the cosigner's employer on company stationery listing start date, full-time status, hours worked and salary.
- For self-employed individuals: provide the cosigner's **Federal tax returns for the last 2 years**, complete with all schedules and signatures.
- For retired individuals: provide the cosigner's 1099 forms for the last 2 years.

_____ 3.  ATTACH proof of school enrollment  (all forms must contain student and school name)
- Copy of current tuition bill from the school, **OR**
- Copy of acceptance letter from the school verifying enrollment, **OR**
- Copy of current registration schedule from the school.

_____ 4.  RETURN signed paperwork and all requested documents
- Return the signed signature page from the Application/Promissory Note along with the other information described Steps 2 and 3 above to the address below. Retain all remaining pages for your records.

For regular delivery, mail to:
TERI
P.O. Box 312
Boston MA  02117-0312

For overnight delivery, send to:
TERI
330 Stuart St. Suite 500
Boston, MA  02116

**Once I return my Loan Application/Promissory Note, when will a disbursement date be set for my loan?**
Final approval of your loan is based upon receipt of the signed signature page and proof of income and enrollment. Please allow 2 business days from receipt of your completed paperwork to disbursement of your funds. At the time your loan is disbursed, you will also be mailed a loan disclosure statement confirming the repayment terms of your loan.

**How can I check the status of my loan and confirm the disbursement date of my funds?**
You can check the status of your loan and confirm the disbursement date of your loan check at anytime. Simply visit us online at www.teri.org or call 1-800-704-9398.

CONFIDENTIAL NCSLT0350

IW90/288591.AB 02-03 CLCO.20RF.0502

**\* *Cosigned CEL* \***    Loan Application/Promissory Note – Signature Page

**NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION**

---

## LOAN PROGRAM INFORMATION

Charter One Continuing Education Loan Program        Lender:    Charter One Bank, N.A.

Loan Amount Requested:                    School:                    Academic Period:

Deferral Period Margin:                    Repayment Period Margin:

Loan Origination Fee Percentage:

---

## STUDENT BORROWER INFORMATION (Must be at least 18 years of age)

Borrower Name:                    Home Address:
Social Security #:                    Date of Birth:                    Home Telephone:
Have you ever defaulted on a student loan or declared bankruptcy?    ☐ No    ☐ Yes

### Please complete the required information below:
Student Citizenship (check one box).    ☐ U.S. Citizen        ☐ Eligible Non-Citizen (Attach front & back copy of INS or student visa card)
Note.  Personal reference name and address can not match that of the Cosigner.
Personal Reference Name:_____    Reference Home Tel #:_____    Work Tel #:_____
Reference  Street Address:_____
Reference City/State/Zip:_____

---

## COSIGNER INFORMATION (Must be at least 18 years of age)

Cosigner Name:                    Home Address:
Social Security #:                    Date of Birth:                    Home Telephone:
Have you ever defaulted on a student loan or declared bankruptcy?    ☐ No    ☐ Yes

Current Employer:                            Employer Telephone:
Current Position:                    Years There:            Gross Annual Salary:

Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this
obligation.  If you are relying on such additional income, please provide details on a separate sheet of paper.

### Please complete the required information below:
Cosigner Citizenship (check one box)    ☐ U.S. Citizen        ☐ Eligible Non-Citizen (Attach front & back copy of INS or student visa card)
Note.  Personal reference name and address can not match that of the Student.
Personal Reference Name:_____    Reference Home Tel #:_____    Work Tel #:_____
Reference  Street Address:_____
Reference City/State/Zip:_____

---

By my signature. I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this
Application/Promissory Note AB.02-03 CLCO.20RF.0502  I understand that any person who knowingly makes a false statement or misrepresentation on this form is
subject to penalties, which may include fines or imprisonment

FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU
SIGN IT.

FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER:  (a)  DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE
BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND
    YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

**PLEASE SIGN BELOW – RETURN** This Page With Proof of Income and Enrollment

Signature of Borrower _____        Date _____

Signature of Cosigner _____        Date _____

*Attach Paycheck Stub Here (if applicable)*

In this Application/Promissory Note, the words "I", "me", "my", and "mine" mean the person(s) who signed this Application/Promissory Note as Borrower and Cosigner. The words "you", "your", "yours", and "Lender" mean Charter One Bank, N.A., its successors and assigns, and any other holder of this Application/Promissory Note. "School" means the school named at the top of the first page of this Application/Promissory Note

**A. PROMISE TO PAY:** I promise to pay to you the principal sum of the Loan Amount Requested shown on the first page of this Application/Promissory Note to the extent it is advanced to me or paid on my behalf, and any Loan Origination Fee added to my loan (see Paragraph F), interest on such principal sum, interest on any unpaid interest added to the principal balance, and late charges (see Paragraph E.7).

**B. IMPORTANT – READ THIS CAREFULLY:**
1. When you receive my signed Application, you are not agreeing to lend me money. If you decide to make a loan, you will electronically transfer the loan funds to the School for the Borrower, mail a loan check to the School for the Borrower, or mail a loan check directly to the Borrower. You have the right to not make a loan or to lend an amount less than the Loan Amount Requested. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.
2. **HOW I AGREE TO THE TERMS OF THIS LOAN.** By signing this Application/Promissory Note and submitting it to the Lender, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Application/Promissory Note. If you approve this request and agree to make this loan, you will notify me in writing and provide me with a Disclosure Statement, as required by law, at the time the Loan proceeds are disbursed. The Disclosure Statement is incorporated herein by reference and made a part hereof. The Disclosure Statement will tell me the amount of the loan which you have approved, the amount of the Loan Origination Fee, and other important information. I will let you know that I agree to the terms of the loan as set forth in this Application/Promissory Note and in the Disclosure Statement by doing either of the following: (a) endorsing the check that disburses the loan proceeds; or (b) allowing the loan proceeds to be used by or on behalf of the Student Borrower without objection. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions. If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice within ten (10) days after I received the Disclosure Statement. If loan proceeds have been disbursed, I agree that I will immediately return the loan proceeds to you, will not endorse any check which disburses the loan proceeds and will instruct the School to return any loan proceeds to you. If I give notice of cancellation but do not comply with the requirements of this Paragraph B.2, this Application/Promissory Note will not be canceled and I will be in default of this Application/Promissory Note (See Paragraph I)

**C. DEFINITIONS:**
1. "Disbursement Date" means the date or dates on which you lend money to me in consideration for my Application/Promissory Note and will be the date or dates of my loan check or electronic funds transfer.
2. The "Deferment Period" will begin on the Disbursement Date and end on the Deferment End Date.
3. "Deferment End Date" has the following meaning:
(a): If the Student is enrolled in a degree or certificate-granting program at the School, the earlier of the date which is (i) 180 days after the Student graduates or earns the certificate, (ii) 180 days after the Student ceases to be enrolled at the School; or (iii) 2 years after date of the last loan disbursement under this Application/Promissory Note.
(b): If the Student is not enrolled in a degree or certificate-granting program at the School, the earlier of the date which is (i) 180 days after the end of the Academic Period described on the first page of this Application/Promissory Note, or (ii) 180 days after the Student ceases to be enrolled at the School.
4. The "Repayment Period" begins the day after the Deferment Period ends. If there is no Deferment Period for my loan, the Repayment Period will begin when my loan is fully disbursed. Before my first payment is due, you will disclose the anticipated Repayment Period. The anticipated Repayment Period will not exceed 20 years (25 years for loans of $40,000 or more), although the Repayment Period may increase by up to 2½ years if the Variable Rate (Paragraph D.2) increases ("Maximum Repayment Period"). (See Paragraphs E.2 and E.3.)

**D. INTEREST:**
1. Accrual – Beginning on the first Disbursement Date, interest on the outstanding balance of this Application/Promissory Note will be calculated at the Variable Rate (Paragraph D.2) on the principal balance advanced, and on any unpaid interest added to principal according to Paragraph D.3, below, until all amounts are paid in full. Interest will be calculated on a daily simple interest basis. The daily interest rate will be equal to the annual interest rate in effect on that day divided by the number of days in that calendar year.
2. Variable Rate – The "Variable Rate" is equal to the Current Index plus or minus a Margin. The Margins for both the Deferment Period and the Repayment Period are shown on the first page of this Application/Promissory Note. In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio. The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)"), if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date, is based on

the one-month London Interbank Offered Rate ("LIBOR") as published in the "Money Rates" section of The Wall Street Journal. The index for each calendar quarter (or for any shorter period beginning on a Disbursement Date and ending on the last day of a calendar quarter) will equal the average of the LIBOR rates published on the first business day of each of the three (3) immediately preceding calendar months, rounded to the nearest one-hundredth percent (0.01%). If The Wall Street Journal is not published or the Current Index is not given on that date, then the Current Index will be determined by using the immediately preceding published Current Index. If the Current Index is no longer available, you will choose a comparable index.
3. Capitalization – I am not obligated to make any payments until the loan enters the Repayment Period. You will add unpaid accrued interest to the principal loan balance on the last day of each calendar quarter (the last day of December, March, June and September) during the Deferment Period and at the end of my Deferment Period. Interest that is added to principal is called "Capitalized" interest. Capitalized interest will be treated as principal. In addition, if I am in default and the loan has been sold to TERI (see Section L.12), TERI may capitalize accrued and unpaid interest as of the date it purchases my loan. I understand that you will add all accrued and unpaid interest to the principal balance of my loan on the last day of the Deferment Period and at the end of any forbearance period.

**E. TERMS OF REPAYMENT:**
1. Deferment Period – You will send statements during the Deferment Period (showing the total of my loan disbursements and the interest that accrues on my loan). Statements will be sent to the Borrower at the address shown on your records. I may, but am not required to, make payments during the Deferment Period. You will add any interest that I do not pay during the Deferment Period to the principal loan balance at the end of the Deferment Period, as described in Paragraph D.3. Thereafter, the accrued interest will be treated as principal.
2. Repayment Period – During the Repayment Period, you will send the Borrower monthly statements or a coupon book which shows the amounts of minimum monthly payments and the payment due dates. I will make consecutive monthly payments in amounts at least equal to such minimum monthly payments by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Application/Promissory Note.
3. Repayment Terms – My monthly payment will be established based on the rules in this Application/Promissory Note when my Repayment Period begins. My loan term will be calculated each Change Date to equal the term necessary to amortize the unpaid balance at the current payment amount, provided that my loan term will never exceed the length of the Maximum Repayment Period. If my loan term is already equal to the Maximum Repayment Period, the amounts shown on my monthly statements or in my coupon book will be consecutive monthly installments of principal and interest calculated each Change Date to equal the amount necessary to amortize the unpaid principal balance (including any capitalized interest) of my loan (as of the date of calculation) in equal monthly installments of principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period.
4. Minimum Repayment – Notwithstanding Paragraph E.3, I agree to pay at least $25 each month during the Repayment Period or the unpaid balance whichever is less. I understand that I may pay more then my monthly payment at any time without penalty or charge. I understand that this may result in my loan being paid off before the end of the Repayment Period.
5. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional interest. If I have not paid my late charges, I will also owe additional amounts for those late charges. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.
6. Payments – Payments will be applied first to late charges, other fees and charges, accrued interest, and the remainder to principal.
7. Other Charges - If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late charge not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Application/Promissory Note, including reasonable collection agency and attorney's fees and court costs and other collection costs.

**F. LOAN ORIGINATION FEE:** If you charge me, I will pay you a Loan Origination Fee at the time my loan is disbursed. The dollar amount of any Loan Origination Fee will be determined by multiplying the sum of the Loan Origination Fee and the Loan Amount Requested to the extent advanced to me times the Loan Origination Fee Percentage shown on the first page of this Application/Promissory Note. The percentage would be higher if computed only on the amount advanced rather than the entire principal amount (Loan Origination Fee plus Loan Amount Requested). For example, a nominal Loan Origination Fee of 6.5% on the entire principal amount would equal 6.9519% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and will be added to the principal amount of my loan. To the extent permitted by law, and unless I timely cancel this Application/Promissory Note (see Paragraph B.2), I will not be entitled to a refund of any Loan Origination Fee after my loan has been disbursed.

**G. RIGHT TO PREPAY:** I have the right to prepay all or any part of my loan at any time without penalty.

**H. FORBEARANCE:** If I am unable to repay my loan in accordance with the terms established under this Application/Promissory Note, I may request that you modify

CONFIDENTIAL NCSLT0352

these terms. I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance, as described in Paragraph D.3.

I. WHOLE LOAN DUE: To the extent permitted by applicable law, I will be in default and you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Application/Promissory Note are due and payable at once (subject to any applicable law which may give me a right to cure my default) if: (1) I fail to make any monthly payment to you when due, (2) I die, (3) I break any of my other promises in this Application/Promissory Note, (4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefits of my creditors; or (5) I make any false written statement in applying for this loan or at any time during the Deferment or Repayment Periods. If I default, I will be required to pay interest on this loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. You may also add any interest and fees to the principal balance, and increase the Margin used to compute the Variable Rate by two percentage points (2%).

J. NOTICES:
1. I will send written notice to you, or any subsequent holder of this Application/Promissory Note, within ten days after any change in my name, address, or enrollment status.
2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me. Unless required by applicable law, you need not give a separate notice to the cosigner, if any.

K. INFORMATION:
1. I must update the information I provided to you whenever you ask me to do so.
2. I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

L. ADDITIONAL AGREEMENTS:
1. I understand that you are located in Ohio and that this Application/Promissory Note will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS APPLICATION/PROMISSORY NOTE WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES.
2. The proceeds of this loan will be used only for my educational expenses at the School. The Cosigner, if any, will not receive any of the loan proceeds.
3. My responsibility for paying the loan evidenced by this Application/Promissory Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Application/Promissory Note you may accept (a) late payments, (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay, fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Application/Promissory Note to me for payment or make protest of non-payment to me before suing to collect on this Application/Promissory Note if I am in default, and to the extent permitted by applicable law, I hereby waive any rights I might otherwise have to require such actions. I WILL NOT SEND YOU PARTIAL PAYMENTS MARKED "PAID IN FULL", "WITHOUT RECOURSE" OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.
4. I may not assign this Application/Promissory Note or any of its benefits or obligations. You may assign this Application/Promissory Note at any time.
5. The terms and conditions set forth in this Application/Promissory Note and Instructions constitute the entire agreement between you and me.
6. If any provision of this Application/Promissory Note is held invalid or unenforceable, that provision shall be considered omitted from this Application/Promissory Note without affecting the validity or enforceability of the remainder of this Application/Promissory Note.
7. A provision of this Application/Promissory Note may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Application/Promissory Note.
8. To the extent permitted by law, you have the right to apply money from any of my deposit account(s) with you to pay all or a portion of any amount overdue under this Application/Promissory Note. I hereby authorize you to obtain from the School all amounts which may be owed to me by the School, including any refund due to overpayment, early termination of enrollment, or otherwise, and I give you a security interest in all such amounts.
9. If this Application/Promissory Note is executed by more than one Borrower, each Borrower agrees that any communication between you and any of the Borrowers will be binding on all of the Borrowers. I intend to be treated as a principal of this Application/Promissory Note and not as a surety. To the extent I may be treated as a surety, I waive all notices to which I might otherwise be entitled as such by law, and all suretyship defenses that might be available to me (including, without limitation, contribution, subrogation and exoneration). I agree that the Borrower may agree to any forbearance or other modification of the repayment schedule and that such agreement will be binding on me. It shall not be necessary for you to resort to or

exhaust your remedies against the borrower before calling upon me to make repayment. For purposes of this paragraph only, "I" and "me" refer to the Cosigner only.
10. All dollar amounts stated in this Application/Promissory Note are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange.
11. If the Student fails to complete the education program paid for with this loan, the Cosigner and I are not relieved of any obligation within or pursuant to this Application/Promissory Note.
12. I acknowledge that the requested loan may be subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit loan guaranty agency.
13. I authorize any school that I may attend to release to other persons designated by you, any requested information pertinent to this loan (e.g. enrollment status, prior loan history, and current address).
14. I authorize the Lender, any subsequent holder of this Application/Promissory Note, and their agents to: (1) advise the School of the status of my application and my loan, (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Application/Promissory Note and related documents, (3) release information and make inquiries to the persons I have given you as references, for the purposes of learning my current address and telephone number, (4) check my credit and employment history and to answer questions about their credit experience with me.
15. Waiver by Lender. Except as stated in Paragraph L.8, you waive (give up) any right to claim a security interest in any property to secure this Application/Promissory Note. This does not affect any right to offset as a matter of law.

M. STATE DISCLOSURE NOTICES
**IOWA RESIDENTS** (For purposes of the following notice, the word "you" refers to the Borrower and the Cosigner, not the Lender): NOTICE TO CONSUMER. This is a consumer credit transaction. 1. DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THIS APPLICATION/PROMISSORY NOTE. 2. YOU ARE ENTITLED TO A COPY OF THIS PAPER. 3. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY AND MAYBE ENTITLED TO A REFUND OF UNEARNED CHARGES IN ACCORDANCE WITH LAW.
**CALIFORNIA RESIDENTS**: I have the right to prohibit the use of information contained in my credit file in connection with transactions not initiated by me. I may exercise this right by notifying the consumer credit reporting agency. A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. I have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.
**CALIFORNIA and UTAH RESIDENTS**: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.
**NEW YORK, RHODE ISLAND and VERMONT RESIDENTS**: A consumer report (credit report) may be obtained from a consumer-reporting agency (credit bureau) in connection with this loan. If I request (1) I will be informed whether or not consumer reports were obtained, and (2) if reports were obtained, I will be informed of the names and addresses of the credit bureaus that furnished the reports. If you agree to make this loan to me, a consumer credit report may be requested or used in connection with renewals or extensions of any credit for which I have applied, reviewing my loan, taking collection action on my loan, or legitimate purposes associated with my loan.
**MARYLAND RESIDENTS**: You elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland only to the extent not inconsistent with 12 U.S.C. § 85 and related regulations and opinions, which you expressly reserve.

**MISSOURI RESIDENTS**: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.
**NEVADA RESIDENTS**: This is a loan for study.
**OHIO RESIDENTS**: The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

WISCONSIN RESIDENTS   For married Wisconsin residents, my signature on this Application/Promissory Note confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 or court decree under Section 766.70 adversely affects the interest of the Lender unless the Lender, prior to the time that the loan is approved, is furnished with a copy of the agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the Lender is incurred. If the loan for which I am applying is granted, my spouse will also receive notification that credit has been extended to me.

NEW JERSEY RESIDENTS   The section headings of this Application/Promissory Note are a table of contents and not contract terms. Portions of this Application/Promissory Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Application/Promissory Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

N.  BORROWER'S CERTIFICATION:   I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including without limitation, the information contained in this Application/Promissory Note, is true, complete and correct to the best of my knowledge and belief and is made in good faith.  I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in default on a Federal Perkins Loan, a Federal Stafford Loan, a Federally Insured Student Loan, a Federal Supplemental Loan for Students (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.

O. STATE-SPECIFIC COSIGNER NOTICES:   For the purposes of the following notices only, the words "you" and "your" refer to the Cosigner, where applicable, not to the lender.

FOR OBLIGORS COSIGNING IN WEST VIRGINIA:

> **NOTICE TO COSIGNER**
> You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay it if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

FOR OBLIGORS COSIGNING IN VERMONT:

FOR OBLIGORS COSIGNING IN IOWA, NEW YORK AND SOUTH CAROLINA:

*NOTICE*:  You agree to pay the debt identified below although you may not personally receive any property, goods, services, or money. You may be sued for payment although the person who receives the property, goods, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the Application/Promissory Note or contract.  You will also have to pay some or all of these costs and charges if the Application/Promissory Note or contract, the payment of which you are guaranteeing requires the borrower to pay such costs and charges.   This notice is not the Application/Promissory Note or contract that obligates you to pay the debt.    Read the Application/Promissory Note or contract for the exact terms of your obligation.

IDENTIFICATION OF DEBT (S) YOU MAY HAVE TO PAY
Name of Debtor: The Borrower and Cosigner identified on the first page of this Application/Promissory Note.
Name of Creditor: Charter One Bank, N.A., and its successors and assigns.
Date:  If the loan is disbursed by check, the date of the check. If the loan is disbursed electronically, the date the creditor transmits the funds to the School.
Kind of Debt: Education loan.
Total of Payments: The Loan Amount Requested set forth on the first page of this Application/Promissory Note (to the extent advanced), plus interest and the Loan Origination Fee set forth in this Application/Promissory Note.

*NOTICE TO COSIGNER*

YOUR SIGNATURE ON THIS APPLICATION/PROMISSORY NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

CONFIDENTIAL NCSLT0354

## FEDERAL AND CALIFORNIA COSIGNER NOTICES

For the purposes of these Notices, the words "you" and "your" refer to the Cosigner, not the lender.

---

**NOTICE TO COSIGNER (Traduccion en Ingles Se Requiere Por La Ley):**

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The holder of the loan can collect this debt from you without first trying to collect from the borrower. The holder of the loan can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

---

**AVISO PARA EL FIADOR (Spanish Translation Required by Law):**

Se le está pidiendo que garantice esta deuda. Piénselo con cuidado antes de ponerse de acuerdo. Si la persona que ha pedido este préstamo no paga la deuda, usted tendrá que pagarla. Esté seguro de que usted podrá pagar si sea obligado a pagarla y de que usted desea aceptar la responsabilidad.

Si la persona que ha pedido el préstamo no paga la deuda, es posible que usted tenga que pagar la suma total de la deuda, mas los cargos por tardarse en el pago o el costo de cobranza, lo cual aumenta el total de esta suma.

El acreedor (financiero) puede cobrarle a usted sin, primeramente, tratar de cobrarle al deudor. Los mismos metodos de cobranza que pueden usarse contra el deudor, podran usarse contra usted, tales como presentar una demanda en corte, quitar parte de su sueldo, etc. Si alguna vez no se cumpla con la obligación de pagar esta deuda, se puede incluir esa información en la historia de credito de usted.

Este aviso no es el contrato mismo en que se le echa a usted la responsibilidad de la deuda.

---

{W0012895.3}AB.02-03 CLCO.20RF.0502.FD

CONFIDENTIAL NCSLT0355

## Charter One Bank Loan Application/Promissory Note Instructions

You have been conditionally approved for a Private Education Loan. Attached is your Application/Promissory Note. Please review it carefully and follow the steps listed below for final loan approval and disbursement of your funds.

Student's Mailing Address

**This is a Legal Document**
**Urgent Reply Requested**

## Follow these 4 Steps to receive your loan funds quickly:

_____ 1.  REVIEW all pre-printed information, complete and SIGN the Loan Application/Promissory Note
  - **Please complete the required Citizenship and Reference Information items.**
  - If you find any incorrect information, put one line through the item that needs to be corrected, make the appropriate change directly above the item and initial the change. Please do not use correction fluid ("white out").
  - Be sure to legibly sign the bottom of the first page of the Application/Promissory Note. Your signature must match the name pre-printed on the Application/Promissory Note.
  - Do not cross out anything in the date or signature fields. If you have made an error on the signature or date lines, please contact us as you will need to complete a new promissory note.

_____ 2.  ATTACH proof of income
  - For regular wage earners: Provide a copy of your current paycheck stub with year-to-date earnings.
  - For self-employed individuals: provide your **Federal tax returns for the last 2 years**, complete with all schedules and signatures.
  - For retired individuals: provide your **1099 forms for the last 2 years**.

_____ 3.  ATTACH proof of school enrollment  (all forms must contain student and school name)
  - Copy of current tuition bill from the school, **OR**
  - Copy of acceptance letter from the school verifying enrollment, **OR**
  - Copy of current registration schedule from the school.

_____ 4.  RETURN signed paperwork and all requested documents
  - Return the signed signature page from the Application/Promissory Note along with the other information described in Steps 2 and 3 above to the address below. Retain all remaining pages for your records.



For regular delivery, mail to:          For overnight delivery, send to:
TERI                                    TERI
P.O. Box 312                            330 Stuart St. Suite 500
Boston MA  02117-0312                   Boston, MA  02116

**Once I return my Loan Application/Promissory Note, when will a disbursement date be set for my loan?**
Final approval of your loan is based upon receipt of the signed signature page and proof of income and enrollment. Please allow 2 business days from receipt of your completed paperwork to disbursement of your funds. At the time your loan is disbursed, you will also be mailed a loan disclosure statement confirming the repayment terms of your loan.

**How can I check the status of my loan and confirm the disbursement date of my funds?**
You can check the status of your loan and confirm the disbursement date of your loan check at anytime. Simply visit us online at www.teri.org or call 1-800-704-9398.

**\* *Creditworthy CEL* \*   Loan Application/Promissory Note – Signature Page**

NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION

## LOAN PROGRAM INFORMATION

Charter One Continuing Education Loan Program          Lender:   Charter One Bank, N.A.

Loan Amount Requested:                    School:                    Academic Period:

Deferral Period Margin:                   Repayment Period Margin:

Loan Origination Fee Percentage:

## STUDENT BORROWER INFORMATION (Must be at least 18 years of age)

Borrower Name:                  Home Address:
Social Security #:              Date of Birth:                    Home Telephone:
Have you ever defaulted on a student loan or declared bankruptcy?   ☐ No   ☐ Yes

Current Employer:                                            Employer Telephone:
Current Position:                    Years There:            Gross Annual Salary:

Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation.   If you are relying on such additional income, please provide details on a separate sheet of paper.

### Please complete the required information below:

Student Citizenship (check one box):   ☐ U.S. Citizen          ☐ Eligible Non-Citizen (Attach front & back copy of INS or student visa card)
Personal Reference Name:_____   Reference Home Tel #:_____   Work Tel #:_____
Reference  Street Address:_____
Reference City/State/Zip:_____

By my signature. I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Application/Promissory Note AB.02-03 CLCW.20RF.0502.  I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties. which may include fines or imprisonment

FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER: (a)  DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b)  DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.
(c)  YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d)  YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

PLEASE SIGN BELOW – RETURN This Page With Proof of Income and Enrollment

Signature of Borrower _____          Date _____

**Attach Paycheck Stub Here (if applicable)**

{W0012884.3} AB.02-03.CLCW.20RF.0502

CONFIDENTIAL NCSLT0357

In this Application/Promissory Note, the words "I", "me", "my", and "mine" mean the person who signed this Application/Promissory Note as Borrower. The words "you", "your", "yours", and "Lender" mean Charter One Bank, N.A., its successors and assigns, and any other holder of this Application/Promissory Note. "School" means the school named at the top of the first page of this Application/Promissory Note.

**A. PROMISE TO PAY:** I promise to pay to you the principal sum of the Loan Amount Requested shown on the first page of this Application/Promissory Note, to the extent it is advanced to me or paid on my behalf, and any Loan Origination Fee added to my loan (see Paragraph F), interest on such principal sum, interest on any unpaid interest added to the principal balance, and late charges (see Paragraph E.7).

**B. IMPORTANT – READ THIS CAREFULLY:**

1. When you receive my signed Application, you are not agreeing to lend me money. If you decide to make a loan to me, you will electronically transfer the loan funds to the School for me, mail a loan check to the School for me, or mail a loan check directly to me. You have the right to not make a loan or to lend an amount less than the Loan Amount Requested. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.

2. **HOW I AGREE TO THE TERMS OF THIS LOAN.** By signing this Application/Promissory Note, and submitting it to the Lender, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Application/Promissory Note. If you approve this request and agree to make this loan, you will notify me in writing and provide me with a Disclosure Statement, as required by law, at the time the Loan proceeds are disbursed. The Disclosure Statement is incorporated herein by reference and made a part hereof. The Disclosure Statement will tell me the amount of the loan which you have approved, the amount of the Loan Origination Fee, and other important information. It will let you know that I agree to the terms of the loan as set forth in this Application/Promissory Note and in the Disclosure Statement, by doing either of the following: (a) endorsing the check that disburses the loan proceeds; or (b) allowing the loan proceeds to be used by or on behalf of the Student Borrower without objection. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions. If I am not satisfied with the terms of my loan, as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice within ten (10) days after I received the Disclosure Statement. If loan proceeds have been disbursed, I agree that I will immediately return the loan proceeds to you, will not endorse any check which disburses the loan proceeds and will instruct the School to return any loan proceeds to you. If I give notice of cancellation but do not comply with the requirements of this Paragraph B.2, this Application/Promissory Note will not be cancelled and I will be in default of this Application/Promissory Note. (See Paragraph I)

**C. DEFINITIONS:**

1. "Disbursement Date" means the date or dates on which you lend money to me in consideration for my Application/Promissory Note and will be the date or dates of my loan check or electronic funds transfer.

2. The "Deferment Period" will begin on the Disbursement Date and end on the Deferment End Date.

3. "Deferment End Date" has the following meaning:
(a). If the Student is enrolled in a degree or certificate-granting program at the School, the earlier of the date which is (i) 180 days after the Student graduates or earns the certificate (ii) 180 days after the Student ceases to be enrolled at the School; or (iii) 2 years after date of the last loan disbursement under this Application/Promissory Note. (b). If the Student is not enrolled in a degree or certificate-granting program at the School, the earlier of the date which is (i) 180 days after the end of the Academic Period described on the first page of this Application/Promissory Note; or (ii) 180 days after the Student ceases to be enrolled at the School.

4. The "Repayment Period" begins the day after the Deferment Period ends. If there is no Deferment Period for my loan, the Repayment Period will begin when my loan is fully disbursed. Before my first payment is due you will disclose the anticipated Repayment Period. The anticipated Repayment Period will not exceed 20 years (25 years for loans of $40,000 or more), although the Repayment Period may increase by up to 2½ years if the Variable Rate (Paragraph D.2) increases ("Maximum Repayment Period"). (See Paragraphs E.2 and E.3.)

**D. INTEREST:**

1. Accrual – Beginning on the first Disbursement Date, interest on the outstanding balance of this Application/Promissory Note will be calculated at the Variable Rate (Paragraph D.2) or the principal balance advanced, and on any unpaid interest added to principal according to Paragraph D.3, below, until all amounts are paid in full. Interest will be calculated on a daily simple interest basis. The daily interest rate will be equal to the annual interest rate in effect on that day, divided by the number of days in that calendar year.

2. Variable Rate – The "Variable Rate" is equal to the Current Index plus or minus a Margin. The Margins for both the Deferment Period and the Repayment Period are shown on the first page of this Application/Promissory Note. In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio. The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is based on the one-month London Interbank Offered Rate ("LIBOR") as published in the "Money

Rates" section of *The Wall Street Journal*. The index for each calendar quarter (or for any shorter period beginning on a Disbursement Date and ending on the last day of a calendar quarter) will equal the average of the LIBOR rates published on the first business day of each of the three (3) immediately preceding calendar months, rounded to the nearest one-hundredth percent (0.01%). If *The Wall Street Journal* is not published or the Current Index is not given on that date, then the Current Index will be determined by using the immediately preceding published Current Index. If the Current Index is no longer available, you will choose a comparable index.

3. Capitalization – I am not obligated to make any payments until the loan enters the Repayment Period. You will add unpaid accrued interest to the principal loan balance on the last day of each calendar quarter (the last day of December, March, June and September) during the Deferment Period and at the end of my Deferment Period. Interest that is added to principal is called "Capitalized" interest. Capitalized interest will be treated as principal. In addition, if I am in default and the loan has been sold to TERI (see Section L.11), TERI may capitalize accrued and unpaid interest as of the date it purchases my loan. I understand that you will add all accrued and unpaid interest to the principal balance of my loan on the last day of the Deferment Period and at the end of any forbearance period.

**E. TERMS OF REPAYMENT:**

1. Deferment Period – You will send statements during the Deferment Period (showing the total of my loan disbursements and the interest that accrues on my loan). Statements will be sent to the Borrower at the address shown on your records. I may, but am not required to, make payments during the Deferment Period. You will add any interest that I do not pay during the Deferment Period to the principal balance at the end of the Deferment Period, as described in Paragraph D.3. Thereafter, the accrued interest will be treated as principal.

2. Repayment Period – During the Repayment Period, you will send me monthly statements or a coupon book which shows the amounts of minimum monthly payments and the payment due dates. I will make consecutive monthly payments in amounts at least equal to such minimum monthly payments by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Application/Promissory Note.

3. Repayment Terms – My monthly payment will be established based on the rules in this Application/Promissory Note when my Repayment Period begins. My loan term will be calculated each Change Date to equal the term necessary to amortize the unpaid balance at the current payment amount, provided that my loan term will never exceed the length of the Maximum Repayment Period. If my loan term is already equal to the Maximum Repayment Period, the amounts shown on my monthly statements or in my coupon book will be consecutive monthly installments of principal and interest calculated each Change Date to equal the amount necessary to amortize the unpaid principal balance (including any capitalized interest) of my loan (as of the date of calculation) in equal monthly installments of principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period.

4. Minimum Repayment – Notwithstanding Paragraph E.3, I agree to pay at least $25 each month during the Repayment Period or the unpaid balance whichever is less. I understand that I may pay more than my monthly payment at any time without penalty or charge. I understand that this may result in my loan being paid off before the end of the Repayment Period.

5. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional interest. If I have not paid my late charges, I will also owe additional amounts for those late charges. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.

6. Payments – Payments will be applied first to late charges, other fees and charges, accrued interest, and the remainder to principal.

7. Other Charges – If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late charge not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Application/Promissory Note, including reasonable collection agency and attorney's fees and court costs and other collection costs.

**F. LOAN ORIGINATION FEE:** If you charge me, I will pay you a Loan Origination Fee at the time my loan is disbursed. The dollar amount of any Loan Origination Fee will be determined by multiplying the sum of the Loan Origination Fee and the Loan Amount Requested, to the extent advanced to me, times the Loan Origination Fee Percentage shown on the first page of this Application/Promissory Note. The percentage would be higher if computed only on the amount advanced rather than the entire principal amount (Loan Origination Fee plus Loan Amount Requested). For example, a nominal Loan Origination Fee of 5.5% on the entire principal amount would equal 5.9519% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and will be added to the principal amount of my loan. To the extent permitted by law, and unless I timely cancel this Application/Promissory Note (see Paragraph B.2), I will not be entitled to a refund of any Loan Origination Fee after my loan has been disbursed.

**G. RIGHT TO PREPAY:** I have the right to prepay all or any part of my loan at any time without penalty.

**H. FORBEARANCE:** If I am unable to repay my loan in accordance with the terms established under this Application/Promissory Note, I may request that you modify these terms. I understand that such modification would be at your option. I understand

CONFIDENTIAL NCSL10358

2 of 4

that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance as described in Paragraph D.3

I. **WHOLE LOAN DUE:** To the extent permitted by applicable law, I will be in default and you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Application/Promissory Note are due and payable at once (subject to any applicable law which may give me a right to cure my default) if (1) I fail to make any monthly payment to you when due; (2) I die; (3) I break any of my other promises in this Application/Promissory Note; (4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefits of my creditors; (5) I make any false written statement in applying for this loan or at any time during the Deferment or Repayment Periods. If I default, I will be required to pay interest on this loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. You may also add any interest and fees to the principal balance, and increase the Margin used to compute the Variable Rate by two percentage points (2%).

J. **NOTICES:**
1. I will send written notice to you, or any subsequent holder of this Application/Promissory Note, within ten days after any change in my name, address, or enrollment status.
2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me.

K. **INFORMATION:**
1. I must update the information I provided to you whenever you ask me to do so.
2. I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

L. **ADDITIONAL AGREEMENTS:**
1. I understand that you are located in Ohio and that this Application/Promissory Note will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS APPLICATION/PROMISSORY NOTE WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES.
2. The proceeds of this loan will be used only for my educational expenses at the School.
3. My responsibility for paying the loan evidenced by this Application/Promissory Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Application/Promissory Note you may accept (a) late payments (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay, fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Application/Promissory Note to me for payment or make protest of non-payment to me before suing to collect on this Application/Promissory Note if I am in default, and to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions. I WILL NOT SEND YOU PARTIAL PAYMENTS MARKED "PAID IN FULL," "WITHOUT RECOURSE" OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.
4. I may not assign this Application/Promissory Note or any of its benefits or obligations. You may assign this Application/Promissory Note at any time.
5. The terms and conditions set forth in this Application/Promissory Note and instructions constitute the entire agreement between you and me.
6. If any provision of this Application/Promissory Note is held invalid or unenforceable, that provision shall be considered omitted from this Application/Promissory Note without affecting the validity or enforceability of the remainder of this Application/Promissory Note.
7. A provision of this Application/Promissory Note may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Application/Promissory Note.
8. To the extent permitted by law, you have the right to apply money from any of my deposit account(s) with you to pay all or a portion of any amount overdue under this Application/Promissory Note. I hereby authorize you to obtain from the School all amounts which may be owed to me by the School, including any refund due to overpayment, early termination of enrollment or otherwise, and I give you a security interest in all such amounts.
9. All dollar amounts stated in this Application/Promissory Note are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange.
10. If I fail to complete the education program paid for with this loan, I am not relieved of any obligation within or pursuant to this Application/Promissory Note.
11. I acknowledge that the requested loan may be subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit loan guaranty agency.

12. I authorize any school that I may attend to release to other persons designated by you any requested information pertinent to this loan (e.g. enrollment status, prior loan history, and current address).
13. I authorize the Lender, any subsequent holder of this Application/Promissory Note, and their agents to: (1) advise the School of the status of my application and my loan; (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Application/Promissory Note and related documents; (3) release information and make inquiries to the persons I have given you as references, for the purposes of learning my current address and telephone number; (4) check my credit and employment history and to answer questions about their credit experience with me.
14. Waiver by Lender. Except as stated in Paragraph L.8, you waive (give up) any right to claim a security interest in any property to secure this Application/Promissory Note. This does not affect any right to offset as a matter of law.

M. **STATE DISCLOSURE NOTICES**

**IOWA RESIDENTS** (For purposes of the following notice, the word "you" refers to the Borrower, not the Lender): NOTICE TO CONSUMER. This is a consumer credit transaction. 1. DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THIS APPLICATION/PROMISSORY NOTE. 2. YOU ARE ENTITLED TO A COPY OF THIS PAPER. 3. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY AND MAYBE ENTITLED TO A REFUND OF UNEARNED CHARGES IN ACCORDANCE WITH LAW.

**CALIFORNIA RESIDENTS:** I have the right to prohibit the use of information contained in my credit file in connection with transactions not initiated by me. I may exercise this right by notifying the consumer credit reporting agency. A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. I have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

**CALIFORNIA and UTAH RESIDENTS:** As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

**NEW YORK, RHODE ISLAND AND VERMONT RESIDENTS:** A consumer report (credit report) may be obtained from a consumer-reporting agency (credit bureau) in connection with this loan. If I request (1) I will be informed whether or not consumer reports were obtained, and (2) if reports were obtained, I will be informed of the names and addresses of the credit bureaus that furnished the reports. If you agree to make this loan to me, a consumer credit report may be requested or used in connection with renewals or extensions of any credit for which I have applied, reviewing my loan, taking collection action on my loan, or legitimate purposes associated with my loan.

**MARYLAND RESIDENTS:** You elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland only to the extent not inconsistent with 12 U.S.C. § 85 and related regulations and opinions, which you expressly reserve.

**MISSOURI RESIDENTS:** Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

**NEVADA RESIDENTS:** This is a loan for study.

**OHIO RESIDENTS:** The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

**WISCONSIN RESIDENTS:** For married Wisconsin residents, my signature on this Application/Promissory Note confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 or court decree under Section 766.70 adversely affects the interest of the Lender unless the Lender, prior to the time that the loan is approved, is furnished with a copy of the agreement, statement or decree or has actual knowledge of the adverse provision when the obligation to the Lender is incurred. If the loan for which I am applying is granted, my spouse will also receive notification that credit has been extended to me.

**NEW JERSEY RESIDENTS:** The section headings of this Application/Promissory Note are a table of contents and not contract terms. Portions of this Application/Promissory Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Application/Promissory Note, acts or practices (i) by you which are or may be permitted by "applicable law" are

permitted by New Jersey law; and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

**N. BORROWER'S CERTIFICATION:** I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including, without limitation, the information contained in this Application/Promissory Note, is true, complete and correct to the best of my knowledge and belief and is made in good faith. I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in default on a Federal Perkins Loan, a Federal Stafford Loan, a Federally Insured Student Loan, a Federal Supplemental Loan for Students (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.

CONFIDENTIAL NCSLT0360

## Charter One Bank Loan Application/Promissory Note Instructions

You have been conditionally approved for a Private Education Loan. Attached is your Application/Promissory Note. Please review it carefully and follow the steps listed below for final loan approval and disbursement of your funds.

> Student's Mailing Address

**This is a Legal Document
Urgent Reply Requested**

## Follow these 4 Steps to receive your loan funds quickly:

_____ 1.   REVIEW all pre-printed information, complete and SIGN the Loan Application/Promissory Note
   - **Please complete the required Citizenship and Reference information items.**
   - If you find any incorrect information, put one line through the item that needs to be corrected, make the appropriate change directly above the item and initial the change. Please do not use correction fluid ("white out").
   - Be sure to legibly sign the bottom of the first page of the Application/Promissory Note. Signature of the borrower must match the name pre-printed on the Application/Promissory Note.
   - Do not cross out anything in the date or signature fields. If you have made an error on the signature or date lines, please contact us as you will need to complete a new promissory note.

_____ 2.   ATTACH proof of income
   - For regular wage earners: Provide a copy of your current paycheck stub with year-to-date earnings.
   - For self-employed individuals: provide your **Federal tax returns for the last 2 years,** complete with all schedules and signatures.
   - For retired individuals: provide your **1099 forms for the last 2 years.**

_____ 3.   ATTACH proof of enrollment and other required information
   School Enrollment (all forms must contain student and school name)
   - Copy of current tuition bill from the school, **OR**
   - Copy of acceptance letter from the school verifying enrollment. **OR**
   - Copy of current registration schedule from the school.

   - If the student is an "eligible non-citizen," you must provide one of the following: Form F-1 or I-20, alien registration receipt card with valid expiration date, departure record 194 with valid expiration date issued from INS Showing "Refugee, Asylum Granted, or Indefinite Parole" and/or Humanitarian Parole.
   - If the student has defaulted on a student loan or declared bankruptcy, please provide a letter indicating the state where you lived when this condition occurred, the reason it occurred, and the arrangements made to repay your debt(s).
   - If the student is relying on alimony or child support payments to repay this loan, please provide a complete copy of the divorce decree.

_____ 4.   RETURN signed paperwork and all requested documents
   - Return the signed signature page from the Application/Promissory Note along with the other information described in Steps 2 and 3 above to the address below. Retain all remaining pages for your records.

For regular delivery, mail to:
TERI
P.O. Box 312
Boston MA  02117-0312

For overnight delivery, send to:
TERI
330 Stuart St. Suite 500
Boston, MA  02116

**Once I return my Loan Application/Promissory Note, when will a disbursement date be set for my loan?**
Final approval of your loan is based upon receipt of the signed signature page and proof of income and enrollment. Please allow 2 business days from receipt of your completed paperwork to disbursement of your loan funds. At the time your loan is disbursed, you will also be mailed a loan disclosure statement confirming the repayment terms of your loan.

**How can I check the status of my loan and confirm the disbursement date of my funds?**
You can check the status of your loan and confirm the disbursement date of your loan check at anytime. Simply visit us online at www.teri.org or call 1-800-704-9398.

CONFIDENTIAL NCSLT0361

[W0012882.3] AB 02-03 CR.WO.20RF 0502

| **\* *Creditworthy Student* \***    Loan Application/Promissory Note – Signature Page |
|---|

**NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION**

### LOAN PROGRAM INFORMATION

Charter One Alternative Loan Program      Lender: Charter One Bank, N.A.      Repayment Option:

Loan Amount Requested:      School:      Academic Period:

Deferral Period Margin:      Repayment Period Margin:

Loan Origination Fee Percentage:

### STUDENT BORROWER INFORMATION (Must be at least 18 years of age)

Borrower Name:      Home Address:
Social Security #:      Date of Birth:      Home Telephone:
Have you ever defaulted on a student loan or declared bankruptcy?    ☐ No    ☐ Yes
Current Employer:      Employer Telephone:
Current Position:      Years There:      Gross Annual Salary:

Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation. If you are relying on such additional income, please provide details on a separate sheet of paper.

### Please complete the required information below:
Student Citizenship (check one box):    ☐ U.S. Citizen      ☐ Eligible Non-Citizen
Personal Reference Name: _____      Reference Home Tel #: _____    Work Tel #: _____
Reference Street Address: _____
Reference City/State/Zip: _____

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Application/Promissory Note AB 02-03 CRWO 20RF 0502. I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment.

**FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.**

**PLEASE SIGN BELOW – RETURN This Page With Proof of Income and Other Information (if applicable)**

Signature of Borrower _____    Date _____

**Attach Paycheck Stub Here (if applicable)**

CONFIDENTIAL NCSLT0362

In this Application/Promissory Note, the words "I", "me", "my", and "mine" mean the person who signed this Application/Promissory Note as Borrower. The words "you", "your", "yours", and "Lender" mean Charter One Bank, N.A., its successors and assigns and any other holder of this Application/Promissory Note. "School" means the school named at the top of the first page of this Application/Promissory Note.

**A. PROMISE TO PAY:** I promise to pay to you the principal sum of the Loan Amount Requested shown on the first page of this Application/Promissory Note, to the extent it is advanced to me or paid on my behalf, and any Loan Origination Fee added to my loan (see Paragraph F), interest on such principal sum, interest on any unpaid interest added to the principal balance, and late charges (see Paragraph E.7).

**B. IMPORTANT – READ THIS CAREFULLY:**
1. When you receive my signed Application, you are not agreeing to lend me money. If you decide to make a loan to me, you will electronically transfer the loan funds to the School for me, mail a loan check to the School for me, or mail a loan check directly to me. You have the right to not make a loan or to lend an amount less than the Loan Amount Requested. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.

2. **HOW I AGREE TO THE TERMS OF THIS LOAN.** By signing this Application/Promissory Note and submitting it to the Lender, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Application/Promissory Note. If you approve this request and agree to make this loan, you will notify me in writing and provide me with a Disclosure Statement, as required by law, at the time the Loan proceeds are disbursed. The Disclosure Statement is incorporated herein by reference and made a part hereof. The Disclosure Statement will tell me the amount of the loan which you have approved, the amount of the Loan Origination Fee, and other important information. I will let you know that I agree to the terms of the loan as set forth in this Application/Promissory Note and in the Disclosure Statement by doing either of the following: (a) endorsing the check that disburses the loan proceeds; or (b) using or allowing the loan proceeds to be used on my behalf without objection. Upon receipt of the Disclosure Statement I will review the Disclosure Statement and notify you in writing if I have any questions. If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice within ten (10) days after I received the Disclosure Statement. If loan proceeds have been disbursed, I agree that I will immediately return the loan proceeds to you, will not endorse any check which disburses the loan proceeds and will instruct the School to return any loan proceeds to you. If I give notice of cancellation but do not comply with the requirements of this Paragraph B.2, this Application/Promissory Note will not be canceled and I will be in default of this Application/Promissory Note (See Paragraph I).

**C. DEFINITIONS:**
1. "Disbursement Date" means the date or dates on which you lend money to me in consideration for my Application/Promissory Note and will be the date or dates of my loan check or electronic funds transfer.

2. The "Deferment Period" will begin on the Disbursement Date and end on the Deferment End Date.

3. "Deferment End Date" means the date specified below for the applicable loan program (the applicable loan program is stated on the first page of this Application/Promissory Note):

(a) *Undergraduate Alternative Loan Program:* If I have elected the "Immediate Repayment" option (the applicable repayment option is stated on the first page of this Application/Promissory Note), there is no Deferment Period, and my first payment will be 45 days after the last disbursement of my loan. If I have elected the "Interest Only" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then interest payments will begin 45 days after the first disbursement of my loan, and the "Deferment End Date" will be 45 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this loan program). If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then the "Deferment End Date" will be 180 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this Loan Program). In any event, the Deferment End Date will be no more than 4½ years after the Disbursement Date (or 5½ years if the Student is enrolled in a five-year undergraduate program at the School). If I have not specifically elected to defer payments or to defer principal deferment of principal and interest payments will apply.

(b) *Graduate Professional Education Loan Program:* 180 days after the Student graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date, provided, however, that if the Student begins a medical residency or internship during the Deferment Period, then the Deferment Period will end 180 days after the day the residency or internship ends, but no more than 8½ years after the Disbursement Date.

(c) *Health Professions Education Loan Program:* 270 days after the Student graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date, provided, however, that if the Student begins a medical

residency or internship during the Deferment Period, then the Deferment Period will end 270 days after the day the residency or internship ends.

(d) *Consolidation Loan Programs*: There is no Deferment Period.

4. The "Repayment Period" begins the day after the Deferment Period ends. If there is no Deferment Period for my loan, the Repayment Period will begin when my loan is fully disbursed. Before my first payment is due, you will disclose the anticipated Repayment Period. The anticipated Repayment Period will not exceed 20 years (25 years for loans of $40,000 or more), although the Repayment Period may increase by up to 2½ years if the Variable Rate (Paragraph D.2) increases ("Maximum Repayment Period"). (See Paragraphs E.2 and E.3.)

**D. INTEREST:**
1. Accrual – Beginning on the first Disbursement Date, interest on the outstanding balance of this Application/Promissory Note will be calculated at the Variable Rate (Paragraph D.2) on the principal balance advanced, and on any unpaid interest added to principal according to Paragraph D.3., below, until all amounts are paid in full. Interest will be calculated on a daily simple interest basis. The daily interest rate will be equal to the annual interest rate in effect on that day, divided by the number of days in that calendar year.

2. Variable Rate – The "Variable Rate" is equal to the Current Index plus or minus a Margin. The Margins for both the Deferment Period and the Repayment Period are shown on the first page of this Application/Promissory Note. In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio. The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is based on the one-month London Interbank Offered Rate ("LIBOR") as published in the "Money Rates" section of *The Wall Street Journal*. The Index for each calendar quarter (or for any shorter period beginning on a Disbursement Date and ending on the last day of a calendar quarter) will equal the average of the LIBOR rates published on the first business day of each of the three (3) immediately preceding calendar months, rounded to the nearest one-hundredth percent (0.01%). If *The Wall Street Journal* is not published or the Current Index is not given on that date, then the Current Index will be determined by using the immediately preceding published Current Index. If the Current Index is no longer available, you will choose a comparable index.

3. Capitalization – If payment of principal and interest is deferred (Paragraph C.2) and I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), I am not obligated to make any payments until the loan enters the Repayment Period. You will add unpaid accrued interest to the principal loan balance on the last day of each calendar quarter (the last day of December, March, June and September) during the Deferment Period and at the end of my Deferment Period. Interest that is added to principal is called "Capitalized" interest. Capitalized interest will be treated as principal. In addition, if I am in default and the loan has been sold to TERI (see Section L.11), TERI may capitalize accrued and unpaid interest as of the date it purchases my loan. I understand that you will add all accrued and unpaid interest to the principal balance of my loan on the last day of the Deferment Period and at the end of any forbearance period.

**E. TERMS OF REPAYMENT:**
1. Deferment Period – If I have elected either the "Interest Only" repayment option or the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), you will send me statements during the Deferment Period (showing the total of my loan disbursements and the interest that accrues on my loan). Statements will be sent to the address shown on your records. If I have elected the "Interest Only" repayment option, I agree to make payments each month during the Deferment Period equal to the accrued interest on the outstanding balance of this Application/Promissory Note. If I have elected the "Full Deferral" repayment option I may, but am not required to make payments during the Deferment Period. You will add any interest that I do not pay during the Deferment Period to the principal balance, as described in Paragraph D.3.

2. Repayment Period – During the Repayment Period, you will send me monthly statements or a coupon book which shows the amounts of minimum monthly payments and the payment due dates. I will make consecutive monthly payments in amounts at least equal to such minimum monthly payments by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Application/Promissory Note.

3. Repayment Terms – My monthly payment will be established based on the rules in this Application/Promissory Note when my Repayment Period begins. My loan term will be calculated each Change Date to equal the term necessary to amortize the unpaid balance at the current payment amount, provided that my loan term will never exceed the length of the Maximum Repayment Period. If my loan term is already equal to the Maximum Repayment Period, the amounts shown on my monthly statements or in my coupon book will be consecutive monthly installments of principal and interest calculated each Change Date to equal the amount necessary to amortize the unpaid principal balance (including any capitalized interest) of my loan (as of the date of calculation) in equal monthly installments of principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period.

CONFIDENTIAL NCSLT0363

4. Minimum Repayment – Notwithstanding Paragraph E.3, I agree to pay at least $25 each month during the Repayment Period or the unpaid balance whichever is less. I understand that I may pay more than my monthly payment at any time without penalty or charge. I understand that this may result in my loan being paid off before the end of the Repayment Period.

5. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional interest. If I have not paid my late charges, I will also owe additional amounts for those late charges. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.

6. Payments – Payments will be applied first to late charges, other fees and charges, accrued interest, and the remainder to principal.

7. Other Charges - If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late charge not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Application/Promissory Note, including reasonable collection agency and attorney's fees and court costs and other collection costs.

F. LOAN ORIGINATION FEE: If you charge me, I will pay you a Loan Origination Fee at the time my loan is disbursed. The dollar amount of any Loan Origination Fee will be determined by multiplying the sum of the Loan Origination Fee and the Loan Amount Requested, to the extent advanced to me, times the Loan Origination Fee Percentage shown on the first page of this Application/Promissory Note. The percentage would be higher if computed only on the amount advanced rather than the entire principal amount (Loan Origination Fee plus Loan Amount Requested). For example, a nominal Loan Origination Fee of 6.5% on the entire principal amount would equal 6.951% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and will be added to the principal amount of my loan. To the extent permitted by law, and unless I timely cancel this Application/Promissory Note (see Paragraph B.2), I will not be entitled to a refund of any Loan Origination Fee after my loan has been disbursed.

G. RIGHT TO PREPAY: I have the right to prepay all or any part of my loan at any time without penalty.

H. FORBEARANCE: If I am unable to repay my loan in accordance with the terms established under this Application/Promissory Note, I may request that you modify these terms. I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance as described in Paragraph D.3.

I. WHOLE LOAN DUE: To the extent permitted by applicable law, I will be in default and you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Application/Promissory Note are due and payable at once (subject to any applicable law which may give me a right to cure my default) if: (1) I fail to make any monthly payment to you when due, (2) I die, (3) I break any of my other promises in this Application/Promissory Note, (4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors, or (5) I make any false written statement in applying for this loan or at any time during the Deferment or Repayment Periods. If I default, I will be required to pay interest on this loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. You may also add any interest and fees to the principal balance and increase the Margin used to compute the Variable Rate by two percentage points (2%).

J. NOTICES:

1. I will send written notice to you, or any subsequent holder of this Application/Promissory Note within ten days after any change in my name, address, or enrollment status.

2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me.

K. INFORMATION:

1. I must update the information I provided to you whenever you ask me to do so.

2. I authorize you, from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

L. ADDITIONAL AGREEMENTS:

1. I understand that you are located in Ohio and that this Application/Promissory Note will be entered into the same state. CONSEQUENTLY, THE PROVISIONS OF THIS APPLICATION/PROMISSORY NOTE WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES.

2. The proceeds of this loan will be used only for my educational expenses at the School or to pay off other educational loans.

3. My responsibility for paying the loan evidenced by this Application/Promissory Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Application/Promissory Note you may: accept (a) late payments (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay failing to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time, or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Application/Promissory Note to me for payment or make protest of non-payment to me

before suing to collect on this Application/Promissory Note if I am in default, and to the extent permitted by applicable law. I hereby waive any right I might otherwise have to require such actions. I WILL NOT SEND YOU PARTIAL PAYMENTS MARKED "PAID IN FULL", "WITHOUT RECOURSE" OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.

4. I may not assign this Application/Promissory Note or any of its benefits or obligations. You may assign this Application/Promissory Note at any time.

5. The terms and conditions set forth in this Application/Promissory Note and Instructions constitute the entire agreement between you and me.

6. If any provision of this Application/Promissory Note is held invalid or unenforceable, that provision shall be considered omitted from this Application/Promissory Note without affecting the validity or enforceability of the remainder of this Application/Promissory Note.

7. A provision of this Application/Promissory Note may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Application/Promissory Note.

8. To the extent permitted by law, you have the right to apply money from any of my deposit account(s) with you to pay all or a portion of any amount overdue under this Application/Promissory Note. I hereby authorize you to obtain from the School all amounts which may be owed to me by the School, including any refund due to overpayment, early termination of enrollment, or otherwise, and I give you a security interest in all such amounts.

9. All dollar amounts stated in this Application/Promissory Note are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange.

10. If I fail to complete the education program paid for with this loan, I am not relieved of any obligation within or pursuant to this Application/Promissory Note.

11. I acknowledge that the requested loan may be subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit loan guaranty agency.

12. I authorize any school that I may attend to release to other persons designated by you any requested information pertinent to this loan (e.g. enrollment status, prior loan history, and current address).

13. I authorize the Lender, any subsequent holder of this Application/Promissory Note, and their agents to (1) advise the School of the status of my application and my loan, (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Application/Promissory Note and related documents (3) release information and make inquiries to the persons I have given you as references for the purposes of learning my current address and telephone number, (4) check my credit and employment history and to answer questions about their credit experience with me.

14. Waiver by Lender. Except as stated in Paragraph L.8, you waive (give up) any right to claim a security interest in any property to secure this Application/Promissory Note. This does not affect any right to offset as a matter of law.

M. STATE DISCLOSURE NOTICES

IOWA RESIDENTS (For purposes of the following notice, the word "you" refers to the Borrower, not the Lender): NOTICE TO CONSUMER. This is a consumer credit transaction. 1. DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THIS APPLICATION/PROMISSORY NOTE. 2. YOU ARE ENTITLED TO A COPY OF THIS PAPER. 3. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY AND MAYBE ENTITLED TO A REFUND OF UNEARNED CHARGES IN ACCORDANCE WITH LAW.

CALIFORNIA RESIDENTS: I have the right to prohibit the use of information contained in my credit file in connection with transactions not initiated by me. I may exercise this right by notifying the consumer credit reporting agency. A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. I have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

CALIFORNIA AND UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

NEW YORK, RHODE ISLAND AND VERMONT RESIDENTS: A consumer report (credit report) may be obtained from a consumer reporting agency (credit bureau) in connection with this loan. If I request (1) I will be informed whether or not consumer reports were obtained, and (2) if reports were obtained I will be informed of the names and addresses of the credit bureaus that furnished the reports. If you agree to make this loan to me, a consumer credit report may be requested or used in connection with renewals or extensions of any credit for which I have applied, reviewing my loan, taking collection action on my loan, or legitimate purposes associated with my loan.

MARYLAND RESIDENTS: You elect to make this loan pursuant to Subtitle 10 (Credit

CONFIDENTIAL NCSLT036.4

Provisions of Title 12 of the Commercial Law Article of the Annotated Code of Maryland only to the extent not inconsistent with 12 U.S.C. § 85 and related regulations and opinions which you expressly reserve.

MISSOURI RESIDENTS: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable.  To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

NEVADA RESIDENTS:  This is a loan for study.

OHIO RESIDENTS: The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

WISCONSIN RESIDENTS: For married Wisconsin residents, my signature on this Application/Promissory Note confirms that this loan obligation is being incurred in the interest of my marriage or family.  No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 or court decree under Section 766.70 adversely affects the interest of the Lender unless the Lender, prior to the time that the loan is approved, is furnished with a copy of the agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the Lender is incurred. If the loan for which I am applying is granted, my spouse will also receive notification that credit has been extended to me.

NEW JERSEY RESIDENTS: The section headings of this Application/Promissory Note are a table of contents and not contract terms.  Portions of this Application/Promissory Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires.  In this Application/Promissory Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

N.  BORROWER'S CERTIFICATION:  I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including without limitation, the information contained in this Application/Promissory Note is true, complete and correct to the best of my knowledge and belief and is made in good faith.  I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in default on a Federal Perkins Loan, a Federal Stafford Loan, a Federally Insured Student Loan, a Federal Supplemental Loan for Students (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.

CONFIDENTIAL NCSLT0365

## Charter One Bank Loan Application/Promissory Note Instructions

You have been conditionally approved for a Private Education Loan. Attached is your Application/Promissory Note. Please review it carefully and follow the steps listed below for final loan approval and disbursement of your funds.

```
┌──────────────────────────────────┐
│ Student's Mailing Address         │
│                                   │
│                                   │
└──────────────────────────────────┘
```

**This is a Legal Document**
**Urgent Reply Requested**

## Follow these 4 Steps to receive your loan funds quickly:

_____ 1.  **REVIEW all pre-printed information, complete and SIGN the Loan Application/Promissory Note**



- **Please complete the required Citizenship and Reference information items.**
- If you find any incorrect information, put one line through the item that needs to be corrected, make the appropriate change directly above the item and initial the change. Please do not use correction fluid ("white out").
- Be sure to legibly sign the bottom of the first page of the Application/Promissory Note. Signatures of the borrower and cosigner must match the name pre-printed on the Application/Promissory Note.
- Do not cross out anything in the date or signature fields. If you have made an error on the signature or date lines, please contact us as you will need to complete a new promissory note.

_____ 2.  **ATTACH proof of income**



- For regular wage earners: provide a copy of the cosigner's **current paycheck stub** with year-to-date earnings or a letter from the cosigner's employer on company stationery listing start date, full-time status, hours worked and salary.
- For self-employed individuals: provide the cosigner's **Federal tax returns for the last 2 years**, complete with all schedules and signatures.
- For retired individuals: provide the cosigner's 1099 forms for the last 2 years.

_____ 3.  **ATTACH proof of school enrollment and other required information**
School Enrollment  (all forms must contain student and school name)

- Copy of current tuition bill from the school, **OR**
- Copy of acceptance letter from the school verifying enrollment, **OR**
- Copy of current registration schedule from the school.

- If either the student or cosigner is an "eligible non-citizen," you must provide one of the following: Form F-1 or I-20, alien registration receipt card with valid expiration date, departure record 194 with valid expiration date issued from INS Showing "Refugee, Asylum Granted, or Indefinite Parole" and/or Humanitarian Parole.
- If either the student or cosigner has defaulted on a student loan or declared bankruptcy, please provide a letter indicating the state where you lived when this condition occurred, the reason it occurred, and the arrangements made to repay your debt(s).
- If the cosigner is relying on alimony or child support payments to repay this loan, please provide a complete copy of the divorce decree.

_____ 4.  **RETURN signed paperwork and all requested documents**



- Return the signed signature page from the Application/Promissory Note along with the other information described in Steps 2 and 3 above to the address below. Retain all remaining pages for your records.

For regular delivery, mail to:
TERI
P.O. Box 312
Boston MA  02117-0312

For overnight delivery, send to:
TERI
330 Stuart St. Suite 500
Boston, MA  02116

**Once I return my Loan Application/Promissory Note, when will a disbursement date be set for my loan?**
Final approval of your loan is based upon receipt of the signed signature page and proof of income and enrollment.   Please allow 2 business days from receipt of your completed paperwork to set a disbursement date for your funds.  At the time your loan is disbursed, you will also be mailed a loan disclosure statement confirming the repayment terms of your loan.

**How can I check the status of my loan and confirm the disbursement date of my funds?**
You can check the status of your loan and confirm the disbursement date of your loan check at anytime.  Simply visit us online at www.teri.org or call 1-800-704-9398.

CONFIDENTIAL NCSLT0366

{W0012583 3} AB 02-03 CSX1.20RF.0502

**\* *Cosigned* \*   Loan Application/Promissory Note – Signature Page**

**NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION**

---

### LOAN PROGRAM INFORMATION

Charter One Alternative Loan Program          Lender: Charter One Bank, N.A.          Repayment Option:

Loan Amount Requested:          School:          Academic Period:

Deferral Period Margin:          Loan Origination Fee Percentage:

Repayment Period Margin:

---

### STUDENT BORROWER INFORMATION (Must be at least 18 years of age)

Borrower Name:          Home Address:
Social Security #:          Date of Birth:          Home Telephone:
Have you ever defaulted on a student loan or declared bankruptcy?   ☐ No   ☐ Yes

**Please complete the required information below:**
Student Citizenship (check one box):   ☐ U.S. Citizen   ☐ Eligible Non-Citizen
Note:  Personal reference name and address cannot match that of the Cosigner.
Personal Reference Name: _____   Reference Home Tel #: _____   Work Tel #: _____
Reference  Street Address: _____
Reference City/State/Zip: _____

---

### COSIGNER INFORMATION (Must be at least 18 years of age)

Cosigner Name:          Home Address:
Social Security #:          Date of Birth:          Home Telephone:
Have you ever defaulted on a student loan or declared bankruptcy?   ☐ No   ☐ Yes
Current Employer:          Employer Telephone:
Current Position:          Years There:          Gross Annual Salary:

Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation.  If you are relying on such additional income, please provide details on a separate sheet of paper.

**Please complete the required information below:**
Cosigner Citizenship (check one box):   ☐ U.S. Citizen   ☐ Eligible Non-Citizen
Note:  Personal reference name and address can not match that of the Student.
Personal Reference Name: _____   Reference Home Tel #: _____   Work Tel #: _____
Reference  Street Address: _____
Reference City/State/Zip: _____

---

By  my  signature,  I  certify  that  I  have  read,  understand  and  agree  to  the  terms  of  and  undertake  the  obligations  set  forth  on  all  four  (4)  pages  of  this Application Promissory Note AB 02-03 CSX1.20RF.0502   I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment.

FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER:  (a)  DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b)  DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.
(c)  YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d)  YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

PLEASE SIGN BELOW – <u>RETURN This Page With Proof of Income and Other Information (if applicable)</u>

Signature of Borrower _____          Date _____

Signature of Cosigner _____          Date _____

**Attach Paycheck Stub Here (if applicable)**

{W0612853 3;AB 02-03 CSX1.20RF.0502}

CONFIDENTIAL NCSLT0367

In this Application/Promissory Note, the words "I", "me", "my", and "mine" mean the person(s) who signed this Application/Promissory Note as Borrower and Cosigner. The words "you", "your", "yours", and "Lender" mean Charter One Bank, N.A., its successors and assigns, and any other holder of this Application/Promissory Note. "School" means the school named at the top of the first page of this Application/Promissory Note.

**A. PROMISE TO PAY:** I promise to pay to you the principal sum of the Loan Amount Requested shown on the first page of this Application/Promissory Note, to the extent it is advanced to me or paid on my behalf, and any Loan Origination Fee added to my loan (see Paragraph F), interest on such principal sum, interest on any unpaid interest added to the principal balance, and late charges (see Paragraph E.7).

**B. IMPORTANT – READ THIS CAREFULLY:**
1. When you receive my signed Application, you are not agreeing to lend me money. If you decide to make a loan to me, you will electronically transfer the loan funds to the School for me, mail a loan check to the School for me, or mail a loan check directly to me. You have the right to not make a loan or to lend an amount less than the Loan Amount Requested. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.
2. **HOW I AGREE TO THE TERMS OF THIS LOAN.** By signing this Application/Promissory Note and submitting it to the Lender, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Application/Promissory Note. If you approve this request and agree to make this loan, you will notify me in writing and provide me with a Disclosure Statement, as required by law, at the time the Loan proceeds are disbursed. The Disclosure Statement is incorporated herein by reference and made a part hereof. The Disclosure Statement will tell me the amount of the loan which you have approved, the amount of the Loan Origination Fee and other important information. I will let you know that I agree to the terms of the loan as set forth in this Application/Promissory Note and in the Disclosure Statement by doing either of the following: (a) endorsing the check that disburses the loan proceeds; or (b) allowing the loan proceeds to be used by or on behalf of the Student Borrower without objection. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions. If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice within ten (10) days after I received the Disclosure Statement. If loan proceeds have been disbursed. I agree that I will immediately return the loan proceeds to you, will not endorse any check which disburses the loan proceeds and will instruct the School to return any loan proceeds to you. If I give notice of cancellation but do not comply with the requirements of this Paragraph B.2, this Application/Promissory Note will not be canceled and I will be in default of this Application/Promissory Note. (See Paragraph I)

**C. DEFINITIONS:**
1. "Disbursement Date" means the date or dates on which you lend money to me in consideration for my Application/Promissory Note and will be the date or dates of my loan check or electronic funds transfer.
2. The "Deferment Period" will begin on the Disbursement Date and end on the Deferment End Date
3. "Deferment End Date" means the date specified below for the applicable loan program (the applicable loan program is stated on the first page of this Application/Promissory Note)
(a) *Undergraduate Alternative Loan Program:* If I have elected the "Immediate Repayment" option (the applicable repayment option is stated on the first page of this Application/Promissory Note), there is no Deferment Period, and my first payment will be 45 days after the last disbursement of my loan. If I have elected the "Interest Only" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then interest payments will begin 45 days after the first disbursement of my loan, and the "Deferment End Date" will be 45 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this loan program). If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then the "Deferment End Date" will be 180 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this Loan Program). In any event, the Deferment End Date will be no more than 4½ years after the Disbursement Date (or 5½ years if the Student is enrolled in a five-year undergraduate program at the School). If I have not specifically elected to defer payments or to defer principal, deferment of principal and interest payments will apply.
(b) *Graduate Professional Education Loan Program:* 180 days after the Student graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date, provided, however, that if the Student begins a medical residency or internship during the Deferment Period, then the Deferment Period will end 180 days after the day the residency or internship ends, but no more than 8½ years after the Disbursement Date.
(c) *Health Professions Education Loan Program:* 270 days after the Student graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date, provided, however, that if the Student begins a medical

residency or internship during the Deferment Period, then the Deferment Period will end 270 days after the day the residency or internship ends.
(d) *Consolidation Loan Programs.* There is no Deferment Period.
4. The "Repayment Period" begins the day after the Deferment Period ends. If there is no Deferment Period for my loan, the Repayment Period will begin when my loan is fully disbursed. Before my first payment is due, you will disclose the anticipated Repayment Period. The anticipated Repayment Period will not exceed 20 years (25 years for loans of $40,000 or more), although the Repayment Period may increase by up to 2½ years if the Variable Rate (Paragraph D.2) increases ("Maximum Repayment Period"). (See Paragraphs E.2 and E.3.)

**D. INTEREST:**
1. Accrual – Beginning on the first Disbursement Date, interest on the outstanding balance of this Application/Promissory Note will be calculated at the Variable Rate (Paragraph D.2) on the principal balance advanced, and on any unpaid interest added to principal according to Paragraph D.3, below, until all amounts are paid in full. Interest will be calculated on a daily simple interest basis. The daily interest rate will be equal to the annual interest rate in effect on that day, divided by the number of days in that calendar year.
2. Variable Rate – The "Variable Rate" is equal to the Current Index plus or minus a Margin. The Margins for both the Deferment Period and the Repayment Period are shown on the first page of this Application/Promissory Note. In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio. The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is based on the one-month London Interbank Offered Rate ("LIBOR") as published in the "Money Rates" section of *The Wall Street Journal*. The index for each calendar quarter (or for any shorter period beginning on a Disbursement Date and ending on the last day of a calendar quarter) will equal the average of the LIBOR rates published on the first business day of each of the three (3) immediately preceding calendar months, rounded to the nearest one-hundredth percent (0.01%). If *The Wall Street Journal* is not published or the Current Index is not given on that date, then the Current Index will be determined by using the immediately preceding published Current Index. If the Current Index is no longer available, you will choose a comparable index.
3. Capitalization – If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), I am not obligated to make any payments until the loan enters the Repayment Period. You will add unpaid accrued interest to the principal loan balance on the last day of each calendar quarter (the last day of December, March, June and September) during the Deferment Period and at the end of my Deferment Period. Interest that is added to principal is called "Capitalized" interest. Capitalized interest will be treated as principal. In addition, if I am in default and the loan has been sold to TERI (see Section L.12), TERI may capitalize accrued and unpaid interest as of the date it purchases my loan. I understand that you will add all accrued and unpaid interest to the principal balance of my loan on the last day of the Deferment Period and at the end of any forbearance period.

**E. TERMS OF REPAYMENT:**
1. Deferment Period – If I have elected either the "Interest Only" repayment option or the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), you will send me statements during the Deferment Period (showing the total of my loan disbursements and the interest that accrues on my loan). Statements will be sent to the address shown on your records. If I have elected the "Interest Only" repayment option, I agree to make payments each month during the Deferment Period equal to the accrued interest on the outstanding balance of this Application/Promissory Note. If I have elected the "Full Deferral" repayment option I may, but am not required to make payments during the Deferment Period. You will add any interest that I do not pay during the Deferment Period to the principal balance, as described in Paragraph D.3.
2. Repayment Period – During the Repayment Period, you will send me monthly statements or a coupon book which shows the amounts of minimum monthly payments and the payment due dates. I will make consecutive monthly payments in amounts at least equal to such minimum monthly payments by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Application/Promissory Note.
3. Repayment Terms – My monthly payment will be established based on the rules in this Application/Promissory Note when my Repayment Period begins. My loan term will be calculated each Change Date to equal the term necessary to amortize the unpaid balance at the current payment amount, provided that my loan term will never exceed the length of the Maximum Repayment Period. If my loan term is already equal to the Maximum Repayment Period, the amounts shown on my monthly statements or in my coupon book will be consecutive monthly installments of principal and interest calculated each Change Date to equal the amount necessary to amortize the unpaid principal balance (including any capitalized interest) of my loan (as of the date of calculation) in equal monthly installments of principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period.
4. Minimum Repayment – Notwithstanding Paragraph E.3, I agree to pay at least $25 each month during the Repayment Period or the unpaid balance whichever is less. I understand that I may pay more than my monthly payment at any time without penalty

CONFIDENTIAL NCSLT0368

or charge. I understand that this may result in my loan being paid off before the end of the Repayment Period.

5.  Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional interest. If I have not paid my late charges, I will also owe additional amounts for those late charges. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.

6.  Payments – Payments will be applied first to late charges, other fees and charges, accrued interest, and the remainder to principal.

7.  Other Charges - If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late charge not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Application/Promissory Note, including reasonable collection agency and attorney's fees and court costs and other collection costs.

F.  LOAN ORIGINATION FEE:  If you charge me, I will pay you a Loan Origination Fee at the time my loan is disbursed. The dollar amount of any Loan Origination Fee will be determined by multiplying the sum of the Loan Origination Fee and the Loan Amount Requested, to the extent advanced to me, times the Loan Origination Fee Percentage shown on the first page of this Application/Promissory Note. The percentage would be higher if computed only on the amount advanced rather than the entire principal amount (Loan Origination Fee plus Loan Amount Requested). For example, a nominal Loan Origination Fee of 6.5% on the entire principal amount would equal 6.9519% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and will be added to the principal amount of my loan. To the extent permitted by law, and unless I timely cancel this Application/Promissory Note (see Paragraph B.2), I will not be entitled to a refund of any Loan Origination Fee after my loan has been disbursed.

G.  RIGHT TO PREPAY:  I have the right to prepay all or any part of my loan at any time without penalty.

H.  FORBEARANCE:  If I am unable to repay my loan in accordance with the terms established under this Application/Promissory Note I may request that you modify these terms. I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance, as described in Paragraph D.3.

I.  WHOLE LOAN DUE:  To the extent permitted by applicable law, I will be in default and you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Application/Promissory Note, are due and payable at once (subject to any applicable law which may give me a right to cure my default) if: (1) I fail to make any monthly payment to you when due; (2) I die; (3) I break any of my other promises in this Application/Promissory Note; (4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefits of my creditors; or (5) I make any false written statement in applying for this loan or at any time during the Deferment or Repayment Periods. If I default, to the extent permitted by law, I will be required to pay interest on the loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. You may also add any interest and fees to the principal balance, and increase the Margin used to compute the Variable Rate by two percentage points (2%).

J.  NOTICES:

1.  I will send written notice to you or any subsequent holder of this Application/Promissory Note within ten days after any change in my name, address, or enrollment status.

2.  Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me. Unless required by applicable law, you need not give a separate notice to the cosigner, if any.

K.  INFORMATION:

1.  I must update the information I provided to you whenever you ask me to do so.

2.  I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

L.  ADDITIONAL AGREEMENTS:

1.  I understand that you are located in Ohio and that this Application/Promissory Note will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS APPLICATION/PROMISSORY NOTE WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES.

2.  The proceeds of this loan will be used only for my educational expenses at the School or to pay off other educational loans. The Cosigner, if any, will not receive any of the loan proceeds.

3.  My responsibility for paying the loan evidenced by this Application/Promissory Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Application/Promissory Note you may accept (a) late payments, (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay, fail to exercise or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time, or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Application/Promissory Note to me for payment or make protest of non-payment to me before suing to collect on this Application/Promissory Note if I am in default, and to the

 permitted by applicable law, I hereby waive any right I might otherwise have to require such actions. I WILL NOT SEND YOU PARTIAL PAYMENTS MARKED "PAID IN FULL", "WITHOUT RECOURSE" OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.

4.  I may not assign this Application/Promissory Note or any of its benefits or obligations. You may assign this Application/Promissory Note at any time.

5.  The terms and conditions set forth in this Application/Promissory Note and Instructions constitute the entire agreement between you and me.

6.  If any provision of this Application/Promissory Note is held invalid or unenforceable, that provision shall be considered omitted from this Application/Promissory Note without affecting the validity or enforceability of the remainder of this Application/Promissory Note.

7.  A provision of this Application/Promissory Note may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Application/Promissory Note.

8.  To the extent permitted by law, you have the right to apply money from any of my deposit account(s) with you to pay all or a portion of any amount overdue under this Application/Promissory Note. I hereby authorize you to obtain from the School all amounts which may be owed to me by the School, including any refund due to overpayment, early termination of enrollment, or otherwise, and I give you a security interest in all such amounts.

9.  If this Application/Promissory Note is executed by more than one Borrower, each Borrower agrees that any communication between you and any of the Borrowers will be binding on all of the Borrowers. I intend to be treated as a principal of this Application/Promissory Note and not as a surety. To the extent I may be treated as a surety, I waive all notices to which I might otherwise be entitled as such by law, and all suretyship defenses that might be available to me (including, without limitation, contribution, subrogation and exoneration). I agree that the Borrower may agree to any forbearance or other modification of the repayment schedule and that such agreement will be binding on me. It shall not be necessary for you to resort to or exhaust your remedies against the borrower before calling upon me to make repayment. For purposes of this paragraph only, "I" and "me" refer to the Cosigner only.

10.  All dollar amounts stated in this Application/Promissory Note are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange.

11.  If the Student fails to complete the education program paid for with this loan, the Cosigner and I are not relieved of any obligation within or pursuant to this Application/Promissory Note.

12.  I acknowledge that the requested loan may be subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit loan guaranty agency.

13.  I authorize any school that I may attend to release to other persons designated by you any requested information pertinent to this loan (e.g. enrollment status, prior loan history, and current address).

14.  I authorize the Lender, any subsequent holder of this Application/Promissory Note, and their agents to: (1) advise the School of the status of my application and my loan; (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Application/Promissory Note and related documents; (3) release information and make inquiries to the persons I have given you as references, for the purposes of learning my current address and telephone number; (4) check my credit and employment history and to answer questions about their credit experience with me.

15.  Waiver by Lender. Except as stated in Paragraph L.8, you waive (give up) any right to claim a security interest in any property to secure this Application/Promissory Note. This does not affect any right to offset as a matter of law.

M.  STATE DISCLOSURE NOTICES

IOWA RESIDENTS (For purposes of the following notice, the word "you" refers to the Borrower and the Cosigner, not the Lender): NOTICE TO CONSUMER. This is a consumer credit transaction. 1. DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THIS APPLICATION/PROMISSORY NOTE. 2. YOU ARE ENTITLED TO A COPY OF THIS PAPER. 3. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY AND MAYBE ENTITLED TO A REFUND OF UNEARNED CHARGES IN ACCORDANCE WITH LAW.

CALIFORNIA RESIDENTS: I have the right to prohibit the use of information contained in my credit file in connection with transactions not initiated by me. I may exercise this right by notifying the consumer credit reporting agency. A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. I have the right as described by Section 1785.16 of the California Civil Code to

{W0012682.2} AB-02-03 CSX1.20RF 0502                                          3 of 4

CONFIDENTIAL NCSLT0369

dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

CALIFORNIA AND UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

NEW YORK, RHODE ISLAND AND VERMONT RESIDENTS: A consumer report (credit report) may be obtained from a consumer-reporting agency (credit bureau) in connection with this loan. If I request: (1) I will be informed whether or not consumer reports were obtained, and (2) if reports were obtained I will be informed of the names and addresses of the credit bureaus that furnished the reports. If you agree to make this loan to me, a consumer credit report may be disclosed or used in connection with renewals or extensions of any credit for which I have applied, reviewing my loan, taking collection action on my loan, or legitimate purposes associated with my loan.

MARYLAND RESIDENTS: You elect Subtitle 10. Credit Grantor Closed End Credit Provisions of Title 12 of the Commercial Law Article of the Annotated Code of Maryland only to the extent not inconsistent with 12 U.S.C. § 85 and related regulations and opinions which you expressly reserve.

## MISSOURI RESIDENTS: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

NEVADA RESIDENTS: This is a loan for study.

OHIO RESIDENTS: The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

WISCONSIN RESIDENTS: For married Wisconsin residents, my signature on this Application/Promissory Note confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 or court decree under Section 766.70 adversely affects the interest of the Lender unless the Lender, prior to the time that the loan is approved, is furnished with a copy of the agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the Lender is incurred. If the loan for which I am applying is granted, my spouse will also receive notification that credit has been extended to me.

NEW JERSEY RESIDENTS: The section headings of this Application/Promissory Note are a table of contents and not contract terms. Portions of this Application/Promissory Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Application/Promissory Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

N. BORROWER'S CERTIFICATION: I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including without limitation, the information contained in this Application/Promissory Note, is true, complete and correct to the best of my knowledge and belief and is made in good faith. I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in default on a Federal Perkins Loan, a Federal Stafford Loan, a Federal Insured Student Loan, a Federal Supplemental Loan for Students (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.

O. STATE-SPECIFIC COSIGNER NOTICES: For the purposes of the following notices only, the words "you" and "your" refer to the Cosigner, where applicable, not to the lender.

### FOR OBLIGORS COSIGNING IN WEST VIRGINIA:

---

**NOTICE TO COSIGNER**

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay it if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

---

### FOR OBLIGORS COSIGNING IN IOWA, NEW YORK AND SOUTH CAROLINA:

NOTICE: You agree to pay the debt identified below although you may not personally receive any property, goods, services, or money. You may be sued for payment although the person who receives the property, goods, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the Application/Promissory Note or contract. You will also have to pay some or all of these costs and charges if the Application/Promissory Note or contract, the payment of which you are guaranteeing requires the borrower to pay such costs and charges. This notice is not the Application/Promissory Note or contract that obligates you to pay the debt. Read the Application/Promissory Note or contract for the exact terms of your obligation.

IDENTIFICATION OF DEBT (S) YOU MAY HAVE TO PAY

Name of Debtor: The Borrower and Cosigner identified on the first page of this Application/Promissory Note.

Name of Creditor: Charter One Bank, N.A., and its successors and assigns.

Date: If the loan is disbursed by check, the date of the check. If the loan is disbursed electronically, the date the creditor transmits the funds to the School.

Kind of Debt: Education loan.

Total of Payments: The Loan Amount Requested set forth on the first page of this Application/Promissory Note (to the extent advanced), plus interest and the Loan Origination Fee set forth in this Application/Promissory Note.

### FOR OBLIGORS COSIGNING IN VERMONT:

### NOTICE TO COSIGNER

YOUR SIGNATURE ON THIS APPLICATION/PROMISSORY NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

CONFIDENTIAL NCSLT0370

## FEDERAL AND CALIFORNIA COSIGNER NOTICES

For the purposes of these Notices, the words "you" and "your" refer to the Cosigner, not the lender.

---

**NOTICE TO COSIGNER (Traduccion en Ingles Se Requiere Por La Ley):**

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to.  Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay.  You may also have to pay late fees or collection costs, which increase this amount.

The holder of the loan can collect this debt from you without first trying to collect from the borrower.  The holder of the loan can use the same collection methods against you that can be used against the borrower, such as suing you. garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

---

**AVISO PARA EL FIADOR (Spanish Translation Required by Law):**

Se le está pidiendo que garantice esta deuda. Piénselo con cuidado antes de ponerse de acuerdo.  Si la persona que ha pedido este préstamo no paga la deuda. usted tendrá que pagarla.  Esté seguro de que usted podrá pagar si sea obligado a pagarla y de que usted desea aceptar la responsabilidad.

Si la persona que ha pedido el préstamo no paga la deuda. es posible que usted tenga que pagar la suma total de la deuda. mas los cargos por tardarse en el pago o el costo de cobranza, lo cual aumenta el total de esta suma.

El acreedor (financiero) puede cobrarle a usted sin. primeramente, tratar de cobrarle al deudor.  Los mismos metodos de cobranza que pueden usarse contra el deudor. podran usarse contra usted, tales como presentar una demanda en corte. quitar parte de su sueldo. etc. Si alguna vez no se cumpla con la obligación de pagar esta deuda. se puede incluir esa información en la historia de credito de usted.

Este aviso no es el contrato mismo en que se le echa a usted la responsabilidad de la deuda.

---

{W00028533;}AB-02-03.CSX1.20RF.0502.FD

CONFIDENTIAL NCSLT0371

## Charter One Bank Loan Application/Promissory Note Instructions

You have been conditionally approved for a Private Education Loan. Attached is your Application/Promissory Note. Please review it carefully and follow the steps listed below for final loan approval and disbursement of your funds.

> Student's Mailing Address

**This is a Legal Document
Urgent Reply Requested**

## Follow these 4 Steps to receive your loan funds quickly:

_____ 1. **REVIEW all pre-printed information, complete and SIGN the Loan Application/Promissory Note**



- **Please complete the required Citizenship and Reference information items.**
- If you find any incorrect information, put one line through the item that needs to be corrected, make the appropriate change directly above the item and initial the change. Please do not use correction fluid ("white out").
- Be sure to legibly sign the bottom of the first page of the Application/Promissory Note. Signatures of the borrower and cosigners must match the names pre-printed on the Application/Promissory Note.
- Do not cross out anything in the date or signature fields. If you have made an error on the signature or date lines, please contact us as you will need to complete a new promissory note.

_____ 2. **ATTACH proof of income**



- For regular wage earners: provide a copy of each cosigner's **current paycheck stub** with year-to-date earnings or a letter from each cosigner's employer on company stationery listing start date, full-time status, hours worked and salary.
- For self-employed individuals: provide each cosigner's Federal tax returns for the last 2 years, complete with all schedules and signatures.
- For retired individuals: provide each cosigner's 1099 forms for the last 2 years.

_____ 3. **ATTACH proof of school enrollment and other required information**

School Enrollment (all forms must contain student and school name)



- Copy of current tuition bill from the school, **OR**
- Copy of acceptance letter from the school verifying enrollment, **OR**
- Copy of current registration schedule from the school.

- If either the student or any cosigner is an "eligible non-citizen," you must provide one of the following: Form F-1 or I-20, alien registration receipt card with valid expiration date, departure record 194 with valid expiration date issued from INS showing "Refugee, Asylum Granted, or Indefinite Parole" and/or Humanitarian Parole.
- If either the student or any cosigner has defaulted on a student loan or declared bankruptcy, please provide a letter indicating the state where you lived when this condition occurred, the reason it occurred, and the arrangements made to repay your debt(s).
- If the cosigner is relying on alimony or child support payments to repay this loan, please provide a complete copy of the divorce decree.

_____ 4. **RETURN signed paperwork and all requested documents**

- Return the signed signature page from the Application/Promissory Note along with the other information described in Steps 2 and 3 above to the address below. Retain all remaining pages for your records.

| For regular delivery, mail to: | For overnight delivery, send to: |
| --- | --- |
| TERI | TERI |
| P.O. Box 312 | 330 Stuart St. Suite 500 |
| Boston MA 02117-0312 | Boston, MA 02116 |

**Once I return my Loan Application/Promissory Note, when will a disbursement date be set for my loan?**
Final approval of your loan is based upon receipt of the signed signature page and proof of income and enrollment. Please allow 2 business days from receipt of your completed paperwork to set a disbursement date for your funds. At the time your loan is disbursed, you will also be mailed a loan disclosure statement confirming the repayment terms of your loan.

**How can I check the status of my loan and confirm the disbursement date of my funds?**
You can check the status of your loan and confirm the disbursement date of your loan check at anytime. Simply visit us online at www.teri.org or call 1-800-704-9398.

CONFIDENTIAL NCSLT0372

(W0012F93)AB 02-03.CSX2.20RF.0502

**\* 2 Cosigners \*   Loan Application/Promissory Note – Signature Page**

### NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION

---

**LOAN PROGRAM INFORMATION**
Charter One Alternative Loan Program    Lender:   Charter One Bank, N.A.     Repayment Option:
Loan Amount Requested:            School:                           Academic Period:
Deferral Period Margin:                                     Loan Origination Fee Percentage:
Repayment Period Margin:

---

**STUDENT BORROWER INFORMATION (Must be at least 18 years of age)**
Borrower Name:                  Home Address:
Social Security #:                  Date of Birth:                           Home Telephone:
Have you ever defaulted on a student loan or declared bankruptcy?    ☐ No    ☐ Yes
**Please complete the required information below:**
Student Citizenship (check one box):   ☐ U.S. Citizen     ☐ Eligible Non-Citizen
Note:   Personal reference name and address can not match that of the Cosigner.
Personal Reference Name: _____    Reference Home Tel #: _____    Work Tel #: _____
Reference Street Address: _____
Reference City/State/Zip: _____

---

**COSIGNER #1 INFORMATION (Must be at least 18 years of age)**
Cosigner Name:                 Home Address:
Social Security #:                Date of Birth:                       Home Telephone:
Have you ever defaulted on a student loan or declared bankruptcy?    ☐ No    ☐ Yes
Current Employer:                                       Employer Telephone:
Current Position:                      Years There:                    Gross Annual Salary:
Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation. If you are relying on such additional income, please provide details on a separate sheet of paper.
**Please complete the required information below:**
Cosigner Citizenship (check one box).   ☐ U.S. Citizen     ☐ Eligible Non-Citizen
Note:   Personal reference name and address can not match that of the Student.
Personal Reference Name: _____    Reference Home Tel #: _____    Work Tel #: _____
Reference Street Address: _____
Reference City/State/Zip: _____

---

**COSIGNER #2 INFORMATION (Must be at least 18 years of age)**
Cosigner Name:                 Home Address:
Social Security #:                Date of Birth:                       Home Telephone:
Have you ever defaulted on a student loan or declared bankruptcy?    ☐ No    ☐ Yes
Current Employer:                                       Employer Telephone:
Current Position:                      Years There:                    Gross Annual Salary:
Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation. If you are relying on such additional income, please provide details on a separate sheet of paper.
**Please complete the required information below:**
Cosigner Citizenship (check one box).   ☐ U.S. Citizen     ☐ Eligible Non-Citizen
Note:   Personal reference name and address can not match that of the Student.
Personal Reference Name: _____    Reference Home Tel #: _____    Work Tel #: _____
Reference Street Address: _____
Reference City/State/Zip: _____

---

**Attach Paycheck Stubs Here (if applicable)**

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Application/Promissory Note AB.02-03 CSX2.20RF.0502. I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment.

**FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER:** (a) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

**PLEASE SIGN BELOW – RETURN This Page With Proof of Income and Other Information (if applicable)**

Signature of Borrower _____    Date _____

Signature of Cosigner _____    Date _____

Signature of Cosigner _____    Date _____

CONFIDENTIAL NCSLT0373

In this Application/Promissory Note, the words "I", "me", "my", and "mine" mean the person(s) who signed this Application/Promissory Note as Borrower and Cosigner. The words "you", "your", "yours", and "Lender" mean Charter One Bank, N.A., its successors and assigns, and any other holder of this Application/Promissory Note. "School" means the school named at the top of the first page of this Application/Promissory Note.

**A. PROMISE TO PAY:** I promise to pay to you the principal sum of the Loan Amount Requested shown on the first page of this Application/Promissory Note, to the extent it is advanced to me or paid on my behalf, and any Loan Origination Fee added to my loan (see Paragraph F); interest on such principal sum, interest on any unpaid interest added to the principal balance, and late charges (see Paragraph E.7).

**B. IMPORTANT – READ THIS CAREFULLY:**
1. When you receive my signed Application, you are not agreeing to lend me money. If you decide to make a loan to me, you will electronically transfer the loan funds to the School for me, mail a loan check to the School for me, or mail a loan check directly to me. You have the right to not make a loan or to lend an amount less than the Loan Amount Requested. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.
2. **HOW I AGREE TO THE TERMS OF THIS LOAN.** By signing this Application/Promissory Note and submitting it to the Lender, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Application/Promissory Note. If you approve this request and agree to make this loan, you will notify me in writing and provide me with a Disclosure Statement, as required by law, at the time the Loan proceeds are disbursed. The Disclosure Statement is incorporated herein by reference and made a part hereof. The Disclosure Statement will tell me the amount of the loan which you have approved, the amount of the Loan Origination Fee and other important information. I will let you know that I agree to the terms of the loan as set forth in this Application/Promissory Note and in the Disclosure Statement by doing either of the following: (a) endorsing the check that disburses the loan proceeds, or (b) allowing the loan proceeds to be used by or on behalf of the Student Borrower without objection. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions. If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice within ten (10) days after I received the Disclosure Statement. If loan proceeds have been disbursed, I agree that I will immediately return the loan proceeds to you, will not endorse any check which disburses the loan proceeds and will instruct the School to return any loan proceeds to you. If I give notice of cancellation but do not comply with the requirements of this Paragraph B.2, this Application/Promissory Note will not be cancelled and I will be in default of this Application/Promissory Note (See Paragraph I).

**C. DEFINITIONS:**
1. "Disbursement Date" means the date or dates on which you lend money to me in consideration for my Application/Promissory Note and will be the date or dates of my loan check or electronic funds transfer.
2. The "Deferment Period" will begin on the Disbursement Date and end on the Deferment End Date.
3. "Deferment End Date" means the date specified below for the applicable loan program (the applicable loan program is stated on the first page of this Application/Promissory Note).
(a) *Undergraduate Alternative Loan Program:* If I have elected the "Immediate Repayment" option (the applicable repayment option is stated on the first page of this Application/Promissory Note), there is no Deferment Period, and my first payment will be 45 days after the last disbursement of my loan. If I have elected the "Interest Only" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then interest payments will begin 45 days after the first disbursement of my loan, and the "Deferment End Date" will be 45 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this loan program). If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), then the "Deferment End Date" will be 180 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this Loan Program). In any event, the Deferment End Date will be no more than 4½ years after the Disbursement Date (or 5½ years if the Student is enrolled in a five-year undergraduate program at the School). If I have not specifically elected to defer payments or to defer principal deferment of principal and interest payments will apply.
(b) *Graduate Professional Education Loan Program:* 180 days after the Student graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date provided however, that if the Student begins a medical residency or internship during the Deferment Period, then the Deferment Period will end 180 days after the day the residency or internship ends, but no more than 8½ years after the Disbursement Date.
(c) *Health Professions Education Loan Program:* 270 days after the Student graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date provided however, that if the Student begins a medical

residency or internship during the Deferment Period, then the Deferment Period will end 270 days after the day the residency or internship ends.
(d) *Consolidation Loan Programs:* There is no Deferment Period.
4. The "Repayment Period" begins the day after the Deferment Period ends. If there is no Deferment Period for my loan, the Repayment Period will begin when my loan is fully disbursed. Before my first payment is due, you will disclose the anticipated Repayment Period. The anticipated Repayment Period will not exceed 20 years (25 years for loans of $40,000 or more), although the Repayment Period may increase by up to 2½ years if the Variable Rate (Paragraph D.2) increases ("Maximum Repayment Period"). (See Paragraphs E.2 and E.3.)

**D. INTEREST:**
1. Accrual – Beginning on the first Disbursement Date, interest on the outstanding balance of this Application/Promissory Note will be calculated at the Variable Rate (Paragraph D.2) on the principal balance advanced, and on any unpaid interest added to principal according to Paragraph D.3., below, until all amounts are paid in full. Interest will be calculated on a daily simple interest basis. The daily interest rate will be equal to the annual interest rate in effect on that day, divided by the number of days in that calendar year.
2. Variable Rate – The "Variable Rate" is equal to the Current Index plus or minus a Margin. The Margins for both the Deferment Period and the Repayment Period are shown on the first page of this Application/Promissory Note. In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio. The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is based on the one-month London Interbank Offered Rate ("LIBOR") as published in the "Money Rates" section of *The Wall Street Journal.* The index for each calendar quarter (or for any shorter period beginning on a Disbursement Date and ending on the last day of a calendar quarter) will equal the average of the LIBOR rates published on the first business day of each of the three (3) immediately preceding calendar months, rounded to the nearest one-hundredth percent (0.01%). If *The Wall Street Journal* is not published or the Current Index is not given on that date, then the Current Index will be determined by using the immediately preceding published Current Index. If the Current Index is no longer available you will choose a comparable index.
3. Capitalization – If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), I am not obligated to make any payments until the loan enters the Repayment Period. You will add unpaid accrued interest to the principal loan balance on the last day of each calendar quarter (the last day of December, March, June and September) during the Deferment Period and at the end of my Deferment Period. Interest that is added to principal is called "Capitalized" interest. Capitalized interest will be treated as principal. In addition, if I am in default and the loan has been sold to TERI (see Section L.12), TERI may capitalize accrued and unpaid interest as of the date it purchases my loan. I understand that you will add all accrued and unpaid interest to the principal balance of my loan on the last day of the Deferment Period and at the end of any forbearance period.

**E. TERMS OF REPAYMENT:**
1. Deferment Period – If I have elected either the "Interest Only" repayment option or the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Application/Promissory Note), you will send me statements during the Deferment Period (showing the total of my loan disbursements and the interest that accrues on my loan). Statements will be sent to the address shown on your records. If I have elected the "Interest Only" repayment option, I agree to make payments each month during the Deferment Period equal to the accrued interest on the outstanding balance of this Application/Promissory Note. If I have elected the "Full Deferral" repayment option I may, but am not required to make payments during the Deferment Period. You will add any interest that I do not pay during the Deferment Period to the principal balance, as described in Paragraph D.3.
2. Repayment Period – During the Repayment Period, you will send me monthly statements or a coupon book which shows the amounts of minimum monthly payments and the payment due dates. I will make consecutive monthly payments in amounts at least equal to such minimum monthly payments by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Application/Promissory Note.
3. Repayment Terms – My monthly payment will be established based on the rules in this Application/Promissory Note when my Repayment Period begins. My loan term will be calculated each Change Date to equal the term necessary to amortize the unpaid balance at the current payment amount, provided that my loan term will never exceed the length of the Maximum Repayment Period. If my loan term is already equal to the Maximum Repayment Period, the amounts shown on my monthly statements or in my coupon book will be consecutive monthly installments of principal and interest calculated each Change Date to equal the amount necessary to amortize the unpaid principal balance (including any capitalized interest) of my loan (as of the date of calculation) in equal monthly installments of principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period.
4. Minimum Repayment – Notwithstanding Paragraph E.3, I agree to pay at least $25 each month during the Repayment Period or the unpaid balance whichever is less. I understand that I may pay more than my monthly payment at any time without penalty

or charge. I understand that this may result in my loan being paid off before the end of the Repayment Period.

5. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates I may owe additional interest. If I have not paid my late charges. I will also owe additional amounts for those late charges. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.

6. Payments – Payments will be applied first to late charges, other fees and charges, accrued interest, and the remainder to principal.

7. Other Charges - If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late charge not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Application/Promissory Note, including reasonable collection agency and attorney's fees and court costs and other collection costs.

**F. LOAN ORIGINATION FEE:** If you charge me, I will pay you a Loan Origination Fee at the time my loan is disbursed. The dollar amount of any Loan Origination Fee will be determined by multiplying the sum of the Loan Origination Fee and the Loan Amount Requested, to the extent advanced to me. times the Loan Origination Fee Percentage shown on the first page of this Application/Promissory Note. The percentage would be higher if computed only on the amount advanced rather than the entire principal amount. (Loan Origination Fee plus Loan Amount Requested). For example, a nominal Loan Origination Fee of 6.5% on the entire principal amount would equal 6.951% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and will be added to the principal amount of my loan. To the extent permitted by law, and unless I timely cancel this Application/Promissory Note (see Paragraph E.2), I will not be entitled to a refund of any Loan Origination Fee after my loan has been disbursed.

**G. RIGHT TO PREPAY:** I have the right to prepay all or any part of my loan at any time without penalty.

**H. FORBEARANCE:** If I am unable to repay my loan in accordance with the terms established under this Application/Promissory Note. I may request that you modify these terms I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance as described in Paragraph D.3.

**I. WHOLE LOAN DUE:** To the extent permitted by applicable law. I will be in default and you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Application/Promissory Note, are due and payable at once (subject to any applicable law which may give me a right to cure my default) if: (1) I fail to make any monthly payment to you when due, (2) I die, (3) I break any of my other promises in this Application/Promissory Note, (4) Any bankruptcy proceeding is begun by or against me; or I assign any of my assets for the benefits of my creditors; or (5) I make any false written statement in applying for this loan or at any time during the Deferment or Repayment Periods. If I default, I will be required to pay interest on this loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. You may also add any interest and fees to the principal balance and increase the Margin used to compute the Variable Rate by two percentage points (2%).

**J. NOTICES:**
1. I will send written notice to you, or any subsequent holder of this Application/Promissory Note within ten days after any change in my name, address, or enrollment status

2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me. Unless required by applicable law, you need not give a separate notice to any Cosigner.

**K. INFORMATION:**
1. I must update the information I provided to you whenever you ask me to do so.

2. I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

**L. ADDITIONAL AGREEMENTS:**
1. I understand that you are located in Ohio and that this Application/Promissory Note will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS APPLICATION/PROMISSORY NOTE WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES

2. The proceeds of this loan will be used only for my educational expenses at the School or to pay off other educational loans. No Cosigner will receive any of the loan proceeds

3. My responsibility for paying the loan evidenced by this Application/Promissory Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Application/Promissory Note you may accept (a) late payments. (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay, fail to exercise, or waive any of your rights or any occasion without losing your entitlement to exercise the right at any future time, or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Application/Promissory Note to me for payment or make protest of non-payment to me before suing to collect on this Application/Promissory Note if I am in default, and to the

extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions. I WILL NOT SEND YOU PARTIAL PAYMENTS MARKED "PAID IN FULL", "WITHOUT RECOURSE" OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.

4. I may not assign this Application/Promissory Note or any of its benefits or obligations. You may assign this Application/Promissory Note at any time.

5. The terms and conditions set forth in this Application/Promissory Note and Instructions constitute the entire agreement between you and me.

6. If any provision of this Application/Promissory Note is held invalid or unenforceable, that provision shall be considered omitted from this Application/Promissory Note without affecting the validity or enforceability of the remainder of this Application/Promissory Note.

7. A provision of this Application/Promissory Note may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Application/Promissory Note.

8. To the extent permitted by law, you have the right to apply money from any of my deposit account(s) with you to pay all or a portion of any amount overdue under this Application/Promissory Note. I hereby authorize you to obtain from the School all amounts which may be owed to me by the School. including any refund due to overpayment, early termination of enrollment, or otherwise, and I give you a security interest in all such amounts

9. If this Application/Promissory Note is executed by more than one Borrower, each Borrower agrees that any communication between you and any of the Borrowers will be binding on all of the Borrowers. I intend to be treated as a principal of this Application/Promissory Note and not as a surety. To the extent I may be treated as a surety, I waive all notices to which I might otherwise be entitled as such by law, and all suretyship defenses that might be available to me (including, without limitation, contribution, subrogation and exoneration). I agree that the Borrower may agree to any forbearance or other modification of the repayment schedule and that such agreement will be binding on me. It shall not be necessary for you to resort to or exhaust your remedies against the borrower before calling upon me to make repayment. For purposes of this paragraph only, "I" and "me" refer to the Cosigner only.

10. All dollar amounts stated in this Application/Promissory Note are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange

11. If the Student fails to complete the education program paid for with this loan, the Cosigner and I are not relieved of any obligation within or pursuant to this Application/Promissory Note.

12. I acknowledge that the requested loan may be subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit loan guaranty agency.

13. I authorize any school that I may attend to release to other persons designated by you any requested information pertinent to this loan (e.g. enrollment status, prior loan history, and current address).

14. I authorize the Lender, any subsequent holder of this Application/Promissory Note, and their agents to (1) advise the School of the status of my application and my loan, (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Application/Promissory Note and related documents, (3) release information and make inquiries to the persons I have given you as references for the purposes of learning my current address and telephone number, (4) check my credit and employment history and to answer questions about their credit experience with me

15. Waiver by Lender: Except as stated in Paragraph L.8, you waive (give up) any right to claim a security interest in any property to secure this Application/Promissory Note. This does not affect any right to offset as a matter of law.

**M. STATE DISCLOSURE NOTICES**
**IOWA RESIDENTS (For purposes of the following notice, the word "you" refers to the Borrower and each Cosigner, not the Lender):** NOTICE TO CONSUMER. This is a consumer credit transaction. 1. DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THIS APPLICATION/PROMISSORY NOTE. 2. YOU ARE ENTITLED TO A COPY OF THIS PAPER. 3. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY AND MAYBE ENTITLED TO A REFUND OF UNEARNED CHARGES IN ACCORDANCE WITH LAW.

CALIFORNIA RESIDENTS: I have the right to prohibit the use of information contained in my credit file in connection with transactions not initiated by me. I may exercise this right by notifying the consumer credit reporting agency. A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you, the consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. I have the right as described by Section 1785.16 of the California Civil Code to

dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency

CALIFORNIA AND UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. NEW YORK, RHODE ISLAND AND VERMONT RESIDENTS: A consumer report (credit report) may be obtained from a consumer-reporting agency (credit bureau) in connection with this loan. If I request: (1) I will be informed whether or not consumer reports were obtained and (2) if reports were obtained I will be informed of the names and addresses of the credit bureaus that furnished the reports. If you agree to make this loan to me, a consumer credit report may be requested or used in connection with renewals or extensions of any credit for which I have applied, reviewing my loan, taking collection action on my loan, or legitimate purposes associated with my loan. MARYLAND RESIDENTS: You elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland only to the extent not inconsistent with 12 U.S.C. § 85 and related regulations and opinions, which you expressly reserve.

## MISSOURI RESIDENTS: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

NEVADA RESIDENTS: This is a loan for study.

OHIO RESIDENTS: The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

WISCONSIN RESIDENTS: For married Wisconsin residents, my signature on this Application/Promissory Note confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 or court decree under Section 766.70 adversely affects the interest of the Lender unless the Lender, prior to the time that the loan is approved, is furnished with a copy of the agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the Lender is incurred. If the loan for which I am applying is granted, my spouse will also receive notification that credit has been extended to me.

NEW JERSEY RESIDENTS: The section headings of this Application/Promissory Note are a table of contents and not contract terms. Portions of this Application/Promissory Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Application/Promissory Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

N. BORROWER'S CERTIFICATION: I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including without limitation, the information contained in this Application/Promissory Note, is true, complete and correct, to the best of my knowledge and belief and is made in good faith. I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in default on a Federal Perkins Loan, a Federal Stafford Loan, a Federally Insured Student Loan, a Federal Supplemental Loan for Students (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.

O. STATE-SPECIFIC COSIGNER NOTICES: For the purposes of the following notices only, the words "you" and "your" refer to the Cosigner, where applicable, not to the lender.

FOR OBLIGORS COSIGNING IN WEST VIRGINIA:

### NOTICE TO COSIGNER
You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay it if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

FOR OBLIGORS COSIGNING IN IOWA, NEW YORK AND SOUTH CAROLINA:
NOTICE: You agree to pay the debt identified below although you may not personally receive any property, goods, services, or money. You may be sued for payment although the person who receives the property, goods, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the Application/Promissory Note or contract. You will also have to pay some or all of these costs and charges if the Application/Promissory Note or contract, the payment of which you are guaranteeing requires the borrower to pay such costs and charges. This notice is not the Application/Promissory Note or contract that obligates you to pay the debt. Read the Application/Promissory Note or contract for the exact terms of your obligation.

IDENTIFICATION OF DEBT (S) YOU MAY HAVE TO PAY
Name of Debtor: The Borrower and Cosigner identified on the first page of this Application/Promissory Note.
Name of Creditor: Charter One Bank, N.A., and its successors and assigns.
Date: If the loan is disbursed by check, the date of the check. If the loan is disbursed electronically, the date the creditor transmits the funds to the School.
Kind of Debt: Education loan.
Total of Payments: The Loan Amount Requested set forth on the first page of this Application/Promissory Note (to the extent advanced), plus interest and the Loan Origination Fee set forth in this Application/Promissory Note.

FOR OBLIGORS COSIGNING IN VERMONT:

### *NOTICE TO COSIGNER*

YOUR SIGNATURE ON THIS APPLICATION/PROMISSORY NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

# FEDERAL AND CALIFORNIA COSIGNER NOTICES

For the purposes of these Notices, the words "you" and "your" refer to the Cosigner, not the lender.

---

**NOTICE TO COSIGNER (Traduccion en Ingles Se Requiere Por La Ley):**

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The holder of the loan can collect this debt from you without first trying to collect from the borrower. The holder of the loan can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

---

**AVISO PARA EL FIADOR (Spanish Translation Required by Law):**

Se le está pidiendo que garantice esta deuda. Piénselo con cuidado antes de ponerse de acuerdo. Si la persona que ha pedido este préstamo no paga la deuda, usted tendrá que pagarla. Esté seguro de que usted podrá pagar si sea obligado a pagarla y de que usted desea aceptar la responsabilidad.

Si la persona que ha pedido el préstamo no paga la deuda, es posible que usted tenga que pagar la suma total de la deuda, mas los cargos por tardarse en el pago o el costo de cobranza, lo cual aumenta el total de esta suma.

El acreedor (financiero) puede cobrarle a usted sin, primeramente, tratar de cobrarle al deudor. Los mismos metodos de cobranza que pueden usarse contra el deudor, podran usarse contra usted, tales como presentar una demanda en corte, quitar parte de su sueldo, etc. Si alguna vez no se cumpla con la obligación de pagar esta deuda, se puede incluir esa información en la historia de credito de usted.

Este aviso no es el contrato mismo en que se le echa a usted la responsabilidad de la deuda.

---

## Charter One Bank Loan Application/Promissory Note Instructions

You have been conditionally approved for a Private Education Loan. Attached is your Application/Promissory Note. Please review it carefully and follow the steps listed below for final loan approval and disbursement of your funds.

| Borrower Home Address |
| --- |

**This is a Legal Document
Urgent Reply Requested**

## Follow these 4 Steps to receive your loan funds quickly:

_____ 1.  **REVIEW all pre-printed information, complete and SIGN the Loan Application/Promissory Note**
  - **Please complete the required Citizenship and Reference information items.**
  - If you find any incorrect information, put one line through the item that needs to be corrected, make the appropriate change directly above the item and initial the change.  Please do not use correction fluid ("white out").
  - Be sure to legibly sign the bottom of the first page of the Application/Promissory Note.  Signatures of the borrower and cosigner must match the name pre-printed on the Application/Promissory Note.
  - Do not cross out anything in the date or signature fields.  If you have made an error on the signature or date lines, please contact us as you will need to complete a new promissory note.

_____ 2.  **ATTACH proof of income**
  - For regular wage earners:  provide a copy of **current paycheck stub** with year-to-date earnings or a letter from your employer on company stationery listing start date, full-time status, hours worked and salary.
  - For self-employed individuals:  provide **Federal tax returns for the last 2 years**, complete with all schedules and signatures.
  - For retired individuals:  provide **1099 forms for the last 2 years.**

_____ 3.  **ATTACH proof of school enrollment and other required information**
  School Enrollment  (all forms must contain student and school name)
  - Copy of current tuition bill from the school, **OR**
  - Copy of acceptance letter from the school verifying enrollment, **OR**
  - Copy of current registration schedule from the school.

  - If either the borrower or cosigner is an "eligible non-citizen," you must provide one of the following: Form F-1 or I-20, alien registration receipt card with valid expiration date, departure record 194 with valid expiration date issued from INS Showing "Refugee, Asylum Granted, or Indefinite Parole" and/or Humanitarian Parole.
  - If either the borrower or cosigner has defaulted on a student loan or declared bankruptcy, please provide a letter indicating the state where you lived when this condition occurred, the reason it occurred, and the arrangements made to repay your debt(s).
  - If either the borrower or the cosigner is relying on alimony or child support payments to repay this loan, please provide a complete copy of the divorce decree.

_____ 4.  **RETURN signed paperwork and all requested documents**
  - Return the signed signature page from the Application/Promissory Note along with the other information described in Steps 2 and 3 above to the address below.  Retain all remaining pages for your records.

For regular delivery, mail to:
TERI
P.O. Box 312
Boston MA  02117-0312

For overnight delivery, send to:
TERI
330 Stuart St. Suite 500
Boston, MA  02116

**Once I return my Loan Application/Promissory Note, when will a disbursement date be set for my loan?**
Final approval of your loan is based upon receipt of the signed signature page and proof of income and enrollment.  Please allow 2 business days from receipt of your completed paperwork to set a disbursement date for your funds.  At the time your loan is disbursed, you will also be mailed a loan disclosure statement confirming the repayment terms of your loan.

**How can I check the status of my loan and confirm the disbursement date of my funds?**
You can check the status of your loan and confirm the disbursement date of your loan check at anytime.  Simply visit us online at www.teri.org or call 1-800-704-9398.

CONFIDENTIAL NCSLT0378

AB 02-03 K-12.20RF 0502

| * K-12 *   Loan Application/Promissory Note – Signature Page |

**NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION**

### LOAN PROGRAM INFORMATION

Charter One Alternative Loan Program    Student Name:    Student SSN:

Student's Date of Birth:    Lender:   Charter One Bank, N.A.    Loan Amount Requested:

School:    Academic Period:

Margin:    Loan Origination Fee Percentage:

### BORROWER INFORMATION (Must be at least 18 years of age)

Borrower Name:    Home Address:
Social Security #:    Date of Birth:
Have you ever defaulted on a student loan or declared bankruptcy?    ☐ No   ☐ Yes    Home Telephone:
Current Employer:    Employer Telephone:
Current Position:    Years There:    Gross Annual Salary:

Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation.  If you are relying on such additional income, please provide details on a separate sheet of paper.

**Please complete the required information below:**

Borrower Citizenship (check one box):   ☐ U.S. Citizen    ☐ Eligible Non-Citizen
Note:  Personal reference name and address can not match that of Cosigner.
Personal Reference Name:    Reference Home Tel #:    Work Tel #:
Reference  Street Address:
Reference City/State/Zip:

### COSIGNER INFORMATION (Must be at least 18 years of age)

Cosigner Name:    Home Address:
Social Security #:    Date of Birth:
Have you ever defaulted on a student loan or declared bankruptcy?    ☐ No   ☐ Yes    Home Telephone:
Current Employer:    Employer Telephone:
Current Position:    Years There:    Gross Annual Salary:

Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation.  If you are relying on such additional income, please provide details on a separate sheet of paper.

**Please complete the required information below:**

Cosigner Citizenship (check one box):   ☐ U.S. Citizen    ☐ Eligible Non-Citizen
Note:  Personal reference name and address can not match that of Borrower.
Personal Reference Name:    Reference Home Tel #:    Work Tel #:
Reference  Street Address:
Reference City/State/Zip:

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Application/Promissory Note AB 02-03-K-12.20RF 0502.  I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment.

**FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER:** (a)  DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b)  DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE IF IT CONTAINS ANY BLANK SPACES.
(c)  YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d)  YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

**PLEASE SIGN BELOW – <u>RETURN</u> This Page With Proof of Income and Other Information (if applicable)**

Signature of Borrower _____    Date _____

Signature of Cosigner _____    Date _____

**Attach Paycheck Stubs Here (if applicable)**

In this Application/Promissory Note, the words "I", "me", "my", and "mine" mean the person(s) who signed this Application/Promissory Note as Borrower and Cosigner. The words "you", "your", "yours", and "Lender" mean Charter One Bank, N.A., its successors and assigns, and any other holder of this Application/Promissory Note. "School" means the school named at the top of the first page of this Application/Promissory Note.

**A. PROMISE TO PAY:** I promise to pay to you the principal sum of the Loan Amount Requested shown on the first page of this Application/Promissory Note to the extent it is advanced to me or paid on my behalf, and any Loan Origination Fee added to my loan (see Paragraph F), interest on such principal sum, interest on any unpaid interest added to the principal balance, and late charges (see Paragraph E.6).

**B. IMPORTANT – READ THIS CAREFULLY:**
1. When you receive my signed Application, you are not agreeing to lend me money. If you decide to make a loan to me, you will electronically transfer the loan funds to the School for me, mail a loan check to the School for me, or mail a loan check directly to me. You have the right to not make a loan or to lend an amount less than the Loan Amount Requested. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.

2. HOW I AGREE TO THE TERMS OF THIS LOAN. By signing this Application/Promissory Note, and submitting it to the Lender I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Application/Promissory Note. If you approve this request and agree to make this loan, you will notify me in writing and provide me with a Disclosure Statement, as required by law, at the time the Loan proceeds are disbursed. The Disclosure Statement is incorporated herein by reference and made a part hereof. The Disclosure Statement will tell me the amount of the loan which you have approved, the amount of the Loan Origination Fee, and other important information. I will let you know that I agree to the terms of the loan as set forth in this Application/Promissory Note and in the Disclosure Statement by doing either of the following: (a) endorsing the check that disburses the loan proceeds; or (b) allowing the loan proceeds to be used by or on behalf of the Student without objection. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions. If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice within ten (10) days after I received the Disclosure Statement. If loan proceeds have been disbursed, I agree that I will immediately return the loan proceeds to you, will not endorse any check which disburses the loan proceeds and will instruct the School to return any loan proceeds to you. If I give notice of cancellation, but do not comply with the requirements of this Paragraph B.2, this Application/Promissory Note will not be canceled and I will be in default of this Application/Promissory Note (See Paragraph I).

**C. DEFINITIONS:**
1. "Disbursement Date" means the date(s) on which you lend money to me or on my behalf in consideration for my Application/Promissory Note. If my loan is disbursed by check, it will be the date shown on the loan check (not the date I endorse or negotiate my check); otherwise it will be the date my loan funds are transferred to the School.

2. The "Repayment Period" begins 45 days after the last Disbursement Date. You will disclose the Repayment Period to me before my first payment is due. My anticipated Repayment Period is 10 years, but if increases in interest rates increase the number of payments on my loan (Paragraph E.2), my Repayment Period may increase by up to 2½ years ("Maximum Repayment Period").

**D. INTEREST:**
1. Accrual – Beginning on the first Disbursement Date, interest on the outstanding balance of this Application/Promissory Note will be calculated at the Variable Rate (Paragraph D.2), on the principal balance advanced, and on any unpaid interest added to principal according to Paragraph H, below, until all amounts are paid in full. Interest will be calculated on a daily simple interest basis. The daily interest rate will be equal to the annual interest rate in effect on that day, divided by the number of days in that calendar year.

2. Variable Rate – The "Variable Rate" is equal to the Current Index plus or minus a Margin. The Margin is shown on the first page of this Application/Promissory Note. In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio. The Variable Rate will change quarterly on the first day of each January, April, July, and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the first Change Date) is based on the one-month London Interbank Offered Rate ("LIBOR") as published in the "Money Rates" section of The Wall Street Journal. The Index for each calendar quarter (or for any shorter period beginning on a Disbursement Date and ending on the last day of a calendar quarter) will equal the average of the LIBOR rates published on the first business day of each of the three (3) immediately preceding calendar months, rounded to the nearest one-hundredth percent (0.01%). If The Wall Street Journal is not published or the Current Index is not given on that date, then the Current Index will be determined by using the immediately preceding published Current Index. If the Current Index is no longer available, you will choose a comparable index.

**E. TERMS OF REPAYMENT:**
1. Repayment Period – During the Repayment Period, you will send me monthly statements or a coupon book which shows the amounts of minimum monthly payments and the payment due dates. I will make consecutive monthly payments in amounts at least equal to such minimum monthly payments by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Application/Promissory Note.

2. Repayment Terms – My monthly payment will be established based on the rules in this Application/Promissory Note when my Repayment Period begins. My loan term will be calculated each Change Date to equal the term necessary to amortize the unpaid balance at the current payment amount, provided that my loan term will never exceed the length of the Maximum Repayment Period. If my loan term is already equal to the Maximum Repayment Period, the amounts shown on my monthly statements or in my coupon book will be consecutive monthly installments of principal and interest calculated each Change Date to equal the amount necessary to amortize the unpaid principal balance (including any capitalized interest) of my loan (as of the date of calculation) in equal monthly installments of principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period.

3. Minimum Repayment – Notwithstanding Paragraph E.2, I agree to pay at least $25 each month during the Repayment Period or the unpaid balance whichever is less. I understand that I may pay more than my monthly payment at any time without penalty or charge. I understand that this may result in my loan being paid off before the end of the Repayment Period.

4. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional interest. If I have not paid my late charges, I will also owe additional amounts for those late charges. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.

5. Payments – Payments will be applied first to late charges, other fees and charges, accrued interest, and the remainder to principal.

6. Other Charges - If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late charge not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Application/Promissory Note, including reasonable collection agency and attorney's fees and court costs and other collection costs.

**F. LOAN ORIGINATION FEE:** If you charge me, I will pay you a Loan Origination Fee at the time my loan is disbursed. The dollar amount of any Loan Origination Fee will be determined by multiplying the sum of the Loan Origination Fee and the Loan Amount Requested, to the extent advanced to me, times the Loan Origination Fee Percentage shown on the first page of this Application/Promissory Note. The percentage would be higher if computed only on the amount advanced rather than the entire principal amount (Loan Origination Fee plus Loan Amount Requested). For example, a nominal Loan Origination Fee of 5% on the entire principal amount would equal 6.3829% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and will be added to the principal amount of my loan. To the extent permitted by law, and unless I timely cancel this Application/Promissory Note (see Paragraph B.2), I will not be entitled to a refund of any Loan Origination Fee after my loan has been disbursed.

**G. RIGHT TO PREPAY:** I have the right to prepay all or any part of my loan at any time without penalty.

**H. FORBEARANCE:** If I am unable to repay my loan in accordance with the terms established under this Application/Promissory Note, I may request that you modify these terms. I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance.

**I. WHOLE LOAN DUE:** To the extent permitted by applicable law, I will be in default and you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Application/Promissory Note, are due and payable at once (subject to any applicable law which may give me a right to cure my default) if: (1) I fail to make any monthly payment to you when due, (2) I die (3) I break any of my other promises in this Application/Promissory Note, (4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefits of my creditors, or (5) I make any false written statement in applying for this loan or at any time during the Deferment or Repayment Periods. If I default, I will be required to pay interest on this loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. You may also add any interest and fees to the principal balance, and increase the Margin used to compute the Variable Rate by two percentage points (2%).

**J. NOTICES:**
1. I will send written notice to you, or any subsequent holder of this Application/Promissory Note, within ten days after any change in my name, address, or the Student's enrollment status.

2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me. Unless required by applicable law, you need not give a separate notice to each person who signs this Application/Promissory Note.

**K. INFORMATION:**

1. I must update the information I provided to you whenever you ask me to do so.

2. I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

**L. ADDITIONAL AGREEMENTS:**

1. I understand that you are located in Ohio and that this Application/Promissory Note will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS APPLICATION/PROMISSORY NOTE WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES.

2. The proceeds of this loan will be used only for the educational expenses of the Student at the School. Neither I nor the Cosigner, if any, will receive any of the loan proceeds.

3. My responsibility for paying the loan evidenced by this Application/Promissory Note is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Application/Promissory Note you may accept (a) late payments, (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay, fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time, or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Application/Promissory Note to me for payment or make protest of non-payment to me before suing to collect on this Application/Promissory Note if I am in default, and to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions. I WILL NOT SEND YOU PARTIAL PAYMENTS MARKED "PAID IN FULL", "WITHOUT RECOURSE" OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.

4. I may not assign this Application/Promissory Note or any of its benefits or obligations. You may assign this Application/Promissory Note at any time.

5. The terms and conditions set forth in this Application/Promissory Note and Instructions constitute the entire agreement between you and me.

6. If any provision of this Application/Promissory Note is held invalid or unenforceable, that provision shall be considered omitted from this Application/Promissory Note without affecting the validity or enforceability of the remainder of this Application/Promissory Note.

7. A provision of this Application/Promissory Note may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Application/Promissory Note.

8. To the extent permitted by law, you have the right to apply money from any of my deposit accounts with you to pay all or a portion of any amount overdue under this Application/Promissory Note. I hereby authorize you to obtain from the School all amounts which may be owed to me by the School, including any refund due to overpayment, early termination of enrollment, or otherwise, and I give you a security interest in all such amounts.

9. If this Application/Promissory Note is executed by more than one Borrower, each Borrower agrees that any communication between you and any of the Borrowers will be binding on all of the Borrowers. I intend to be treated as a principal of this Application/Promissory Note and not as a surety. To the extent I may be treated as a surety, I waive all notices to which I might otherwise be entitled as such by law, and all suretyship defenses that might be available to me (including, without limitation, contribution, subrogation and exoneration). I agree that the Borrower may agree to any forbearance or other modification of the repayment schedule and that such agreement will be binding on me. It shall not be necessary for you to resort to or exhaust your remedies against the borrower before calling upon me to make repayment. For purposes of this paragraph only, "I" and "me" refer to the Cosigner only.

10. All dollar amounts stated in this Application/Promissory Note are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange.

11. If the Student fails to complete the education program paid for with this loan, the Cosigner and I are not relieved of any obligation within or pursuant to this Application/Promissory Note.

12. I acknowledge that the requested loan may be subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit loan guaranty agency.

13. I authorize the School and any other school that the Student may attend to release to you, or to any other persons designated by you, any requested information pertinent to this loan (e.g. enrollment status, prior loan history, and current address).

14. I authorize the Lender, any subsequent holder of this Application/Promissory Note, and their agents to: (1) advise the School and the status of my application and my loan; (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Application/Promissory Note and related documents; (3) release information and make inquiries to the persons I have given you as references, for the purposes of learning my current address and telephone number; (4) check my credit and employment history and to answer questions about their credit experience with me

15. Waiver by Lender. Except as stated in Paragraph L.8, you waive (give up) any right to claim a security interest in any property to secure this Application/Promissory Note. This does not affect any right to offset as a matter of law.

**M. STATE DISCLOSURE NOTICES**

**IOWA RESIDENTS (For purposes of the following notice, the word "you" refers to the Borrower and the Cosigner, not the Lender): NOTICE TO CONSUMER. This is a consumer credit transaction. 1. DO NOT SIGN THIS APPLICATION/PROMISSORY NOTE BEFORE YOU READ THIS APPLICATION/PROMISSORY NOTE. 2. YOU ARE ENTITLED TO A COPY OF THIS PAPER. 3. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY AND MAYBE ENTITLED TO A REFUND OF UNEARNED CHARGES IN ACCORDANCE WITH LAW.**

CALIFORNIA RESIDENTS: I have the right to prohibit the use of information contained in my credit file in connection with transactions not initiated by me. I may exercise this right by notifying the consumer credit reporting agency. A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. I have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

CALIFORNIA AND UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

NEW YORK, RHODE ISLAND AND VERMONT RESIDENTS: A consumer report (credit report) may be obtained from a consumer-reporting agency (credit bureau) in connection with this loan. If I request: (1) I will be informed whether or not consumer reports were obtained, and (2) if reports were obtained, I will be informed of the names and addresses of the credit bureaus that furnished the reports. If you agree to make this loan to me, a consumer credit report may be requested or used in connection with renewals or extensions of any credit for which I have applied, reviewing my loan, taking collection action on my loan, or legitimate purposes associated with my loan.

MARYLAND RESIDENTS: You elect Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland only to the extent not inconsistent with 12 U.S.C. § 85 and related regulations and opinions, which you expressly reserve.

**MISSOURI RESIDENTS: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.**

NEVADA RESIDENTS: This is a loan for study.

OHIO RESIDENTS: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

WISCONSIN RESIDENTS: For married Wisconsin residents: my signature on this Application/Promissory Note confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 or court decree under Section 766.70 adversely affects the interest of the Lender unless the Lender, prior to the time that the loan is approved, is furnished with a copy of the agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the Lender is incurred. If the loan for which I am applying is granted, my spouse will also receive notification that credit has been extended to me.

NEW JERSEY RESIDENTS: The section headings of this Application/Promissory Note are a table of contents and do not contract terms. Portions of this Application/Promissory Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Application/Promissory Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

**N. BORROWER'S CERTIFICATION:** I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including without limitation, the information contained in this Application/Promissory Note, is true, complete and correct to the best of my knowledge and belief and is made in good faith. I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in

default on a Federal Perkins Loan, a Federal Stafford Loan, a Federally Insured Student Loan, a Federal Supplemental Loan for Students (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.
O. STATE-SPECIFIC COSIGNER NOTICES: For the purposes of the following notices only, the words "you" and "your" refer to the Cosigner, where applicable, not to the lender.

FOR OBLIGORS COSIGNING IN WEST VIRGINIA:

> **NOTICE TO COSIGNER**
> You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay it if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

FOR OBLIGORS COSIGNING IN IOWA, NEW YORK AND SOUTH CAROLINA:
*NOTICE:* You agree to pay the debt identified below although you may not personally receive any property, goods, services, or money. You may be sued for payment although the person who receives the property, goods, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the Application/Promissory Note or contract. You

will also have to pay some or all of these costs and charges if the Application/Promissory Note or contract, the payment of which you are guaranteeing requires the borrower to pay such costs and charges. This notice is not the Application/Promissory Note or contract that obligates you to pay the debt. Read the Application/Promissory Note or contract for the exact terms of your obligation.

IDENTIFICATION OF DEBT (S) YOU MAY HAVE TO PAY
Name of Debtor: The Borrower and Cosigner identified on the first page of this Application/Promissory Note.
Name of Creditor: Charter One Bank, N.A., and its successors and assigns.
Date: If the loan is disbursed by check, the date of the check. If the loan is disbursed electronically, the date the creditor transmits the funds to the School.
Kind of Debt: Education loan.
Total of Payments: The Loan Amount Requested set forth on the first page of this Application/Promissory Note (to the extent advanced), plus interest and the Loan Origination Fee set forth in this Application/Promissory Note.

FOR OBLIGORS COSIGNING IN VERMONT:

*NOTICE TO COSIGNER*

YOUR SIGNATURE ON THIS APPLICATION/PROMISSORY NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

CONFIDENTIAL NCSLT0382

# FEDERAL AND CALIFORNIA COSIGNER NOTICES

For the purposes of these Notices, the words "you" and "your" refer to the Cosigner, not the lender.

## NOTICE TO COSIGNER (Traduccion en Ingles Se Requiere Por La Ley):

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The holder of the loan can collect this debt from you without first trying to collect from the borrower. The holder of the loan can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

## AVISO PARA EL FIADOR (Spanish Translation Required by Law):

Se le está pidiendo que garantice esta deuda. Piénselo con cuidado antes de ponerse de acuerdo. Si la persona que ha pedido este préstamo no paga la deuda, usted tendrá que pagarla. Esté seguro de que usted podrá pagar si sea obligado a pagarla y de que usted desea aceptar la responsabilidad.

Si la persona que ha pedido el préstamo no paga la deuda, es posible que usted tenga que pagar la suma total de la deuda, mas los cargos por tardarse en el pago o el costo de cobranza, lo cual aumenta el total de esta suma.

El acreedor (financiero) puede cobrarle a usted sin, primeramente, tratar de cobrarle al deudor. Los mismos metodos de cobranza que pueden usarse contra el deudor, podran usarse contra usted, tales como presentar una demanda en corte, quitar parte de su sueldo, etc. Si alguna vez no se cumpla con la obligación de pagar esta deuda, se puede incluir esa información en la historia de credito de usted.

Este aviso no es el contrato mismo en que se le echa a usted la responsibilidad de la deuda.

## 5. Promissory Notes

CONFIDENTIAL NCSLT0384

{W0010681.3}

## 6. Truth In Lending Disclosure

CONFIDENTIAL NCSLT0385

{W0010681 3}

**LOAN DISCLOSURE STATEMENT**

$ 11,049.72
01236513
Loan No.

Borrower(s)    JOSEPH S FARAH

Student:
Date:    MAY 21, 2002

25 WIGEEL DR
SCASDALE, NY 10583

Lender Name and Address:
BANK ONE, NA (OHIO)
100 EAST BROAD STREET
COLUMBUS, OH 43125

This disclosure statement relates to your Loan Note disbursed on MAY 21, 2002
Because your Loan is either being disbursed entering repayment, or the repayment terms are being modified, the following information about your Loan is being given to you.

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments scheduled. |
|---|---|---|---|
| 7.481 % | $ 13,997.60 | $ 10,000.00 | $ 23,997.60 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are due |
|---|---|---|
| 240 | $ 99.99 | On the 12th day of each month beginning on 06/2005 |
| | | |
| | | |

☐ **VARIABLE RATE:** The Annual Percentage Rate, which is based on an index plus a margin, may increase during the term of the loan if the index rate increases. The index is (check one):

   ☐ **Prime Rate Index Adjusted Monthly** - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal on the last business day of each calendar month.

   ☐ **Prime Rate Index Adjusted Quarterly** - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal on the last business day of each calendar quarter.

   ☐ **United States Treasury Bill ("T-Bill") Index** - The index is the "Auction Average (Investment) - 3 month" rate most recently published by the Federal Reserve Board before the first day of the calendar quarter.

   ☒ **LIBOR Index Adjusted Quarterly** - The average of the one-month London Interbank Offered Rates published in the "Money Rates" section of The Wall Street Journal on the first business day of each of the three (3) calendar months immediately preceding the first day of each calendar quarter.

Any increase in the index and the Annual Percentage Rate which occurs while principal payments or principal and interest payments are deferred will increase the amount of any current and all future payments. Any increase in the index and the Annual Percentage Rate which occurs after you have begun to make principal and interest payments on your loan will increase the number of principal and interest payments you must make, unless the monthly payment amount is not sufficient to pay the monthly accrued interest and to repay the principal amount of the loan in full over the maximum repayment period, in which case the monthly payment amount may be increased to the minimum amount necessary to do so. For example, if your loan were for $10,000 at 11% for seven years, and the rate increased to 12% in one year after you began making principal and interest payments, you would have to make three additional payments.

**SECURITY:** You have given a security interest in all refunds or amounts owed to you at any time by the student's educational institution. Collateral securing other loans with the Lender may also secure this Loan.

**LATE CHARGES:** If a payment is more than 15 days late, you may be charged $5.00 or 5% of the payment, whichever is less. If you default, Lender (or any subsequent holder of your Loan Note) may increase the margin used to compute the Annual Percentage Rate by two percentage points (2%).

**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.

See your contract documents for additional information about non-payment, default, any required repayment in full before the scheduled date, prepayment refunds, any security interest and penalties.

Principal Amount of Note (Amount Financed plus Prepaid Finance Charge)    $ 11,049.72

Itemization of Amount Financed
Amount paid to                and
Amount paid to    $
    $ 10,000.00

Total Amount Financed    $ 10,000.00

Itemization of Prepaid Finance Charge
   Origination Fee    $ 1,049.72
   Total Prepaid Finance Charge(s)    $ 1,049.72

**Estimates:** If payments of principal or principal and interest on your Loan are deferred while the Student is enrolled in school, all numerical disclosures except the late payment disclosure are estimates.

CSA TRAC 5/02 (FX)    EOTUDP Education One Undgrad Def P&I

CONFIDENTIAL NCSLT0386