. Erik Clark, #188693
BOROWITZ & CLARK, LLP
100 N. Barranca Street, Suite 250
West Covina, CA 91791
Tel: (626) 332-8600
Fax: (626) 332-8644

Austin C. Smith
SMITH LAW GROUP LLP
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>JOHN MARTIN MATA<br>LIVIER MATA | Case No. 16-BK-30625-MH<br>Chapter 7 |
| JOHN M. MATA,<br>   Plaintiff,<br>vs.<br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; NATIONAL COLLEGIATE STUDENT LOAN TRAUT 2007-1,<br>   Defendants. | Adversary No. 6:18-AP-01089-MH<br><br>**PLAINTFF'S STATEMENT OF FACTS IN GENUINE DISPUTE** |

1

| | | |
|---|---|---|
| 1. | On or about January 2, 2006, Plaintiff John M. Mata ("Plaintiff") borrowed $30,000 in the form of a student loan now owing to NCSLT 2006-1 in order to fund his enrollment and Cost of Attendance at Loma Linda University ("LLU") to pursue graduate studies. | Disputed in part. Plaintiff disputes that the loan was an "educational loan" and that the loan was used to fund his "cost of attendance." **See Exhibit 3.** |
| 2. | When obtaining the student loan now owing to NCSLT 2006-1 Plaintiff certified that "I acknowledge that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit Institution." | Undisputed as to fact, disputed as to legal effect. **See Exhibits 2, 3, 4, 5, 6.** |
| 3. | The student loan now owing to NCSLT 2006-1 is not dischargeable pursuant to 11 | Disputed. **Exhibits 2, 3, 4, 5, 6.** |

| # | | |
|---|---|---|
| 1-4 | U.S.C. § 523(a)(8) because it was made under a program funded or guaranteed by TERI, a nonprofit institution. | |
| 4. | None of the loan proceeds from Plaintiff's student loan now owing to NCSLT 2006-1 were ever returned or refunded. | Undisputed |
| 5. | Plaintiff has not made a payment on his student loan owing to NCSLT 2006-1 since July 6, 2012, and he currently owes the sum of $48,644.40 for principal and accrued interest. | Disputed in part. Plaintiff does not owe anything. |
| 6. | On or about September 26, 2006, Plaintiff borrowed $30,000 in the form of a student loan now owing to NCSLT 2006-4 in order to fund his enrollment and Cost of Attendance at LLU to pursue graduate studies. | Disputed in part. Plaintiff disputes that the loan was an "educational loan" and that the loan was used to fund his "cost of attendance." **See Exhibit 3.** |
| 7. | When obtaining the student loan owing to NCSLT 2006-4 Plaintiff certified that "I understand and agree that this loan is an education loan and certify that it will be used | Undisputed as to fact, disputed as to legal effect. |

3

| | | | |
|---|---|---|---|
| | | only for costs of attendance at [LLU]. I acknowledge that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code because either or both of the following apply: (a) this loan was made pursuant to a program funded in whole or in part by …TERI … a non-profit institution, or (b) this is a qualified education loan as defined in the Internal Revenue Code." | |
| | 8. | The student loan owing to NCSLT 2006-4 is not dischargeable pursuant to 11 U.S.C. § 523(a)(8) because it was made under a program funded or guaranteed by TERI, a nonprofit institution. | Disputed. **Exhibits 2, 3, 4, 5, 6.** |
| | 9. | None of the loan proceeds from Plaintiff's student loan now owing to NCSLT 2006-4 were ever returned or refunded. | Undisputed |
| | 10. | Plaintiff's has not made a payment on his student loan owing to NCSLT 2006-4 since July 6, 2012, and he currently owes the sum of $48,147.57 for principal and | Disputed in part. Plaintiff does not owe anything. |

| | | | |
|---|---|---|---|
| 11. | | accrued interest. | |
| | 11. | On or about August 8, 2007, Plaintiff borrowed $30,000 in the form of a student loan now owing to NCSLT 2007-4 in order to fund his enrollment and Cost of Attendance at LLU to pursue graduate studies. | Disputed in part. Plaintiff disputes that the loan was an "educational loan" and that the loan was used to fund his "cost of attendance." See **Exhibit 3**. |
| | 12. | When obtaining the student loan owing to NCSLT 2007-4 Plaintiff certified that "I understand and agree that this loan is an education loan and certify that it will be used only for costs of attendance at [LLU]. I acknowledge that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code because either or both of the following apply: (a) this loan was made pursuant to a program funded in whole or in part by … TERI … a non-profit institution, or (b) this is a qualified education loan as defined in the Internal Revenue Code." | Undisputed as to fact, disputed as to legal effect. |

| | | |
|---|---|---|
| 13. | The student loan owing to NCSLT 2007-4 is not dischargeable pursuant to 11 U.S.C. § 523(a)(8) because it was made under a program funded or guaranteed by TERI, a nonprofit institution. | Disputed. **Exhibits 2, 3, 4, 5, 6.** |
| 14. | None of the loan proceeds from Plaintiff's student loan now owing to NCSLT 2006-4 were ever returned or refunded. | Undisputed |
| 15. | Plaintiff's has not made a payment on his student loan owing to NCSLT 2007-4 since July 6, 2012, and he currently owes the sum of $48,601.46 for principal and accrued interest. | Disputed in part. Plaintiff does not owe anything. |

Dated Feb 4, 2019


/s Austin C. Smith

Austin C. Smith (*pro hac vice*)
SMITH LAW GROUP LLP
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

Attorneys for Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

100 N. Barranca Street, Suite 250
West Covina, CA 91791

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S STATEMENT OF FACTS IN GENUINE DISPUTE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _February 5, 2019_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| John M. & Livier Mata<br>426 1/2 West B Street<br>Ontario CA 91762 | Honorable Mark Houle<br>US Bankruptcy Court<br>3420 Twelfth Street, Suite 365<br>Riverside, CA 92501 | Smith Law Group LLP<br>3 Mitchell Place<br>New York, NY 10017 |
|---|---|---|
| Attorney for Defendant National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1<br>Patenaude & Felix, A.P.C.<br>4545 Murphy Canyon Road, 3rd Fl.<br>San Diego, CA 92123 | National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1<br>800 Boylston Street 34Th Floor<br>Boston, MA02199-8157 | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 5, 2019 | Dolores Orozco | /s/ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE