Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  877/334-0661
drichard@sessions.legal
*Attorneys for Defendants*
*National Collegiate Student Loan Trust 2006-1,*
*National Collegiate Student Loan Trust 2006-4,*
*National Collegiate Student Loan Trust 2007-4*
*(erroneously sued as National Collegiate Student Loan Trust 2007-1)*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>    JOHN MARTIN MATA<br>    LIVIER MATA<br><br>JOHN M. MATA,<br>                Plaintiff,<br>  vs.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, et al.<br>                Defendants. | Case No.  16-BK-30625-MH<br><br>Chapter 7<br><br>Adversary No. 6:18-AP-01089-MH<br><br>**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

TO THE COURT AND ALL COUNSEL OF RECORD:

Defendants, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-4 and National Collegiate Student Loan Trust 2007-4 ("NCSLT") respectfully submit this Notice of Supplemental Authority regarding the attached U.S. Bankruptcy Appellate Panel of the Tenth Circuit decision in *In re Francis,* 385 B.R. 800 (B.A.P. 10th Cir. 2008) ("Francis' position is contrary to the plain language of the statute.  The statute applies to a "loan . . .

made under any program funded in whole or in part by a . . . nonprofit institution." The statutory language is clear that whether a loan is of a character included within the exception is determined as of the time the loan is made. That means the time for making the determination is when Francis applied for and received the funds in question, not when he filed for bankruptcy or when he filed this adversary proceeding.")

Date: April 30, 2019         SESSIONS FISHMAN NATHAN & ISRAEL, L.L.P.
                             */s/Damian Richard*
                             Damian Richard, Esq.
                             Attorney for Defendants

385 B.R. 800
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
This disposition appears in the Bankruptcy
Reporter. See CTA10 BAP Rule 8026-6 for rules
regarding the citation of unpublished decisions.
United States Bankruptcy Appellate
Panel of the Tenth Circuit.

In re Dennis Eugene FRANCIS, Debtor.
Dennis Eugene Francis, Plaintiff–Appellant,
v.
Sallie Mae, Inc., Defendant–Appellee.

BAP No. WY–08–015.
|
Bankruptcy No. 05–22882.
|
Adversary No. 07–02038.
|
May 6, 2008.

Appeal from the United States Bankruptcy Court for the District of Wyoming.

Before BOHANON, CORNISH, and MICHAEL, Bankruptcy Judges. [1]

ORDER AND JUDGMENT [*]

MICHAEL, Bankruptcy Judge.

**\*1** Debtor Dennis Eugene Francis ("Francis") appeals the bankruptcy court's summary judgment order determining that his student loan debt to Sallie Mae, Inc. ("Sallie Mae") is nondischargeable pursuant to 11 U.S.C. § 523(a)(8). [2] Having reviewed the record and applicable law, we affirm.

## I. FACTUAL BACKGROUND

Between May 31, 1989, and October 2, 1991, Francis obtained three loans (the "Loans") from the LAWLOANS Program ("Program") for purposes of financing his law school education. Sallie Mae is the current holder of the Loans, the outstanding balances of which total approximately $19,202.64. On October 14, 2005, Francis and his wife filed a joint Chapter 7 bankruptcy petition, and received a discharge of all "eligible debts" on January 18, 2006. Sallie Mae continued its collection efforts with regard to the delinquent Loans.

Francis then commenced this adversary proceeding on June 29, 2007, seeking a determination that the Loans had been discharged by the court's prior discharge order. He contended that because the Loans were currently held by Sallie Mae they constituted "private student loans," and therefore, were not subject to § 523(a)(8)'s exception from discharge. Sallie Mae filed its motion for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56, arguing the Loans were made under a program funded in part by a nonprofit institution, and as a result, were subject to the limitations on dischargeability imposed by § 523(a)(8).

A hearing on Sallie Mae's motion for summary judgment was held on December 27, 2007. Although Francis filed an objection to the motion, he did not appear at the hearing. With its motion for summary judgment, Sallie Mae submitted materials demonstrating that the Loans were in fact made pursuant to the Program. Further, Sallie Mae provided materials evincing that the Program was established under the LAWLOANS Multiparty Agreement which was entered into by various entities, including a nonprofit organization, the Higher Education Assistance Foundation (HEAF). Under the agreement, HEAF was responsible for insuring loans made by the Program, providing the customer service component of the Program, and receiving and processing all loan applications submitted to the Program.

Finding there were no disputed issues of material fact, the bankruptcy court granted Sallie Mae's motion for summary judgment. The bankruptcy court ruled that the participation of the nonprofit organization HEAF in the Program subjected the loans to § 523(a)(8)'s exception, and thus the Loans were not discharged. Francis now appeals.

## II. APPELLATE JURISDICTION

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal. [3] Neither party elected to have this appeal heard

by the United States District Court for the District of Wyoming. The parties have therefore consented to appellate review by this Court.

**\*2** A decision is considered final "if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " [4] In this adversary proceeding, the bankruptcy court determined that Sallie Mae's claim against Francis for student loan debt could not be discharged. Nothing remains for the lower court's consideration. Thus, the order of the bankruptcy court is final for purposes of review.

### III. STANDARD OF REVIEW

A ruling on summary judgment is reviewed *de novo,* applying the same legal standard used by the bankruptcy court. [5] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." [6] "In reviewing a summary judgment motion, the court is to view the record 'in the light most favorable to the nonmoving party.' " [7]

### IV. ANALYSIS

The issue on appeal is whether there is a genuine issue of fact regarding whether the Loans fall within the § 523(a)(8) exception to discharge. Section 523(a)(8) provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or1328(b) of this title does not discharge an individual debtor from any debt—

...

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents[.] [8]

Thus, at the time Francis filed his bankruptcy petition, completely private student loan transactions made by for-profit corporations were not subject to § 523(a)(8). [9]

On appeal, Francis contends only as follows:

> The loans in question, while originally in a program called the law loans program, are currently in a program called law student and funded in whole by Salle Mae, a for profit corporation. By failing to determine what loan program the loans are in as of the time of filing the adversary petition the Bankruptcy court can not determine if the loans are issued by a program funded in whole or in part by a non-profit institution. [10]

Sallie Mae responds that the applicability of § 523(a)(8) hinges upon the character of the Loans at the time they were made, not the character of the Loans on the date Francis filed his bankruptcy petition or his adversary petition. [11] We agree with Sallie Mae.

First, Francis cites to no authority supporting his position that the relevant time for determining the character of the Loans is when the nondischargeability adversary proceeding was filed. Further, Francis sets forth no argumentation explaining such position. " '[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.' " [12]

**\*3** More importantly, Francis' position is contrary to the plain language of the statute. The statute applies to a "loan ... *made* under any program funded in whole or in part by a governmental unit or nonprofit institution." [13] The statutory language is clear that whether a loan is of a character included within the exception is determined as of the time the loan is *made.* That means the time for making the determination is when Francis applied for and received the funds in question, not when he filed for bankruptcy

or when he filed this adversary proceeding. Francis' only argument on appeal has no merit.

In this case, Francis does not deny that the Loans were originally made under the Program.[14] Nor does he dispute, as concluded by the bankruptcy court, that the Program was a "program funded in whole or in part by a governmental unit or nonprofit institution." Because Francis does not raise this as an issue on appeal, we need not review the bankruptcy court's conclusion.

**V. CONCLUSION**

The bankruptcy court was not presented with a genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. Therefore, the bankruptcy court correctly granted summary judgment in favor of Sallie Mae, and its order is hereby affirmed.

### JUDGMENT

This case originated in the United States Bankruptcy Court for the District of Wyoming.

The judgment of that court is AFFIRMED.

**All Citations**

385 B.R. 800 (Table), 2008 WL 2019594

Footnotes

| | |
|---|---|
| 1 | The parties did not request oral argument, and after examining the brief sand appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *Fed. R. Bankr.P. 8012*. The case is therefore ordered submitted without oral arguMent. |
| * | This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. BAP L.R. 8018–6(a). |
| 2 | Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") of 2005. |
| 3 | *28 U.S.C. § 158(a)(1), (b)(1),* and *(c)(1)*; *Fed. R. Bankr.P. 8002*; 10th Cir.BAP L.R. 8001–1(a) & (d). |
| 4 | *Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996)* (quoting *Catlin v. United States, 324 U.S. 229, 233 (1945)*). |
| 5 | *Kojima v. Grandote Int'l Ltd. Liability Co. (In re Grandote Country Club Co., Ltd.), 252 F.3d 1146, 1149 (10th Cir.2001)*. |
| 6 | *Fed.R.Civ.P. 56(c)*. |
| 7 | *Grandote,* 252 F.3d at 1149 (quoting *Thournir v. Meyer,* 909 F.2d 408, 409(10th Cir.1990)). |
| 8 | *11 U.S.C. § 523(a)(8)*. At no time has Francis raised the issue of undue hardship. |
| 9 | *But see § 523(a)(8)* as amended by the BAPCPA of 2005, which added private student loans to the discharge exception. |
| 10 | Appellant's Br. at 3–4 (citation omitted). |
| 11 | Appellee's Br. at 8. |
| 12 | *Tran v. Trustees of State Colls. in Colo., 355 F.3d 1263, 1266 (10th Cir.2004)* (quoting *Phillips v. Calhoun, 956 F.2d 949, 953–54 (10th Cir.1992)*). |
| 13 | *11 U.S.C. § 523(a)(8)* (emphasis added). |
| 14 | *See* footnote 9, *supra,* and accompanying text. In his brief, Francis also states: "Sallie Mae's website ... identifies the loan program to be something other than the LAWLOANS program that the loans were originally issued under." Appellant's Br. at 4–5. In fact, even in his "Plaintiff's Resistance to Motion for Summary Judgment," Francis states: "Sallie Mae currently holds loans that originally were issued under the Law Loans program." Appellant's App. at 17. |

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.