UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>    JOHN MARTIN MATA<br>    LIVIER MATA | Case No. 16-BK-30625-MH<br><br>Chapter 7 |
| JOHN M. MATA,<br>                    Plaintiff,<br>  vs.<br>NATIONAL COLLEGIATE<br>STUDENT LOAN TRUST 2006-1, et al.<br>                    Defendants. | Adversary No. 6:18-AP-01089-MH<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

Pursuant to the Court's Ruling on May 8, 2019, adopting the Tentative Ruling as the Order of the Court, which GRANTED the Motion for Summary Judgment of Defendants' National Collegiate Student Loan Trust 2006-1 ("NCSLT 2006-1"), National Collegiate Student Loan Trust 2006-4 ("NCSLT 2006-4"), and National Collegiate Student Loan Trust 2007-4 ("NCSLT 2007-4") (collectively "Defendants"), the Court hereby enters the following Findings of Fact and Conclusions of Law:

/ / /

/ / /

/ / /

# FINDINGS OF FACT

1. Plaintiff John Mata applied for and obtained three $30,000 student loans as part of his graduate studies in counseling at Loma Linda University from 2005-2008. These occurred in January of 2006, September of 2006, and August of 2007. (ECF No. 33-4, Declaration of Bradley Luke ("Luke Decl."), ¶¶ 11-18, Exhibits ("Exs.") A-1 to A-12, D-I; ECF No. 34-1, Request for Judicial Notice ("RJN") Exs. B, D-I.)

2. The loan agreements each stated that the student loans were explicitly limited to the costs of attending the school. (ECF No. 33-4, Luke Decl., ¶¶ 11-18, Exs. A-1, A-5, A-9, at ¶¶ L(2), L(12), H.)

3. The three student loans were "educational loans" under subsection 523(a)(8)(A)(i). (ECF No. 33-4, Luke Decl. Exs. A-1, A-5, A-9.)

4. The loan agreements each stated that the student loans were nondischargeable pursuant to 11 U.S.C. § 523(a)(8), either under § 523(a)(8)(A)(i) because the originating lender "purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit Institution," or under § 523(a)(8)(B) because they were "qualified education loan as defined in the Internal Revenue Code," or both. (ECF No. 33-4, Luke Decl., ¶¶ 11-18, Exs. A-1, A-5, A-9, at ¶¶ L(2), L(12), H.)

5. Upon origination, the three student loans were assigned, transferred, and securitized into Defendants NCSLT 2006-1, NCSLT 2006-4, and NCSLT 2007-4, respectively. (ECF No. 33-4, Luke Decl. ¶¶ 11-18, Exs. A-1 to A-12, D-I; ECF No. 34-1, RJN Exs. B, D-I.)

6. Each of Plaintiff's three student loans owing to Defendants were guaranteed by TERI. (ECF No. 33-4, Luke Decl. ¶¶ 17, 25, 34, at Exs. A-3, A-7, A-11, at Arts. 1 & 5 ("assign[ing]" "claims" and "rights" "under the [TERI] Guaranty Agreements"), and pp. 18-25, 63-69, 104-109 ("GUARANTOR:

TERI"); ECF Nos. 33-4, Luke Decl., and 34-1, RJN, Exs. D, E, and F, at Arts. I, VII(a) ("TERI Guaranteed Loans" "TERI Guaranty Agreements"), G, H, and I, at p. 1 ("TERI guaranties the payment of principal and interest on the Loans in exchange for the payment of certain Guaranty Fees.")).

7.     TERI is a "nonprofit institution" and was a "nonprofit institution" at the time it guaranteed Plaintiff's student loans now owing to Defendants. (ECF No. 63 at 38:3-10, 47-48, 91:13-24 of 241; *In Re The Education Resources Institute, Inc.,* No. 08-12540 (Bankr. D. Mass.); ECF No. 33-4, Luke Decl., at pp. 141, 196, 239, 337 of 369 ("The Education Resources Institute, Inc., a private non-profit corporation organized under Chapter 180 of the Massachusetts General Laws"), at pp. 146, 200, 243 of 369 ("'TERI' means The Education Resources Institute, Inc., a private non-profit corporation organized under Chapter 180 of the Massachusetts General Laws."); ECF No. 63 at 47-48, 91:13-24 of 241 (TERI, "one of the largest not-for-profit entities in the country."); ECF No. 56, at p. 14, n.24 TERI, Bringing a Better Future Within Reach – About Us (Feb. 7, 2019) available at http://www.teri.org/index/index.html ("At TERI, we promote access to education at all levels for students of all ages and backgrounds. Founded in 1985, we are a nonprofit organization with two primary programs. Through our TERI guaranteed private education loan programs, we have helped over one million students access loans to pay for their education. Through our College Access programs, we have supported over one million low income and underserved individuals in their pursuits of a college degree.").

8.     The student loans owing to Defendants are each not dischargeable pursuant to 11 U.S.C. § 523(a)(8)(A)(i) because they were made under a program funded or guaranteed by TERI, a nonprofit institution. (ECF No. 33-4, Luke Decl., Ex. J at § 1, ¶¶ 1.4 and 1.8-1.9 ("NextStudent Loan Program"), Ex. K. at § 1, ¶¶ 1.10-1.11 ("START Education Loan Program")).

9. Plaintiff's Adversary Complaint did not allege any "undue hardship." (ECF No. 1, Adv. Compl.).

## CONCLUSIONS OF LAW

1. Plaintiff's student loans owing to Defendants were "educational loans" pursuant to 11 U.S.C. § 523(a)(8)(A)(i).

2. TERI is a nonprofit institution. *In re O'Brien,* 419 F.3d 104, 106 (2d Cir. 2005) (holding loan at issue was funded by TERI nonprofit "corporation that conditionally guarantees loans extended by private lenders under TERI's student loan programs.").

3. Plaintiff's student loans owing to Defendants were each made under any program funded in whole or in part by a nonprofit institution pursuant to 11 U.S.C. § 523(a)(8)(A)(i). *In re McClain,* 272 B.R. 42, 46 (Bankr. D. N.H. 2002) ("TERI played a meaningful part in procurement of the loans, making them nondischargeable pursuant to the language of § 523(a)(8)."); *In re Drumm,* 329 B.R. 23, 35 (Bankr. W.D. Pa. 2005).

4. Plaintiff's student loans owing to Defendants are not dischargeable pursuant to 11 U.S.C. § 523(a)(8)(A)(i) because they were educational loans made under a program funded or guaranteed by TERI, a nonprofit institution.

5. Where TERI has guaranteed a student loan, that "student loan was made under a program that was funded in whole or in part by a nonprofit institution" such that the loan was non-dischargeable under subsection 523(a)(8)(A)(i). *In re O'Brien,* 419 F.3d 104, 106 (2d Cir. 2005) (holding loan at issue was funded by TERI nonprofit "corporation that conditionally guarantees loans extended by private lenders under TERI's student loan programs.").

6. Courts interpreting *O'Brien* have held that a student loan is excepted from discharge under § 523(a)(8)(A)(i) where "the nonprofit entity played any meaningful part in procurement of the loans under the program." *In re Page,* 592

B.R. 334, 337 (B.A.P. 8th Cir. 2018).

# # #