Erik Clark, #188693
BOROWITZ & CLARK, LLP
100 N. Barranca Street, Suite 250
West Covina, CA 91791
Tel: (626) 332-8600
Fax: (626) 332-8644

Austin C. Smith
SMITH LAW GROUP LLP
3 Mitchell Place
New York, NY 10017
917-992-2121
austin@acsmithlawgroup.com

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>JOHN MARTIN MATA<br>LIVIER MATA | Case No. 6:13-BK-30625-MH<br><br>Chapter 7 |
| JOHN M. MATA,<br>                Plaintiff,<br>vs.<br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1; et. al.,<br>                Defendants. | Adversary No. 6:18-AP-01089-MH<br><br>**PLAINTFF'S OPPOSITION TO DEFENDANTS' PROPOSED FINDINGS OF FACT** |

Plaintiff previously objected to two of Defendants' proposed findings of fact as contained in their proposed order granting summary judgment (ECF No. 76). By this opposition, Plaintiff opposes Defendants' attempt to provide proposed findings of fact *in toto*. Findings of fact are

generally inappropriate on summary judgment.[1] Although Rule 52 does not preclude such findings, the Ninth Circuit has stated:

> Findings of fact should be eschewed in determining whether summary judgment should be granted . . .[r]ather, the trial court is to perform a 'threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.' Such an inquiry is incompatible with the trial court's conducting its own fact-finding. *Taybron v. City and County of San Francisco*, 341 F.3d 957, 959 (9th Cir. 2003) (citations omitted).

Plaintiff continues to believe that there are genuine issues of material fact in dispute, but that if summary judgment is to be granted, Plaintiff respectfully requests that this Court enter an order granting summary judgment solely on the facts provided by Defendants at ECF No. 33-2, without allowing Defendants to make *post-hoc* characterizations about any findings of fact they believe must have gone into this Court's analysis. As Plaintiff stated in his opposition to the proposed order, there are material (if subtle) differences between the Defendants' proposed findings of fact (ECF No. 72-2) and either the Court's tentative opinion or the Defendants' initial statement of uncontroverted facts (ECF No. 33-2).[2]

---

[1] *In re Commercial Money Center, Inc.*, 350 B.R. 465, 473 (9th Cir. BAP 2006) ("As a general matter, '[f]indings of fact should be eschewed in determining whether summary judgment should be granted.'"). *See also In re Babian*, 2013 WL 646386, at *3 (9th Cir.BAP 2013) ("Although Civil Rule 56(a), applicable here through Rule 7056, states that a 'court should state on the record the reasons for granting or denying the [summary judgment] motion,' that typically does not take the form of making findings of fact, as *summary judgment is appropriate only when there are no facts to be found*; that is, when 'there is no genuine dispute as to any material fact....' Civil Rule 56(a).") (emphasis added).

[2] For example, the statement of uncontroverted facts at ECF 33-2 stated that the loans were "now owing" to Defendants (Nos. 1, 6, 11). The proposed findings of fact, however, state that the loans were "assigned, transferred, and securitized." Plaintiff does not wish to quibble, but these are legal terms of art that are not interchangeable with "now owing," and would appear to contain other legal conclusions and findings of fact not made by this Court. *See Loan Syndications and Trading Ass'n v. S.E.C.*, 818 F.3d 716, 718 (D.C. Cir. 2016) ("Congress required 'securitizers'—a term of art generally referring to those who issue or organize asset-backed securities—to retain at least five percent of the underlying credit risk."); *Middlesex Surgery Center v. Horizon*, 2013 WL 775536, at *3 (D. N.J. 2013) ("According to *Black's Law Dictionary* (9th ed. 2009), 'assignment' is a term of art meaning the 'transfer of rights or property.'").

Plaintiff respectfully requests that this Court enter the Defendants' Statement of Uncontroverted Facts at ECF No. 33-2, the proposed Judgment at ECF No. 72-3, and provides here an alternative proposed order.

Date: May 23, 2019

Erik Clark, #188693
BOROWITZ & CLARK, LLP
100 N. Barranca Street, Suite 250
West Covina, CA 91791
Tel: (626) 332-8600
Fax: (626) 332-8644

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

100 N. Barranca Street, Suite 250
West Covina, CA 91791

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S OPPOSITION TO DEFENDANTS' PROPOSED FINDINGS OF FACT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _May 23, 2019_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| John M. & Livier Mata<br>426 1/2 West B Street<br>Ontario CA 91762 | Honorable Mark Houle<br>US Bankruptcy Court<br>3420 Twelfth Street, Suite 365<br>Riverside, CA 92501 | Smith Law Group LLP<br>3 Mitchell Place<br>New York, NY 10017 |
|---|---|---|
| Attorney for Defendant National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1<br>Damian P. Richards, ESQ<br>Sessions, Fishman, Nathan & Isreal, LLP<br>1545 Hotel Circle South, Suite 150<br>San Diego, Ca 92108-3426 | | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 23, 2019 | Dolores Orozco | /s/ Dolores Orozco |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                       F 9013-3.1.PROOF.SERVICE