K. JOHN SHAFFER (Cal. Bar No. 153729)
RAZMIG IZAKELIAN (Cal. Bar No. 292137)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
Email:  johnshaffer@quinnemanuel.com
         razmigizakelian@quinnemanuel.com

*Attorneys for the National Consumer Bankruptcy Rights Center*

**FILED & ENTERED**

**DEC 27 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** cargill    **DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>JOHN M. MATA<br><br>Debtor.<br>_____<br><br>JOHN MATA<br><br>Plaintiff<br><br>v.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4<br><br>Defendants | Case No. 6:13-bk-30625-MH<br>Chapter 7<br><br>Adv. Pro. No. 6:18-ap-01089-MH<br><br>**ORDER GRANTING MOTION TO UNSEAL COURT RECORDS**<br><br>Date:    December 18, 2019<br>Time:   2:00 p.m.<br>Place:   3420 Twelfth Street<br>           Courtroom 303<br>           Riverside, CA 92501<br>Judge:  Hon. Mark Houle |

The Court, having considered the *Motion to Unseal Court Records* [Dkt. No. 85] (the "Motion"), the *Plaintiff's Memorandum of Law in Support of Motions to Intervene and to Unseal Documents* [Dkt. No. 88], the *Defendants' Opposition to Motion to Unseal Court Records* [Dkt. No. 89], the *Reply in Support of Motion to Unseal Court Records* [Dkt. No. 91], all evidence filed in support of the foregoing, and all the pleadings in above-captioned case; having issued a tentative ruling ("Tentative Ruling"), which is attached hereto as Exhibit A; having considered argument of counsel at the hearing; good cause appearing; and for the reasons set forth in the Tentative Ruling and on the record, hereby orders that:

1. The Motion is granted.
2. The Clerk of the Bankruptcy Court is authorized and directed to unseal the documents filed at Dkt. Nos. 41, 48, and 64.

###

Date: December 27, 2019

Mark Houle
United States Bankruptcy Judge

-1-

# EXHIBIT A

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, December 18, 2019**          **Hearing Room**    **303**

**2:00 PM**
**6:13-30625**    **John Martin Mata**                                                **Chapter 7**
Adv#: 6:18-01089      Mata et al v. National Collegiate Student Loan Trust 2006-1 et a

     **#20.00**      Motion To Intervene For The Limited Purpose Of Unsealing Court Records

                 Also #21

                 EH__

                                       Docket      84

     **Tentative Ruling:**
        - NONE LISTED -

| Party Information |
|---|

**Debtor(s):**

     John Martin Mata                                Represented By
                                                   Michael E Clark

**Defendant(s):**

     National Collegiate Student Loan          Represented By
                                                   James Schultz
                                                   Debbie P Kirkpatrick

     NATIONAL COLLEGIATE                 Represented By
                                                   James Schultz
                                                   Debbie P Kirkpatrick

     National Collegiate Student Loan          Represented By
                                                   James Schultz
                                                   Debbie P Kirkpatrick

**Joint Debtor(s):**

     Livier Mata                                         Represented By
                                                   Michael E Clark

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, December 18, 2019**                                                                 **Hearing Room   303**

<u>2:00 PM</u>
**CONT...**     **John Martin Mata**                                                                                **Chapter 7**

   <u>**Movant(s):**</u>

      National Consumer Bankruptcy                Represented By
                                          Razmig Izakelian

   <u>**Plaintiff(s):**</u>

      John Martin Mata                                         Represented By
                                          Michael E Clark
                                          Austin C Smith

      Livier Mata                                                    Represented By
                                          Michael E Clark
                                          Austin C Smith

   <u>**Trustee(s):**</u>

      Helen R. Frazer (TR)                                       Pro Se

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, December 18, 2019**                                                                 **Hearing Room    303**

<u>2:00 PM</u>
**6:13-30625    John Martin Mata**                                                                                    **Chapter 7**
Adv#: 6:18-01089        Mata et al v. National Collegiate Student Loan Trust 2006-1 et a

**#21.00**    Motion to Unseal Document

Also #20

EH__

                                    Docket        85

**Tentative Ruling:**

<u>12/18/19</u>

**BACKGROUND**

On December 31, 2013, John & Livier Mata ("Debtors") filed a Chapter 7 voluntary petition. On April 14, 2014, Debtors received a discharge, and the following day their case was closed.

On April 18, 2018, Debtors filed a complaint against National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-4, and National Collegiate Student Loan Trust 2007-1 (collectively, "Defendants") for determination of dischargeability. Specifically, Debtors seek a declaratory judgment that their loans were discharged. On May 18, 2018, Defendants filed their answer.

On January 9, 2019, Defendants filed a motion for summary judgment. On February 5, 2019, Debtors filed their opposition. On May 8, 2019, the Court orally granted Defendants' motion for summary judgment although no order or judgment has yet been entered.

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, December 18, 2019**                                                              **Hearing Room    303**

<u>2:00 PM</u>
**CONT...**     **John Martin Mata**                                                                              **Chapter 7**

In conjunction with its filing of the motion for summary judgment, Defendants filed a motion to file confidential documents under seal. Specifically, Defendants requested that the Court seal two student loan guaranty agreements. These guaranty agreements were provided to Debtors subject to a stipulated protective order entered by the Court on December 28, 2019. After conducting an in-camera review of the agreements, the Court entered an order granting Defendants' motion to seal the documents on January 16, 2019. Subsequently, Debtors referred to the guaranty agreements when filing their opposition to the motion for summary judgment, and, on January 31, 2019, the Court granted Debtors' motion to file the documents under seal.

On November 15, 2019, the National Consumer Bankruptcy Rights Center ("NCBRC") filed a motion to intervene and a motion to unseal the guaranty agreements. On November 25, 2019, Debtors filed a memorandum of law in support of NCRBC's motions. On December 4, 2019, Defendants filed a non-opposition to NCRBC's motion to intervene in the case and an opposition to the motion to unseal documents.

Based upon the non-opposition of Defendants, and for the reasons set forth in NCBRC's motion [Dkt. No. 84], the Court is inclined to grant the motion to intervene.

**DISCUSSION**

11 U.S.C. § 107(a)-(b)(1) state:

(a) Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, December 18, 2019**      Hearing Room    **303**

2:00 PM
**CONT...**    **John Martin Mata**      Chapter 7

bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy may –

    (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

As noted by the parties, 11 U.S.C. § 107 codifies and displaces the common law right of access to judicial proceeds. *See, e.g.*, *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011). In *In re Roman Catholic Archbishop of Portland in Oregon*, the Ninth Circuit stated the following:

> We perceive such a divergence between § 107 and the common law. The statute speaks directly to, and diverges from, the common law right of judicial access. First, the common law rule distinguishes between dispositive and non-dispositive motions, while § 107 covers all papers filed in a bankruptcy case. Second, the common law rule gives courts the discretion to create exceptions to the general rule of disclosure to the public. By contrast, § 107 has only three exceptions: confidential business information, "scandalous or defamatory matter," and "means of identification." Third, the common law rule gives courts discretion to determine whether to protect or disclose documents, while § 107 eliminates a court's discretion by making it mandatory for a court to protect documents falling into one of the enumerated exceptions. Because § 107(b) imposes this mandatory requirement, it eliminates the balancing of public and private interests required by the common law rule if a document is scandalous or defamatory. Under § 107, the strength of the public's interest in a particular judicial record is irrelevant; if the exception pertains, the bankruptcy court must issue a protective order on a motion by the affected person or party.
>
> Because § 107 speaks directly to and conflicts with significant aspects of the common law right of access, we join our sister circuits in

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, December 18, 2019**                                                           **Hearing Room    303**

2:00 PM
CONT...        **John Martin Mata**                                                                     **Chapter 7**
               holding that § 107 preempts the common law right of access in
               bankruptcy proceedings.

*Id*. at 430-31 (citations omitted). Therefore, in light of the above excerpt, the Court simply must determine whether Defendants have demonstrated that 11 U.S.C. § 107(b)(1) is applicable to the guaranty agreements. *See, e.g.*, *In re Borders Group, Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011) ("[T[he moving party bears the burden of showing that the information is confidential."). "The burden of proof is heavy, requiring an extraordinary circumstance or compelling need." *In re Motors Liquidation Co.*, 561 B.R. 36, 42 (Bankr. S.D.N.Y. 2016) (quotation omitted). "Section 107(b) is not intended to save the debtor or creditors from embarrassment." *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007).

Within the Second Circuit, the Bankruptcy Courts for the Southern District of New York have had occasion to repeatedly consider the application of § 107(b)(1) to confidential commercial information. *See, e.g.*, *In re Borders Group, Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y.) ("For purposes of section 107(b), commercial information includes information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.") (quotations omitted); *see also In re Barney's, Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y.) (the redacted information must be "so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit the entity's competition"). These cases make it apparent that the sealed information in this case *could potentially* fall under the umbrella of confidential commercial information. *See, e.g.*, *In re Barney's, Inc.*, 201 B.R. 703 at 709 ("information might include, without limitation, pricing formulae, short and long term marketing strategies and the terms of the agreement with suppliers").

Nevertheless, as pointed out by NCBRC, Defendants' arguments appear to fall short of satisfying their "heavy" burden of proof. *See, e.g.*, *In re Motors Liquidation Co.*, 561 B.R. 36 at 43 ("Evidence – not just argument – is required to support the extraordinary remedy of sealing."). Defendants repeated assertions that "[p]ublic disclosure of this private commercial information could negatively impact Defendants' competitive standing in the

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, December 18, 2019**                  **Hearing Room**    **303**

<u>2:00 PM</u>
**CONT...**     **John Martin Mata**                                                               **Chapter 7**

student loan industry" do not appear to satisfy the evidentiary burden imposed on Defendants; if the Court were to accept this line of argument, it would effectively flip the burden of proof on to NCRBC/Debtors.

Additionally, the Court considers the importance of a thorough evidentiary record to be increased in this case due to the passage of time since the guaranty agreements were signed. *See, e.g., Koch v. Greenberg*, 2012 WL 1449186 at * 4 (S.D.N.Y. 2012) (Materials "are all approximately 10 years old, and where commercially sensitive information is stale, this can undermine the party's (or non-party's) claim that disclosure will create a competitive disadvantage."). Noting that the documents at issue here are 15+ years old, the Court simply cannot consider Defendants' conclusory allegations as having satisfied the heavy burden of proof required in this situation to justify the extraordinary measure of sealing court records under § 107.

**<u>TENTATIVE RULING</u>**

The Court is inclined to GRANT both the motion to intervene and the motion to unseal documents.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

    John Martin Mata                            Represented By
                                                     Michael E Clark

**Defendant(s):**

    National Collegiate Student Loan        Represented By
                                                     James  Schultz
                                                     Debbie P Kirkpatrick

# United States Bankruptcy Court
# Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, December 18, 2019**                      **Hearing Room**    **303**

<u>2:00 PM</u>
**CONT...     John Martin Mata**                                          **Chapter 7**

     NATIONAL COLLEGIATE           Represented By
                                                     James  Schultz
                                                     Debbie P Kirkpatrick

     National Collegiate Student Loan      Represented By
                                                    James  Schultz
                                                Debbie P Kirkpatrick

**<u>Joint Debtor(s):</u>**

     Livier  Mata                                   Represented By
                                                  Michael E Clark

**<u>Movant(s):</u>**

     National Consumer Bankruptcy      Represented By
                                                 Razmig  Izakelian

**<u>Plaintiff(s):</u>**

     John Martin Mata                     Represented By
                                                  Michael E Clark
                                                  Austin C Smith

     Livier  Mata                                   Represented By
                                                  Michael E Clark
                                                  Austin C Smith

**<u>Trustee(s):</u>**

     Helen R. Frazer (TR)                  Pro Se