James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
jschultz@sessions.legal
dkirkpatrick@sessions.legal
*Attorneys for Defendants*
*National Collegiate Student Loan Trust 2006-1,*
*National Collegiate Student Loan Trust 2006-4,*
*National Collegiate Student Loan Trust 2007-4*
*(erroneously sued as National Collegiate Student Loan Trust 2007-1)*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>     JOHN MARTIN MATA<br>     LIVIER MATA<br><br>_____<br><br>JOHN M. MATA,<br>          Plaintiff,<br><br>    vs.<br><br>NATIONAL COLLEGIATE<br>STUDENT LOAN TRUST 2006-1, *et al.*<br>          Defendants.<br><br>_____ | ) Case No.  16-BK-30625-MH<br>)<br>) Chapter 7<br>)<br>)<br>) Adversary No. 6:18-AP-01089-MH<br>)<br>) **DEFENDANTS' RESPONSE TO**<br>) **PLAINTIFF'S SUPPLEMENTAL**<br>) **AUTHORITY**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Defendants  National  Collegiate  Student  Loan  Trust  2006-1,  National

Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-

4 (erroneously sued as National Collegiate Student Loan Trust 2007-1) (collectively

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"Defendants"), through undersigned counsel, hereby respond to the supplemental authority filed by plaintiff on May 7, 2020 [Dkt. 100].

On May 8, 2019, this Court made a tentative ruling granting Defendants' motion for summary judgment.  Plaintiff has now filed "Supplemental Authority" in a belated attempt to challenge the tentative ruling.  Specifically, plaintiff argues a filing made on behalf of a different NCSLT trust (NCSLT 2006-3) in a different matter – "raises at least two concerns.  First it must be asked in all sincerity whether anyone at NCSLT has *actual* knowledge of the TERI guarantees….[and] Second, TERI's 2000-2002 audited financials describe how another major student loan company, Access Group, terminated its guarantee agreement with TERI in 2000, and retroactively stripped $340 million in guarantees from loans made in 1998-1999."  *See Dkt. 100, pp. 2 - 3.*

The putative "supplemental authority" raises no genuine disputes of material fact, does not undermine this Court's factual findings and legal reasoning for its Tentative Ruling, and should be disregarded for 4 reasons.

First, the filing was procedurally improper.  It was filed without leave of court and without being allowed under the Local Bankruptcy Rules.  Plaintiff's filing is, in effect, a supplemental and unauthorized brief opposing an already-decided motion.

Second, the "supplemental authority" is not authority in any form.  At best, it is an argument raised by a different defendant in a different case that has no relevance to any of the issues that were litigated and already decided.  Here, Defendants did not argue, and this Court did not conclude, that TERI directly funded plaintiff's loans.  The fact that NCSLT 2006-3 is ostensibly making that argument in a different case has no bearing on the undisputed evidence, and finding of this Court, that TERI's **guarantee, and not direct funding**, of plaintiff's loans make the loans exempt from discharge under § 523(a)(8)(A)(i).  *See Tentative Ruling* ("However, it is clear within this case that Debtor's loans were in fact **guaranteed** by TERI, and that they were each sold other respective trusts that makeup the defendants.") (emphasis added).[1]

Third, the "supplemental authority" also attempts to introduce new evidence wholly unrelated to any of the issues or parties in this case.  The fact that Access Group elected to terminate a guarantee agreement with TERI in 2000 has no relevance to any issues in this case because plaintiff has not, and cannot, point to any evidence that any defendant in this case ever sought to terminate the guarantee

---

[1] To the extent plaintiff's supplemental authority seeks to challenge the competency or admissibility of the testimony of Bradley Luke, such an attempt must be rejected.  First, plaintiff had an opportunity to timely raise any objections to the admissibility of Mr. Luke's testimony, and did not.  Plaintiff has therefore waived any objection to Mr. Luke's testimony.  Moreover, the TERI guarantee of plaintiff's loans here was well-supported, not only by Mr. Luke's testimony, but also the record.  *See Tentative Ruling* ("Defendants have disclosed the Loan Financial Activity pages, which identify Debtors by name, and also state that the loans were guaranteed by TERI….In short, the Court cannot find that there is a genuine issue of fact as to whether TERI, **on paper**, guaranteed the loan program which provided Debtor's loans.") (emphasis added).

agreement with TERI.  The relationship between Access Group and TERI has no bearing on whether the loans incurred by plaintiff in this case were guaranteed by TERI.  This Court has already found that they were.

Last, plaintiff's efforts to undermine the reasoning of 2 cases, *In re Jean-Baptiste*, 584 B.R. 574 (Bankr. E.D. N.Y. 2018) and *In re Johnson*, 2008 WL 5120913 (Bankr. M.D. Pa. 2008), that are "at the center of the many of the Defendants' authorities", s*ee Dkt. 10, p. 3,* should be rejected. Neither of these cases were relied upon or cited in either defendant's summary judgment motion or reply brief, or in this Court's tentative ruling.  Regardless, even assuming plaintiff's speculation about the validity of the TERI guarantee on the Access Group accounts is accurate, those cases still support the conclusion that TERI-guaranteed loans are exempt for discharge under § 523(a)(8)(A)(i).

WHEREFORE, this Court should disregard plaintiff's supplemental authority and enter a final order granting defendants' motion for summary judgment.

Date: May 18, 2020            SESSIONS FISHMAN NATHAN & ISRAEL, L.L.P.

_/s/Debbie P. Kirkpatrick_____
Debbie P. Kirkpatrick
Attorney for Defendants
National Collegiate Student Loan Trust 2006-1,
National Collegiate Student Loan Trust 2006-4,
National Collegiate Student Loan Trust 2007-4
(erroneously sued as National Collegiate Student
Loan Trust 2007-1)